## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### CASE NO.:  1:23-cv-1823

DOMINIC GWINN,

                Plaintiff,

v.

CITY OF CHICAGO, and DAVID O'NEAL
BROWN,

                Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DOMINIC GWINN by and through his undersigned counsel, brings this Complaint against Defendants CHICAGO POLICE DEPARTMENT and DAVID O'NEAL BROWN for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.      Plaintiff DOMINIC GWINN ("Gwinn") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Gwinn's original copyrighted Work of authorship.

2.      Plaintiff DOMINIC GWINN ("Gwinn") is a freelance photojournalist who has been working in the news industry for over a decade. Gwinn holds two degrees: an Associate's Degree in Communication from Montgomery College in Rockville, MD, and a Bachelor's Degree in Journalism from Roosevelt University in Chicago, IL. While obtaining his Bachelor's, Gwinn worked for an on-call transcription service where his daily clients ranged from the White House, the U.S. House of Representatives, the U.S. Senate, the U.S. Library of Congress, the United States Department of Defense, the United States State Department, the Center for

Strategic and International Studies, the Brookings Institution, the Council on Foreign Relations, the Republican National Committee, the Democratic National Committee, the Commission on Presidential Debates, as well as multiple news outlets, including ABC, CBS, NBC, FOX, FOX News, CNN and MSNBC. Over the years Gwinn's photo and video work has included multiple US presidents, vice presidents, state officials, political campaigns at the national and local levels, domestic and international conflicts, gun violence and human rights abuse. His works appears in news outlets all over the world, including but not limited to the Associated Press, National Public Radio, the Washington Post, the Wall Street Journal, USA Today, and Germany's state-owned news service, Deutsche Welle.

3.      At all times relevant herein, Gwinn operated the account on Twitter.com with the username @DominicGwinn (the "Gwinn Twitter Page").

4.      Defendant CITY OF CHICAGO ("City") a municipality organized and operating under the statutes of the State of Illinois. It is authorized to operate the Chicago Police Department ("CPD"), which acts as City's agent for municipal law enforcement, and for which City is ultimately responsible. At all times relevant herein, City operated the account on YouTube.com with the username @ChicagoPoliceNews (the "City YouTube Page").

5.      Defendant DAVID O'NEAL BROWN ("Brown"), at the times relevant to this matter, was the Superintendent of the CPD. At all times relevant to this matter, Brown was employed by CPD, for which he promulgated rules, regulations, policies, and procedures at CPD. Brown is responsible for managing all operations at CPD. At all times relevant herein, Brown operated the account on Twitter.com with the username @ChiefDavidBrown (the "Brown Twitter Page").

6.      Defendant City and Defendant Brown are herein collectively referred to as the "Defendants."

7.      Gwinn alleges that the Defendants unlawfully copied Gwinn's copyrighted Work from the internet in connection with, and in order to promote and further their law enforcement activities.   Gwinn further alleges that the Defendants knowingly removed his attribution from the Work in connection with their unauthorized distribution of the Work to third parties.

## JURISDICTION AND VENUE

8.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10.     Defendants are subject to personal jurisdiction in Illinois.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12.     Defendant City of Chicago is a municipality with its principal place of business at City Hall, 121 N. LaSalle Street, Chicago, Illinois 60602.  City can be served by serving its Registered Agent at the same address.

13.     Defendant David O'Neal Brown, at all times relevant herein, was the Superintendent of the Chicago Police Department and may be served through his place of business at the Chicago Police Department, Public Safety Headquarters Building, 3510 South Michigan Avenue, Chicago, IL 60653.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

## THE COPYRIGHTED WORK AT ISSUE

14.     In July 2020, when historic protests were common across the United States and tensions between police officers and the public demonstrators were high, Plaintiff Gwinn explored the streets of Chicago to capture photographs and video clips of the demonstrations and the events occurring on the streets of the city.  This sometimes resulted in Gwinn finding himself in the middle of altercations between law enforcement and protestors on the streets.  One such altercation occurred at Grant Park on July 17, 2020, when Gwinn captured video file name "VID_20200717_192612" showing Chicago Police Department officers surrounded at the Columbus statute and being bombarded by bottles and other items thrown at them by the protesting crowd (in its entirety and distinct clips from the video are both referred to herein as the "Work").  A screenshot of the Work is shown in part here:



15. After capturing the Work, Gwinn uploaded it to the Gwinn Twitter Page where he was documenting the protests he saw that day.

