UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DISTRICT

| | |
|---|---|
| DOMINIC GWINN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, and DAVID O'NEAL BROWN,<br><br>　　　　Defendants. | CASE NO.: 1:23-cv-01823<br><br>Judge: Hon. Jeremy C. Daniel |

**PLAINTIFF'S NOTICE OF ELECTION OF STATUTORY DAMAGES AND MEMORANDUM OF LAW IN SUPPORT OF REQUESTED DAMAGES**

Pursuant to this Court's March 31, 2025, Memorandum Opinion and Order (DE 55, the "Order"), Plaintiff DOMINIC GWINN ("Gwinn") notifies this Court that he will seek statutory damages under 17 U.S.C. §§ 504 and 1203 for the copyright infringement and removal of copyright management information ("CMI") claims at issue in this action. In its Order, the Court found Defendant CITY OF CHICAGO (the "City") liable for copyright infringement of Gwinn's 102-second video (the "Work"), as well as the removal of Gwinn's CMI and the distribution of the Work knowing that the CMI had been removed. Order, pp. 12 and 16. The Court asked Gwinn to provide supplemental briefing of the damages sought for these claims, and in response, Gwinn shows the Court as follows:

**I.　Gwinn seeks maximum statutory damages for the City's willful copyright infringement of his Work.**

It is well established in the Seventh Circuit that "courts enjoy wide discretion in determining statutory damages figures under § 504(b), and are not required to follow any rigid formula. Courts may consider factors such as the difficulty or impossibility of proving actual

1

damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Nat'l Examining Bd. of Ocularists v. Adkins*, No. 22-cv-6550, 2024 U.S. Dist. LEXIS 84862, at *12 (N.D. Ill. Apr. 29, 2024) (quotations omitted), *citing Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224 (7th Cir. 1991). "Moreover, when the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Chi-Boy Music*, 930 F.2d at 1229-30. Willful infringement occurs where a defendant "knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2018 U.S. Dist. LEXIS 128187, at *5 (N.D. Ill., July 31, 2018), citing *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994).

The Court granted summary judgment on Count I of the Complaint, in which Gwinn asserted willful infringement. DE 1, the "Complaint," at ¶¶ 41-49. The willfulness of the infringement is supported by undisputed facts that the City obtained the Work with actual knowledge that it belonged to Gwinn, but then displayed and distributed the Work without Gwinn's authorization to do so. DE 33, ¶¶ 5, 33, 44, and 56. In other words, the City knew that Gwinn was the copyright owner, and knew that its actions were infringing. Yet it acted anyways. At minimum, by not even attempting to communicate with Gwinn prior to its use, the City acted with a reckless disregard to Gwinn's rights. The infringement was willful.

Maximum statutory damages are appropriate here considering both the City's state of mind in accessing and copying the Work without authorization, as well as the breadth of the infringement itself. Not only did the City reproduce the Work and display it in a public forum by showing it as part of the July 20 press conference, but it also chose to distribute the Work without authorization to major media outlets, individuals in the Chicago Aldermanic Wards,

Illinois State Representatives, and Illinois State Senators. DE 33-13. In documents produced to Gwinn during this litigation, the City showed that the distribution lists used to distribute the Work contained email addresses for over four hundred and thirty email recipients, all with the instructions "[p]lease click on the link below to access the video of Grant Park which was shown at today's press conference with Superintendent Brown. This link will work for anyone." *Id*. The distribution was broad, unlimited in scope, and further transferable. These actions destroyed the marketplace for Gwinn's ability to market the Work, as the Work was distributed for free to his potential clients. The City effectively treated the Work as if it was its own, as if Gwinn had sold his exclusive rights to it prior to the distribution. This kind of copyright buyout for an otherwise valuable work can easily exceed tens of thousands of dollars but is difficult to assess.

Further, maximum statutory damages are supported by the Seventh Circuit's guidance to use statutory damages "to penalize the infringer and to deter future violations." *Chi-Boy Music*, 930 F.2d at 1229-30. The Seventh Circuit, aligned with courts around the country, recognizes that the wealth of a defendant is relevant to the deterrent effect of a damages award. *See, e.g., Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 485 (7th Cir. 2003) ("sizeable award . . . is both suitable and necessary to punish and deter a corporation of this size"); and *United States EEOC v. AIC Sec. Investigations*, 55 F.3d 1276, 1287 (7th Cir. 1995) (explaining that a $150,000 damage amount was "suitable and necessary" to deter a corporation with annual revenues of "several million dollars"). *See also Swinton v. Potomac Corp.*, 270 F.3d 794, 818-19 (9th Cir. 2001) (punitive damages award was not out-of-line with defendant's net worth); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1068 (8th Cir. 1997) (same); *Ciner Manufacturing Co., Inc. v. S.M. Gold Fashion Manufacturing Co., Inc.*, 1996 U.S. Dist. LEXIS 20858 (S.D.N.Y. 1996) at *3-4 (court determined statutory damages, noting its decision had to have some factual basis such as

the defendant's sales or size). A large defendant requires higher damages to dissuade and deter both it and similarly situated entities from future infringing activity.

Here, enhanced damages are necessary to deter the City from future infringements. The City of Chicago reports its annual budget publicly, and online.[1] The Budget shows that the City has a proposed 2025 budget of $17.3 billion. Budget, at p. 29. The Budget shows that the Chicago Police Department has a proposed 2025 budget of nearly $2.1 billion. *Id*. at pp. 112-113. The Budget shows that the City earmarked $51.5 million in 2025 for "costs associated with routine settlements and judgments." *Id*. at p. 175. Ultimately, with these budgets and money set aside to routinely pay judgments like this one, even a maximum statutory damage award of $150,000 is not likely to be significant enough to truly deter the City from infringing actions like this in the future, but it is the most that the Copyright Act allows, and the best Gwinn can do.

