UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DISTRICT

| | |
|---|---|
| DOMINIC GWINN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, and DAVID O'NEAL BROWN,<br><br>　　　　Defendants. | CASE NO.: 1:23-cv-01823<br><br>Judge: Hon. Jeremy C. Daniel |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MEMORANDUM OF LAW
IN SUPPORT OF REQUESTED DAMAGES**

Defendants filed a Response to Plaintiff's Notice of Election of Statutory Damages (DE 57, the "Response"), arguing that Plaintiff Gwinn's damages should be limited to the statutory minimum of $750 for the direct copyright infringement claim and $2,500 per violation of the Digital Millenium Copyright Act. Defendants reach these minimal numbers by ignoring findings of the Court and undisputed factual evidence in the record, and their recommendations should be ignored and disregarded in the damages analysis by this Court.

I.　　**Defendants fail to account for either Plaintiff's copyright management information or their hundreds of unauthorized distributions in their calculations of damages for copyright infringement.**

In their Response, Defendants seek to re-write the factual record and minimize the impact of their actions on Gwinn. Specifically, the Response focuses on the lack of attribution embedded *within* the Work as Gwinn posted it on Twitter, ignoring the Court's finding that Gwinn's username on the Twitter posting constitutes copyright management information ("CMI"). Then, when looking at what damages occurred, Defendants refuse to acknowledge the mass distribution of the Work to major media outlets, individuals in the Chicago Aldermanic

1

Wards, Illinois State Representatives, and Illinois State Senators. DE 33-13. The combination of Defendant's efforts results in a constructed narrative wherein Defendant City of Chicago ("City") had no way to know that the use was unauthorized, and that the actual use of the Work was minimal. Neither the Court's findings in the Order nor the factual record support this falsified narrative.

Despite Defendants' characterization otherwise, the Court's Memorandum Opinion and Order (DE 55, the "Order") did not specify whether or not the copyright infringement by City was willful. "In the Seventh Circuit, a finding of willfulness is justified if the infringer knows that its conduct is an infringement **or if the infringer has acted in reckless disregard of the copyright owner's right[s]**." *Richardson v. Kharbouch*, No. 19 C 02321, 2023 U.S. Dist. LEXIS 54994, 2023 WL 2711480, at *13 (N.D.Ill. Mar. 30, 2023), *quoting Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511-12 (7th Cir. 1994) (emphasis added). To push back against willfulness, Defendants describe how the Work, as published on Gwinn's Twitter page, did not include CMI embedded within the Work itself, that "it was not obvious that Plaintiff's Tweet constituted copyrighted material." Response, p. 1. But there is no recognition in the Response about the Court's finding in the Order that "Gwinn's username and actual name appearing at the top of the tweet containing the Work is 'information conveyed in connection with' the Work, analogous to a gutter credit," and finding that Gwinn's publication of the Work accordingly contained copyright management information. Order, p. 14.

This Court previously explained that when CMI is present, a defendant's ignoring of that notice constitutes willful activity as either a reckless disregard to the copyright owner's rights or a willful blindness to the illegality of its actions. *See, e.g. Ali v. Final Call, Inc.*, 289 F. Supp. 3d 863, 868 (N.D. Ill. 2017) ("[a]lthough evidence that notice had been accorded to the alleged

2

infringer before the specific acts found to have constituted infringement occurred is **perhaps the most persuasive evidence of willfulness**, it is not the only way that willfulness can be established. Rather, because one who undertakes a course of infringing conduct may neither sneer in the face of a copyright owner nor hide its head in the sand like an ostrich, courts may consider a variety of other factors when evaluating willfulness, **including evidence that the defendant ignored the plaintiff's notices about copyright protection**"), citing *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1021 (7th Cir. 1991) and *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 512 (7th Cir. 1994) (internal quotations omitted, emphasis added). With Gwinn's CMI conveyed in connection with the Work, Defendants had actual notice as to Gwinn's copyright protection but chose not to make any effort to communicate with him prior to displaying and broadly distributing the Work without authorization. The law places the burden on potential end-users to pay attention to notices around copyrighted works found online, rather than allowing non-action in the face of those notices. Defendants failed this burden in refusing to acknowledge or respect Gwinn's copyright notice, and this behavior constitutes willful infringement and justifies enhanced statutory damages.

  Further, City's removal of the Work from its YouTube page after notice by Gwinn does not counterbalance its initial reckless disregard of Gwinn's rights in and to the Work. "Moreover, though the Court considers that [the defendant] ceased its infringing activities before receiving notice of the Temporary Restraining Order, this does not outweigh the willful infringement." *Bartels v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, No. 23 C 3755, 2024 U.S. Dist. LEXIS 57029, at *12 (N.D. Ill. Mar. 29, 2024), *citing Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002) ("The fact that a criminal does not persist in committing crimes after he's indicted doesn't argue strongly in his favor"). While City

3

may have taken the Work down after notice of the infringement, the significant damage had already been done through its display and broad distribution of the Work. Removal of the Work from City's YouTube page is about as minimal of an effort to retroactively mitigate the damages as could possibly be imagined or expected. This after-the-fact remedy does not push back against a finding of willfulness.

