IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC GWINN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-1823 |
| | ) | |
| v. | ) | Hon. Jeremy C. Daniel |
| | ) | |
| CITY OF CHICAGO *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's July 9, 2025 Minute Entry, (Dkt. 61), the parties respectfully submit the following joint status report:

1.      After the Court ordered supplemental briefing on damages, (Dkt. 55 at 16-17), Plaintiff elected statutory damages and seeks maximum damages in the amount of $150,000 as to Count I; maximum damages for three violations in the total amount of $75,000 as to Count II; and attorneys' fees and costs. (Dkt. 56). In response, Defendants argued that maximum damages are not appropriate on either Count. (Dkt. 57). Rather, Defendants request damages be limited to $750 as to Count I and $7,500 as to Count II. (*Id.*). Because Plaintiff has requested a jury trial for any disputed amount of statutory damages, the Court is setting the matter for jury trial on damages. (Dkt. 61).

2.      **Plaintiff's Position on the Length of Trial:** Plaintiff anticipates presenting Mr. Gwinn. Plaintiff believes that direct on Mr. Gwinn will last one hour. Unless the parties cannot agree on admissibility or authenticity of exhibits and a records custodian of the Chicago Police Department is needed to testify, Mr. Gwinn is anticipated to be Plaintiff's only witness. As a result, Plaintiff believes in good faith that the trial can be concluded in one day.

3.      **Defendants' Position on the Length of Trial:** Defendants respectfully anticipate a jury trial on damages will last approximately two-to-three days, with the exact length depending on Defendants' witnesses which have not yet been finalized. Defendants may call up to five witnesses. Defendants will call Plaintiff Dominic Gwinn as an adverse witness, and further expect to call CPD Detective Kevin Bruno and CPD Director of the Office of News Affairs and Communications Don Terry. Defendants may also call Bob Boik and Mike Chiocca, each former employees of CPD. Defendants are also willing to attempt stipulate certain facts and documents as Plaintiff proposes, but Defendants do not believe such a stipulation can be accomplished by July 28, 2025.

4.      **Plaintiff's Position on the Dates for Trial:** Plaintiff is available for trial on either July 28, 2025, or October 6, 2025. Plaintiff does not believe that the fact that one of the attorneys for Defendant has a settlement conference in another case on July 29 should impact the trial of this case. Plaintiff is also available on the other dates proposed by Defendants below but prefers to proceed on July 28, 2025.

5.      **Defendants' Position on the Dates for Trial:** Defendants are, respectfully, not available for a trial starting on July 28, 2025. Defendants' counsel, Ms. Honeyman, is involved in a previously-scheduled settlement conference before Magistrate Judge Gilbert on July 29, 2025 that is expected to last all day. Given that Defendants anticipate the jury trial to last at least 2 days, a trial beginning on July 28, 2025 would be unworkable for Defendants' counsel. Defendants are also not available for a trial starting on October 6, 2025, as Ms. Honeyman will be on her honeymoon at that time. Defendants respectfully and in good faith propose the following alternative dates for a jury trial to begin, on which Defendants and their counsel are available:

       a.  August 18, 2025;

       b.  September 8, 2025;

       c.  September 15, 2025;

       d.  October 20, 2025; and

       e.  October 27, 2025.

6.      **Defendant's Motion to Vacate/Amend:** As an additional matter, Defendants previously notified Plaintiff and the Court of their intent to file a motion to vacate or amend the Court's summary judgment order. *See* (Dkt. 57 at n.3). That motion has since been filed, (Dkts. 62-63), and has been noticed for presentment on July 23, 2025, (Dkt. 64). The motion is relevant to the scope of damages and it is Defendants' position that the motion should therefore be resolved prior to presenting the damages issue to a jury. Defendants disagree with Plaintiff's characterization of the motion as provided below.

7.      **Plaintiff's Position on Defendant's Motion Filed at ECF 62-63:** The Defendants' newly-filed motion strongly suggests that the Defendants do not understand the facts concerning what the Work at issue is, what copyright management information is, or the purpose of CMI.  The memorandum of law supporting the motion says that "Plaintiff's tweet is not part of the copyrighted Work." It also says "the Work itself does not contain CMI" because when Defendants obtained the deposit material from the copyright office "the video footage does not contain CMI."

Defendants are ignorant about these things because Defendants never took Plaintiff's deposition. Plaintiff would have explained the reasons why the Defendants are misinformed if they had deposed him. But Defendants failed to do so.

CMI is not registered with a copyrighted work. There is no registration requirement for CMI at all. Rather, CMI is added by authors to works when published or publicly displayed to identify the work as the author's and to discourage infringement.

The Defendants apparently looked for CMI in the deposit material for Plaintiff's registration. The Defendants found no CMI there. Not surprising; Plaintiff added his CMI to the work when he distributed the work, including on Twitter.  That CMI was removed by Defendants when they displayed the Work and remained absent upon the wide distribution of the Work to the public.

There is no legal basis to require the inclusion of CMI when a work is registered. And, as noted, if the Defendants had taken the deposition of Plaintiff then he would have explained that to the Defendants.

This is ground the Court already covered in its Order granting Plaintiff summary judgment. There is no "new" or "newly discovered" evidence. The deposit material was at the Copyright Office for years before the Defendants finally got around to paying for a copy after the close of discovery. Defendants received the deposit material about a year ago. The deposit material shows exactly what Plaintiff described in his discovery responses.

The Motion should be denied outright to avoid the waste of additional resources on unnecessary briefing of an issue that defendants intentionally neglected by not fully engaging in discovery. If not denied outright, Plaintiff will file a response in opposition.

DATED: July 16, 2025                     Respectfully submitted,

                                         **CITY OF CHICAGO and DAVID O'NEAL BROWN**

                                         By: */s/ Sophie E. Honeyman*
                                         One of Their Attorneys

Joseph F. Schmidt (ARDC # 2492180)
Sophie E. Honeyman (ARDC # 6343417)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E. Wacker Dr., Ste. 2600
Chicago, Illinois 606061
(312) 527-4000
jschmidt@taftlaw.com
shoneyman@taftlaw.com

*Counsel for Defendants City of Chicago and David O'Neal Brown*

4

DATED: July 16, 2025                    Respectfully submitted,

                                        **DOMINIC GWINN**

                                        By: */s/ Evan A. Andersen (with permission)*
                                        One of His Attorneys

Evan A. Andersen
**SRIPLAW, P.A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470-598-0800
Fax: 561-404-4353
Evan.andersen@sriplaw.com

Joel Benjamin Rothman
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561-404-4350
Fax: 561-404-4353
joel.rothman@sriplaw.com

Yanling Jiang
**JiangIP LLC**
33 West Jackson Boulevard
Ste 200
60604
Chicago, IL 60604
630-733-9483
yanling@jiangip.com

Yi Bu
**JiangIP LLC**
33 West Jackson Boulevard
Unit #2W
Chicago, IL 60604
262.729.3628
ybu@jiangip.com

*Counsel for Plaintiff Dominic Gwinn*