IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIC GWINN, ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-1823 |
| ) | |
| v. ) | Hon. Jeremy C. Daniel |
| ) | |
| CITY OF CHICAGO *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTIONS IN *LIMINE***

Defendants, the City of Chicago and David O'Neal Brown, by and through their undersigned counsel, and pursuant to the Court's July 17, 2025 Minute Entry (Dkt. 66) and the Court's broad discretion, *see Walrus Brands, LLC v. Peaches Uniforms, Inc.*, 2018 WL 11453555, at *1 (N.D. Ill. Apr. 23, 2018) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)), hereby respectfully submit the following motions in *limine*. Counsel for the parties met and conferred in good faith on August 1, 2025, and the following motions are opposed.

1. **DEFENDANTS' MOTION IN *LIMINE* TO EXCLUDE DAMAGES EVIDENCE NOT PREVIOUSLY DISCLOSED PURSUANT TO RULE 26.**

At the outset of a case, a federal litigant must disclose "a computation of each category of damages claimed," and must also "make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also Pittsfield Dev., LLC v. City of Chi.*, 2021 WL 8314423, at *6 (N.D. Ill. Nov. 15, 2021) ("A party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations.") (cleaned up). As the case proceeds, litigants are further obligated to supplement or correct their disclosures and discovery responses in a timely

1

manner, and certainly before the close of discovery. Fed. R. Civ. P. 26(e)(1)(A). To ensure compliance with these discovery requirements, Rule 37(c)(1) provides, in pertinent part: "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required under Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 2022 WL 22412619, at *1 (N.D. Ill. Aug. 19, 2022) ("Failure to comply with [Rule 26's] requirements results in an 'automatic and mandatory' sanction of exclusion pursuant to Rule 37, unless the noncompliant party shows that the violation 'was either justified or harmless.'") (citations omitted). As the Seventh Circuit has observed, "compliance with the disclosure rules 'should be a priority—not something brushed off as tedious or unimportant . . . .'" *Chicago Joe's*, 2022 WL 22412619, at *2 (quoting *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020)).

Here, Plaintiff served his Rule 26(a)(1) disclosures on June 27, 2023, a true and accurate copy of which is attached as **Exhibit A**. With respect to damages, Plaintiff's disclosures state, in full, as follows:

> Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Plaintiff will make available for inspection a computation of any categories of damages.
>
> Plaintiff has not completed his computation of the damages his [sic] may claim in this action. Plaintiff requires additional discovery in order to determine the full extent of the infringement before Plaintiff can produce a computation of his damages. Damages are continuing. Plaintiff reserves the right to supplement this response in the future.

(Ex. A at 4). Plaintiff's disclosures did not include any of the information required by Rule 26(a)(1)(A)(iii). Further, Plaintiff did not update, supplement, or amend his disclosures at any point in this litigation.

The appropriate sanction is for the Court to exclude all evidence of damages not disclosed in compliance with Rule 26. Fed. R. Civ. P. 37(c)(1). *See Chicago Joe's*, 2022 WL 22412619, at *3; *Pittsfield Dev.*, 2021 WL 8314423, at *6; *I&M Rail Link, LLC v.*

2

*Northstar Nav., Inc.*, 2001 WL 460028, at *3 (N.D. Ill. Apr. 27, 2001) (granting motion in *limine* to exclude damages, documents, and witnesses not timely disclosed); *Agence France Presse v. Morel*, 293 F.R.D. 682 (S.D.N.Y. 2013) (granting motion in limine to hold plaintiff to arguing the theory of damages he disclosed to defendants where plaintiff had not updated Rule 26 disclosures); *Quirin v. Lorillard Tobacco Co.*, 2015 WL 13883090, at *4 (N.D. Ill. Jan. 23, 2015) (litigants "may not raise new evidence at trial that was not previously disclosed"); *Fox-Martin v. Cnty. of Cook*, 2010 WL 4136174, at *2 (N.D. Ill. Oct. 18, 2010) (granting motion in *limine* to bar use of "any witnesses, documents, or other information not disclosed pursuant to Fed. R. Civ. P. 26 and 37"). Here, that means all evidence of damages should be excluded since Plaintiff failed to disclose any evidence or calculation of damages whatsoever. Defendants therefore respectfully request that the Court grant Defendants' Motion in *Limine* No. 1 and exclude all evidence of damages not previously disclosed pursuant to Rule 26.

**2. DEFENDANTS' MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF FROM ARGUING WILLFUL INFRINGEMENT WITHOUT EVIDENTIARY SUPPORT.**

The Copyright Act authorizes statutory damages for copyright infringement ranging from $750 to $30,000 with respect to any one work. 17 U.S.C. § 504(c)(1). The jury may increase the award up to $150,000 if the plaintiff proves the infringement was willful, and may decrease the award to $200 if the defendant proves its infringement was innocent. *Id.* § 504(c)(2). An infringement is willful only "if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). The statutory maximum of $150,000 for willful infringement is "reserved for the most egregious forms of infringement." *Energizer Brands, LLC v. Camelion Battery Co. Ltd.*, 2017 WL 6813689, at *2 (N.D. Ill. Oct. 10, 2017); *Reilly v. Commerce,* 2016 WL 6837895, at *8 (S.D.N.Y. Oct. 31, 2016); *see also Myeress v. Elite Travel Grp. USA*, 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) ("[N]ot

3

all willful conduct constitutes the kind of truly egregious conduct that justifies maximum damages.").