16. Gwinn's reproduction and display on the Gwinn Twitter Page included an attribution to him in the form of his name directly adjacent to the Work as it appeared on his Twitter page, as shown in part here:



17. Soon after posting the Work to the Gwinn Twitter Page, Gwinn began receiving communications from local and national news reporters, seeking authorization to use his footage in their reporting on the protests and demonstrations in Chicago.

18. Gwinn offered the reporters a limited license to display portions of the Work.

19.     Soon Gwinn registered the Work with the Register of Copyrights on September 10, 2020 and was assigned the registration number PA 2-255-761.  The Certificate of Registration is attached hereto as Exhibit 1.

20.     Plaintiff Gwinn's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.  The Work in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique. As such, the Work qualifies as subject matter protectable under the Copyright Act.

21.     At all relevant times Gwinn was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

22.     On or around July 20, 2020, Defendant Brown held a press conference to describe the violence against CPD officers during the protests and demonstrations in Chicago.  At this press conference, Defendants reproduced and displayed the Work in connection with their law enforcement activities, and Defendant Brown explained that Defendants needed to figure out how to get the videos shown to reporters so that they could be used in media reporting.

23.     Neither ever defendant contacted Gwinn to seek a license for use of the Work.

24.     That same day, Defendants reproduced the Work on the City YouTube Page, both as part of its press conference from earlier in the day, but also as raw footage displayed and made available for third parties to use without restriction at https://www.youtube.com/watch?v=QtxLhprBpDk (the press conference) and https://www.youtube.com/watch?v=RT8fJB7ZuFc (the raw footage)[1].

---

[1] After Plaintiff Gwinn contacted the Defendants about these issues, the press conference video was removed from the City YouTube page, but can still be seen at third party links such as https://www.nbcchicago.com/news/local/cpd-releases-new-video-of-friday-protest-says-mob-

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

25.     Defendant Brown also posted a portion of the Work on the Brown Twitter Page, pointing viewers to the City YouTube page for the full video, as can still be seen as of the date of this filing at https://twitter.com/ChiefDavidBrown/status/1285263026304675840.

26.     Through the press conference and the posting of the Work on the City YouTube Page and the Brown Twitter Page, Defendants actively encouraged third parties to access the Work, reproduce the Work, display the Work, and distribute the Work to report on the violence of the Chicago demonstrations and protests.

27.     Neither of the Defendants have ever been authorized or licensed to reproduce, display, distribute, or make derivative works of the Work for any purpose.

28.     Defendant City's reproduction and display of the Work on the City YouTube Page did not include any attribution to Plaintiff Gwinn.

29.     Defendant City's distributions of the Work through the City YouTube Page did not include any attribution to Plaintiff Gwinn.

30.     Defendant Brown's reproduction and display of the Work on the Brown Twitter Page did not include any attribution to Plaintiff Gwinn.

31.     Defendant City's distributions of the Work through the City YouTube Page did not include any attribution to Plaintiff Gwinn.

32.     Later that day, local news outlets reported on the Defendants' press conference and the video released to the public which included a portion of the Work.

---

action-injured-49-officers/2307965/. Additionally, the raw footage from the City YouTube Page was edited to remove the Work from the initially uploaded video, but can still be seen through third party reproductions of the Defendants' display at third party links such as https://www.youtube.com/watch?v=mc-5jZtS4I4.