Based on the City's reckless actions, the scope of the infringing activity, and the damage amounts needed to dissuade and deter such a large defendant, an award of maximum statutory damages of $150,000 for the copyright infringement of the Work is warranted and should be awarded.

II.     **Gwinn seeks maximum statutory damages for each of three violations of 17 U.S.C. 1202(b).**

This Court recognizes distinct violations under section 1202(b)(1) for the removal of CMI, and section 1202(b)(3) for distribution of a Work knowing that CMI has been removed. *GC2 Inc. v. Int'l Game Tech.*, 391 F. Supp. 3d 828, 850-51 (N.D. Ill. 2019) (upholding award of 696 violations of section 1202(b) for both removal of CMI and multiple distributions). Defendants are liable for removal of Gwinn's CMI. DE 55, p. 16. The City also admits that it

---

[1] See https://www.chicago.gov/content/dam/city/depts/obm/supp_info/2025Budget/2025-Overview-DIGITAL.pdf. (The "Budget").

emailed the Work to various news outlets and uploaded the Work to its YouTube channel. DE 33, ¶¶ 44, 52. The City knew it had removed Gwinn's CMI prior to the distributions. These acts constitute at least two additional and distinct counts of violations under 1202(b)(3).

Courts assess the range of statutory damages available in 17 U.S.C. § 1203(c)(3) similarly to statutory damages under section 504 for copyright infringement. *See, e.g. Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019) ("Much like in the determination of statutory damages for copyright infringement, courts typically assess the 'circumstances of the violation' and willfulness of the violation); *Agence France Presse v. Morel*, No. 10-cv-2730 (AJN), 2014 U.S. Dist. LEXIS 112436, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014); *Propet USA, Inc. v. Shugart*, No. 06-cv-186, 2007 U.S. Dist. LEXIS 94979, 2007 WL 4376201, at *5 (W.D. Wash. Dec. 13, 2007); and *Stockart.com, LLC v. Engle*, No. 10-cv-588, 2011 U.S. Dist. LEXIS 20470, 2011 WL 10894610, at *14 (D. Colo. Feb. 18, 2011). Accordingly, the same factors that drove the damages analysis above (willfulness, scope of harm, and significant need for deterrence against a large entity) also apply here and are incorporated by reference.

Based on the City's reckless actions, the broad scope of the infringing activity, and the significant damage amounts needed to dissuade and deter such a large defendant, separate awards of maximum statutory damages for each of the three violations of section 1202(b) are warranted and should be awarded, totaling $75,000.

### III. Gwinn seeks recovery of attorneys' fees and costs.

The Copyright Act and DMCA both allow for the recovery of attorney's fees and costs to a prevailing party. 17 U.S.C. §§ 505 and 1203(b)(4-5). Gwinn prevailed in his claims against the City. Should the Court grant these fees and costs and request an accounting of the hours

spent by his counsel and the costs of litigation incurred to date, Gwinn will provide the necessary records of such.

**IV.      Gwinn seeks a jury trial for any disputed amount of statutory damages.**

"[T]he Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 355, 118 S. Ct. 1279, 1288 (1998). Should any material dispute arise as to the damages sought herein, including amount of damages awarded under either section 1203 or 504, or the total number of violations of section 1202(b), Gwinn requests a jury trial to resolve such disputes to determine the total amount of damages that should be awarded. This is consistent with the Seventh Circuit's interpretation of *Feltner*. *See BMG Music v. Gonzalez*, 430 F.3d 888, 892-93 (7th Cir. 2005) ("We read Feltner as establishing no more (and no less) than that cases under § 504(c) are normal civil actions subject to the normal allocation of functions between judge and jury. When there is a material dispute of fact to be resolved or discretion to be exercised in selecting a financial award, then either side is entitled to a jury; if there is no material dispute and a rule of law eliminates discretion in selecting the remedy, then summary judgment is permissible").

DATED: April 18, 2025                           Respectfully submitted,

                                                */s/Evan A. Andersen*
                                                EVAN A. ANDERSEN
                                                GA Bar Number: 377422 (admitted *pro hac vice*)
                                                Evan.andersen@sriplaw.com

                                                **SRIPLAW, P.A.**
                                                3355 Lenox Road NE
                                                Suite 750
                                                Atlanta, GA 30326
                                                470.598.0800 – Telephone
                                                561.404.4353 – Facsimile

6

JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21310 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

Yanling Jiang
Yi Bu
**JiangIP LLC**
33 West Jackson Boulevard, Ste 200
Chicago, IL 60604
630-733-9483
Email: yanling@jiangip.com
Email: ybu@jiangip.com

*Counsel for Plaintiff Dominic Gwinn*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing *Plaintiff's Notice of Election of Statutory Damages and Memorandum of Law In Support of Requested Damages* upon the following counsel of record by means of the Court's electronic case filing system:

>Joseph F. Schmidt
>Sophie E. Honeyman
>**TAFT STETTINIUS & HOLLISTER LLP**
>111 E. Wacker Dr., Ste. 2600
>Chicago, Illinois 606061
>(312) 527-4000
>jschmidt@taftlaw.com
>shoneyman@taftlaw.com

Dated: April 18, 2025          Respectfully submitted,

                              */s/ Evan A. Andersen*
                              EVAN A. ANDERSEN