Finally, to assess the applicable statutory damages, Defendants point to a license that Gwinn offered to news media outlets for single, one-time uses. Defendants frame this $250 amount as "the cost of the licensing fee Defendants would have paid Plaintiff," but fail to consider City's broad and free distribution of the Work which effectively destroyed Gwinn's opportunity or market to sell licenses of the Work to the media in the present or future. Defendants do not point to any license offered by Gwinn as including this kind of unlimited use or broad distribution right, nor could they. Gwinn never offered any such license. In fact, the value of this kind of license fee far exceeds the limited one-time use license Defendants rely on. A direct apples-to-apples comparison of these licenses is improper, unfair to Plaintiff, and stands out as a clear attempt to re-write the facts of what happened in this matter.

One way to get closer to an acceptable license fee for what occurred would be to apply the $250 license fee to each of the distributions made by City of Chicago. With over 430 recipients of Defendant City of Chicago's distributions, the actual total value of the licenses granted exceeds $100,000. But even this comparison is not exactly right, as the licenses improperly granted to the email recipients by City were unlimited in scope and allowed further distribution by those recipients. It is impossible to know how far City actually distributed the Work, or how many downstream recipients believed that they had a license to display the Work thanks to City. A three-times multiplier added to this limited actual damage number for the

actions taken by City far exceeds the $150,000 maximum statutory damages requested by Plaintiff. The maximum statutory damages are proper in this matter, for the reasons stated herein as well as those stated in Gwinn's initial Notice.

## II. Defendants ignore the Court's holdings in the Order in their calculations of damages for removal of copyright information and subsequent distribution.

Defendants employ multiple examples of odd logic in defending their actions in removing Gwinn's CMI. First, Defendants argue that after City stripped Gwinn's CMI from the Work, that the Work no longer had CMI. And because the Work as subsequently downloaded by City had no CMI, Defendants argue that "there is no evidence that the City removed CMI from the Work." Response, p. 4. Not only do the Defendants ignore the Court's finding that Gwinn's username constituted CMI, but also the straightforward holding that "there is no material dispute that the City stripped the Work of CMI when its employees inserted the Work into the Compilation." Order, at p. 16. The Defendants' argument is nonsensical, illogical, and flies in the face of the Court's Order. It should be ignored in its entirety.

Similarly, Defendants' argument that Gwinn's calculation for maximum statutory damages for the section 1202 claims "is inappropriate considering the circumstances of the violation and Defendants' fair use defense," should be disregarded in its entirety. The Court held that "[t]he defendants' use of Gwinn's Work was not fair use." Order, at p. 12. With no fair use defense present, Plaintiff is not obligated to consider Defendants' fair use defense as impacting the damages. City's arguments to limit damages under section 1203 simply make no logical sense.

## III. Defendants should have assumed that website usernames constitute CMI.

Finally, Defendants point to the fact that this Court reviewed the question of a username as CMI for the first time as rationale to limit damages and not award costs or attorney's fees.

But the Court's analysis did point to case law in the Southern District of New York as well as other matters and statutes which supported its findings. While Defendants argue that "City had no reason to believe that the Tweet from which the Work was downloaded constituted CMI," Response, p. 3, a review of the case law and statutes regarding the question points to the same conclusion the Court reached, with no law anywhere in the country suggesting otherwise.

      The bottom line here is that City recklessly disregarded the fact that Gwinn's name was next to the Work where they found it. City made no effort to contact Gwinn, nor did it take any action to determine whether its planned use of the Work without Gwinn's attribution or permission was legally allowed. Instead, City was willfully blind to its legal responsibilities, all to the detriment and cost of Gwinn. This behavior should not be rewarded with either a reduction of damages for any of City's actions, or a refusal to award Gwinn his fees for needing to litigate this matter to this point to establish those damages. City should be held accountable for its refusal to accept responsibility for its actions.

DATED: May 16, 2025                  Respectfully submitted,

*/s/Evan A. Andersen*
EVAN A. ANDERSEN
GA Bar Number: 377422 (admitted *pro hac vice*)
Evan.andersen@sriplaw.com

**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**

6

21310 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

Yanling Jiang
Yi Bu
**JiangIP LLC**
33 West Jackson Boulevard, Ste 200
Chicago, IL 60604
630-733-9483
Email: yanling@jiangip.com
Email: ybu@jiangip.com

*Counsel for Plaintiff Dominic Gwinn*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing *Plaintiff's Reply in Support of His Memorandum of Law in Support of Requested Damages* upon the following counsel of record by means of the Court's electronic case filing system:

    Joseph F. Schmidt
    Sophie E. Honeyman
    **TAFT STETTINIUS & HOLLISTER LLP**
    111 E. Wacker Dr., Ste. 2600
    Chicago, Illinois 606061
    (312) 527-4000
    jschmidt@taftlaw.com
    shoneyman@taftlaw.com

Dated: May 16, 2025                        Respectfully submitted,

                                                          */s/ Evan A. Andersen*
                                                          EVAN A. ANDERSEN