This is not the type of case where, for example, Plaintiff asked Defendants to cease their activities and Defendants continued the infringement anyway. Indeed, evidence that notice had been accorded to and ignored by the alleged infringer "is perhaps the most persuasive evidence of willfulness." *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991). Yet, no such notice occurred in this case. To the contrary, the undisputed evidence shows that as soon as Plaintiff informed Defendants of their potentially infringing conduct on September 22, 2020 (despite Plaintiff being aware that the Work used at the Press Conference the day it occurred on July 20, 2020), Defendants immediately removed the Compilation, including the Work, from the City's YouTube page. (Compl. ¶ 24 n.1; Dkt. 32 at 7; Dkt. 33 ¶¶ 48, 51). Indeed, the Court found "there is no evidence to suggest the defendants were not acting in good faith at the June 20 press conference." (Dkt. 55 at 8). The Court also found that Defendants' "use of the Work was non-commercial" and that "the Work by its nature is more factual than creative." (*Id.* at 8-9). These findings negate any suggestion that Defendants acted willfully or with reckless disregard to Plaintiff's copyright, especially in light of Defendants' fair use arguments. Increasing the range of statutory damages is not appropriate here. *See Myeress*, 2018 WL 5961424, at *3 ("Cases where high statutory damages are awarded typically involve defendants who profit significantly despite repeated notices that they are infringing on the plaintiff's copyright."). Without any evidence-based explanation, allowing Plaintiff to argue willfulness at trial would amount to impermissible *post hoc* argumentation, which the Court has already precluded. *See* (Dkt. 55 at 11). Defendants therefore respectfully request that the Court grant Defendants' Motion in *Limine* No. 2 and preclude Plaintiff from arguing willfulness without evidentiary support.

4

**3. DEFENDANTS' MOTION IN *LIMINE* TO EXCLUDE ARGUMENTS CONCERNING THE NUMBER OF RECIPIENTS OF DEFENDANTS' JULY 20, 2020 EMAIL.**

The DMCA entitles a plaintiff to recover statutory damages ranging from $2,500 to $25,000 per violation. 17 U.S.C. § 1203(c)(3)(B). The Northern District of Illinois follows the *McClatchey* rule, holding that "the term 'each violation' is best understood to mean 'each violative act performed by Defendant'—not the number of ultimate recipients via download." *GC2 Inc. v. Int'l Game Tech.,* 2018 WL 5921315, at *8 (N.D. Ill. Nov. 12, 2018) (quoting *McClatchy v. Associated Press*, 2007 WL 1630261, at *6 (W.D. Pa. June 4, 2007)). "In other words, it is the actions of the defendant that matter, not the number of times that users of the defendant's website or application download or see the violative material during use of the website or app." *Id.* Further, the DMCA "imposes liability for violations by a defendant, not a third party." *Id.* Thus, "a violator who posts an altered image to a news feed (or, presumably, to Twitter or Instagram), thereby delivering it directly to multiple recipients, is nonetheless deemed to have committed a single violation of the DMCA." *Reilly*, 2016 WL 6837895, at *11.

With the above in mind, the Court should preclude Plaintiff from making arguments concerning the number of recipients of Defendants' July 20, 2020 email. *See* (Dkt. 56 at 3) (arguing Defendants distributed the Work to "over four hundred and thirty email recipients."). A true and accurate copy of Defendants' July 20, 2020 email, produced as CITY000107, is attached hereto as **Exhibit B**. The number of recipients of the July 20, 2020 email is irrelevant to the damages calculation, *Reilly*, 2016 WL 6837895, at *11, and would only be misleading and prejudicial to Defendants if presented to a jury. *See* Fed. R. Evid. 401-03. The only relevant part of this evidence is that an email including a link to access the Compilation, which included the Work, was sent. Underscoring the specific number of recipients of the email would be unduly prejudicial to Defendants, as it would only confuse and mislead the jury, and could result in the jury making an award based on improper reasons. Defendants therefore respectfully request

5

that the Court grant Defendants' Motion in *Limine* No. 3 and exclude any arguments about or discussion of the number of recipients of Defendants' July 20, 2020 email.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the foregoing Motions in *Limine,* and grant Defendants all further relief the Court deems appropriate.

DATED: August 4, 2025

Respectfully submitted,

**CITY OF CHICAGO and DAVID O'NEAL BROWN**

By: */s/ Sophie E. Honeyman*
One of Their Attorneys

Joseph F. Schmidt (ARDC # 2492180)
Sophie E. Honeyman (ARDC # 6343417)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E. Wacker Dr., Ste. 2600
Chicago, Illinois 606061
(312) 527-4000
jschmidt@taftlaw.com
shoneyman@taftlaw.com

*Counsel for Defendants City of Chicago and David O'Neal Brown*

174535330v5

6