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

33.     None of these subsequent reports attributed the Work to Plaintiff Gwinn, but instead referred to the Work, among other descriptions, as "CPD Footage," (https://www.youtube.com/watch?v=AIqlMtmpKq8), "video provided by CPD," (https://www.youtube.com/watch?v=mc-5jZtS4I4), and "Chicago Police Video," (https://www.youtube.com/watch?v=leNaiDSK3EY).  An example of this downstream watermarking and attribution is shown in part here:



34.     Plaintiff Gwinn subsequently discovered the Work being displayed on multiple local and national media platforms, including but not limited to multiple political websites, WGN, the Chicago Tribune, Fox News, Redstate.com, Breitbart.com, and even the United States House of Representatives Judiciary Committee.

35.     None of the subsequent downstream uses attributed the Work to Plaintiff Gwinn.

36.     The Defendants each committed direct copyright infringement of the Work and were responsible for downstream infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

37.     Gwinn notified the Defendants of the allegations set forth herein on September 22, 2020.  To date, the parties have not been able to resolve the matter.

38.     When the Defendants copied and displayed the Work, they removed Gwinn's copyright management information from the Work.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

39.     When the Defendants distributed Gwinn's Work, they did not include any

attribution to Gwinn.

40.     Gwinn never gave either of the Defendants permission or authority to remove

copyright management information from the Work.

## COUNT I
## COPYRIGHT INFRINGEMENT

41.     Gwinn incorporates the allegations of paragraphs 1 through 40 of this Complaint

as if fully set forth herein.

42.     Gwinn owns a valid copyright in the Work.

43.     Gwinn registered the Work with the Register of Copyrights pursuant to 17 U.S.C.

§ 411(a).

44.     The Defendants accessed the Work from the Gwinn Twitter Page.

45.     The Defendants copied, displayed, and distributed the Work at issue in this case

and made derivatives of the Work without Gwinn's authorization in violation of 17 U.S.C. § 501.

46.     The Defendants performed the acts alleged in the course and scope of their

business activities.

47.     The Defendants' acts were willful.

48.     Gwinn has been damaged.

49.     The harm caused to Gwinn has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

50.     Gwinn incorporates the allegations of paragraphs 1 through 40 of this Complaint

as if fully set forth herein.

51.     The Work at issue in this case contains copyright management information ("CMI") in the form of Plaintiff's name conveyed in connection with Plaintiff Gwinn's posting of the Work on the Gwinn Twitter Page.

52.     The Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b) by removing Plaintiff Gwinn's attribution conveyed in connection with the Work.

53.     By posting the Work to the City YouTube Page and the Brown Twitter Page and encouraging its distribution to third parties without including the CMI, the Defendants distributed and publicly performed copies of the Work knowing that copyright management information had been removed without authority of Plaintiff Gwinn or the law.

54.     The Defendants did not make any effort to include Plaintiff Gwinn's attribution with its displays or distributions of the Work.

55.     The Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Plaintiff Gwinn's rights in the Work protected under the Copyright Act.

56.     The Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that the omission of Plaintiff Gwinn's attribution would induce, enable, facilitate or conceal infringement of Gwinn's rights in the Work protected under the Copyright Act.

57.     Gwinn has been damaged.

58.     The harm caused to Gwinn has been irreparable.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

WHEREFORE, Plaintiff Dominic Gwinn prays for judgment against Defendants City of Chicago and David O'Neal Brown that:

a.      Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1203;

b.      Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.      Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Plaintiff be awarded pre- and post-judgment interest; and

e.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: March 23, 2023                    Respectfully submitted,


*/s/Joel B. Rothman*
JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21310 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

and

11
**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

YANLING JIANG
Illinois Bar Number: 6309336
yanling@jiangip.com

**JIANGIP LLC**
33 West Jackson Boulevard
#2W
Chicago, IL 60604
603.857.8077 – Telephone


*Counsel for Plaintiff Dominic Gwinn*