UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

CASE NO.: 1:23-CV-01823-JCD

DOMINIC GWINN,

    Plaintiff,

v.

CITY OF CHICAGO AND DAVID O'NEAL BROWN,

    Defendants.

## PLAINTIFF DOMINIC GWINN'S
## MOTIONS IN LIMINE TO EXCLUDE EVIDENCE

  NOW COMES Plaintiff DOMINIC GWINN by and through his undersigned counsel, and respectfully moves this Court for an order *in limine* instructing Defendants CITY OF CHICAGO and DAVID O'NEAL BROWN, through their attorneys, to refrain from mentioning, referring to, interrogating regarding, and attempting to convey before the jury, at any time during these proceedings in any manner, either directly or indirectly, any document, testimony, or other evidence regarding (1) whether Gwinn's copyrighted video (the "Video") included copyright management information when it was deposited with the Copyright Office; (2) Plaintiff Gwinn's prior use of watermarks in other copyrighted works; (3) Defendants' affirmative defense of fair use; (4) Defendants' affirmative defense / mitigating factor of innocent infringement; and (5) Defendants' affirmative defense of laches. This Motion is based on the memorandum of points and authorities herein, all pleadings, records, and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this Motion. This Motion is made following the conference of counsel which took place on August 1, 2025, where Plaintiff

requested that Defendants stipulated to avoiding documents, testimony, or evidence regarding these topics during the trial. Defendants objected to all of Plaintiff's proposed stipulations.

I. **Introduction**

Defendants infringed on Plaintiff's registered video of an encounter between police officers and protesters in Chicago, Illinois, in June 2020. [ECF 55, p. 12]. Defendants accessed Plaintiff's copyrighted work from his Twitter account where Plaintiff uploaded it in connection with his username, "@DominicGwinn." *Id*. at 3. Defendants downloaded the video, reproduced and displayed the video as part of a press conference, then distributed the video to the public. *Id*. When Defendants downloaded the video from Plaintiff's Twitter account, they failed to include the username from the Twitter account or any attribution to Gwinn whatsoever, and instead added the logo of the Chicago Police Department to the beginning and end of the compilation which included Plaintiff's video. *Id*.

The Court found Defendants liable for these actions at summary judgment, holding both Defendants liable for copyright infringement, and Defendant City of Chicago liable for violations of the Digital Millennium Copyright Act ("DMCA"). *Id*. at 12 and 16. The only remaining issues for trial are the amount of damages for each of the Counts in the Complaint. *Id*. at 16-17.

After summary judgment Defendants indicated that they intend to discuss issues at trial which speak not to the amount of damages at issue, but to Defendants' liability. [ECF 63, 65]. Discussing these issues before the jury is not only irrelevant to the amount of damages at issue but also meant to confuse and mislead the jury as to what factors should be considered when determining the amount of damages. Further, these irrelevant issues include any assertions

regarding the Defendants' affirmative defenses, the substance of which were decided at summary judgment, and which should not be further discussed before the jury.

## II. Legal Standard

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *See* Fed. R. Evid. Rule 401. "The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. Rule 403. Motions in limine may be used to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## III. Argument

1. **Plaintiff's Motion to Exclude any mention or evidence of whether the Video at issue included copyright management information when it was deposited with the Copyright Office.**

After the close of the fact discovery period, Defendants requested records from the U.S. Copyright Office to obtain the deposit materials included with Plaintiff's registration of the Video. After the Court's summary judgment Order over a year later, Defendants filed a Motion to Vacate the Court's Order based entirely on an argument that the lack of copyright management information ("CMI") on the deposit copy of the Video would somehow negate a violation of 17 U.S.C. § 1202(b). [ECF 63, at p. 7-11]. No law supports this absurd contention.

Plaintiff's Response to the Motion to Vacate, due this Wednesday, will show that this argument is legally incorrect and illogical on its face, and establishes that Defendants do not

understand the facts concerning Gwinn's display of the Work, what CMI is or how it works, or the purpose of CMI altogether.

Courts around the country have held that "the DMCA defines CMI as information 'conveyed in connection with copies' of a work -- it does [not] require the CMI to appear on the work itself." *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011) (quoting 17 U.S.C. § 1202(c)). The attribution "need not be on the Photograph or present in the Photograph's metadata to constitute protected CMI." *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019). This fits with this Court's holding in the summary judgment Order that "[n]othing requires the CMI be affixed to, as opposed to appearing near, a copy of a work . . . Gwinn's username and actual name appearing at the top of the tweet containing the Work is 'information conveyed in connection with' the Work." [ECF 55, p. 14].

Nor is it a prerequisite for a 1202(b) violation that a copyright owner include CMI on the deposit copy of a work. In fact, the only mentions of "CMI" or "watermarks" in the official registration guidance from the U.S. Copyright Office is that copies of submitted serials, newspapers, and newsletters should "be viewable and searchable, and they must **be free of any** access restrictions, such as password protection, **watermarks**, or other Digital Rights Management (DRM)." *Compendium of U.S. Copyright Office Practices* §§ 1107.5(A), 1108.5(A)(2), and 1109.5(A) (3d ed. 2021) (emphasis added). In other words, the only guidance the Copyright Office provides is that CMI should not be included on deposit materials. There is no other mention of copyright management information or watermarks throughout the entire Compendium, nor any requirement they be included on deposited materials.

Instead, CMI is used to provide the public with notice that a published or publicly displayed work is protected by copyright, to provide information about how to contact that

copyright owner, or to provide licensing information about the copyrighted work. *Textile Secrets Int'l, Inc. v. Ya-Ya Brand, Inc.*, 524 F. Supp. 2d 1184, 1199 (C.D. Cal. 2007) (explaining Congressional intent in creating the DMCA, that "[t]he purpose of [CMI] is to facilitate licensing of copyright for use on the Internet and to discourage piracy"). CMI is *meant* to be added to works at any time, including before or after registration, and separate from the registration process. In fact, copyright registration is not even a prerequisite for a 1202(b) claim. *See, e.g. Diamondback Indus. v. Repeat Precision, LLC*, No. 4:18-CV-902-A, 2019 U.S. Dist. LEXIS 193637, at *4 (N.D. Tex. Nov. 7, 2019) (denying motion to dismiss, gathering cases and explaining that registration is not a prerequisite for a 1202(b) claim).

Defendants fail to provide any law suggesting that CMI is required to be included on registration deposit materials for a 1202(b) claim to be valid. No such law exists. Such a holding would fly in the face of the entire purpose of the DMCA and a copyright owner's use of CMI.

Ultimately, it is entirely irrelevant whether Gwinn's deposit copy of the Video included any CMI when he registered it with the Copyright Office. If discussed at trial, this information would only serve to confuse or mislead the jury to infer that Gwinn had not taken some necessary step to protect his Video, when the opposite is true. As the Court held, Gwinn properly included CMI with his Video in the form of his username next to the Video as displayed on his Twitter page. This username is the CMI that matters for this case, as this is the CMI that Defendants removed when they copied, displayed, and distributed the Video without authorization. Needlessly complicating DMCA law and technical standards will only serve to prejudice Plaintiff by confusing the issues, misleading the jury, and wasting time on an issue

which carries no weight regarding the amount of damages, in violation of Fed. R. Evid. Rule 403.

This evidence would not be admissible for any purpose. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *limine* #1 and exclude all documents, testimony, and other evidence regarding whether Gwinn's Video included CMI on the deposit copy when it was registered with the U.S. Copyright Office.

**2. Plaintiff's Motion to Exclude any mention or evidence of Plaintiff Gwinn's prior use of watermarks in other works.**

Copyright owners have the exclusive right to determine the circumstances surrounding how and when each of their works are reproduced, displayed, distributed, and edited. 17 U.S.C. § 106. This includes the exclusive right to determine the manner of display and publication of their works, including whether copyright management information is conveyed on, near, or in connection with that work.

The protections of the Copyright Act and the Digital Millennium Copyright Act are not conditioned or dependent on prior similar behavior. Copyright owners are allowed to license rights to some works but not others, are allowed to display some works but not others, and apply watermarks or copyright management information to some works and not others. These are the choices exclusively given to copyright owners in Section 106.

Defendants stated in their Motion for Summary Judgment that "[o]n other occasions, Plaintiff has used watermarks for content he posted on Twitter." [ECF 32, p. 2]. So what? Whether or not Gwinn previously used watermarks on other videos uploaded to Twitter is entirely irrelevant to whether his use of CMI with his display of the Video on Twitter was proper. As the Court held, the Video included CMI, and Defendants knowingly removed it prior

to their unauthorized reproduction, display, and distributions. [ECF 55, p. 14-16]. This has nothing to do with Gwinn's other videos or photographs posted to Twitter.

If discussed at trial, this information would only serve to confuse or mislead the jury to infer that Gwinn had not taken some necessary step to protect his Video, when the opposite is true. As the Court held, Gwinn properly included CMI with his Video in the form of his username next to the Video as displayed on his Twitter page. This username is the CMI that matters for this case, as this is the CMI that Defendants removed when they copied, displayed, and distributed the Video without authorization. Needlessly complicating DMCA law and technical standards will only serve to prejudice Plaintiff by confusing the issues, misleading the jury, and wasting time on an issue which carries no weight regarding the amount of damages, in violation of Fed. R. Evid. Rule 403.

This evidence would not be admissible for any purpose. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *limine* #2 and exclude all documents, testimony, and other evidence regarding whether Gwinn included watermarks on other works he posted to Twitter.

3. **Plaintiff's Motion to Exclude any mention or evidence of Defendants' affirmative defense of fair use.**

In its summary judgment Order, the Court proceeded through a thorough an analysis of the four factors of fair use and unambiguously held that "[t]he defendants' use of Gwinn's Work was not fair use." [ECF 55, p. 12]. In fact, regarding the actions of the City, the Court explained that "there is no material dispute that the City's actions have induced, enabled, or facilitated further infringements of Gwinn's copyright in his Work. And the Court has no trouble concluding that the City, the third largest city in the country, had reasonable grounds to know its actions would lead to this result." *Id*. at 16. In other words, the Court's Order establishes that

the unauthorized actions of the City were not fair use, and that it had no reason to believe that the actions were fair use. Defendant City of Chicago knew its actions would induce, enable, or facilitate infringement.

"[O]nce an issue is litigated and decided that should be the end of the matter." *Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005). With the Court's straightforward holding, it is improper to relitigate the question of fair use. Discussion of the fair use defense or any of the fair use factors would serve only to confuse or mislead the jury to infer that Defendants' liability for either the copyright infringement or DMCA violation claims could or should be mitigated by either the chance that the uses might have been fair use, or that either Defendant believed the actions to be a fair use.

Instead, as the Court held, the uses were not fair, and Defendant City of Chicago knew its actions would induce, enable, or facilitate infringement. Allowing testimony, documents, or evidence related to the fair use defense or any of its factors will only serve to prejudice Plaintiff by confusing the issues, misleading the jury, and wasting time on an issue which has already been decided in this matter by this Court, in violation of Fed. R. Evid. Rule 403.

This evidence would not be admissible for any purpose. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *limine* #3 and exclude all documents, testimony, and other evidence regarding Defendants' affirmative defense of fair use.

4. **Plaintiff's Motion to Exclude any mention or evidence of Defendants' affirmative defense / mitigating factor of innocent infringement.**

"The court may reduce statutory damages to a minimum of $200 if the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Bartels v. P'ships & Unincorporated Ass'n Identified on Schedule "A"*, No. 23 C 3755, 2024 U.S. Dist. LEXIS 57029,

at *9-10 (N.D. Ill. Mar. 29, 2024) *citing* 17 U.S.C. § 504(c)(2). When an infringing act is done knowingly, the defense of innocent infringement cannot be used to mitigate damages. *Atl. Recording Corp. v. Visione*, No. 07-CV-2268, 2008 U.S. Dist. LEXIS 34843, at *9 (N.D. Ill. Apr. 29, 2008).

In its summary judgment Order, the Court held that:

> [T]he City admits every fact needed to find it meets the double scienter requirement of § 1202(b) . . . the City stripped the Work of CMI when its employees inserted the Work into the Compilation, and intentionally performed these actions . . . there is no material dispute that the City's actions have induced, enabled, or facilitated further infringements of Gwinn's copyright in his Work. And the Court has no trouble concluding that the City, the third largest city in the country, had reasonable grounds to know its actions would lead to this result . . . the City had a policy of complying with intellectual property rights when posting to social media. The City should have been well aware of the potential consequences of failing to follow its own policy.

[ECF 55, at 14-16]. In other words, the Court's Order establishes that the unauthorized actions of the City were knowing and intentional, meaning that Defendants cannot also be found to be unaware with no reason to believe that their acts constituted an infringement of copyright. It is either one or the other, and the Court has already made its decision here: Defendant City of Chicago's actions were done intentionally and knowingly.

"[O]nce an issue is litigated and decided that should be the end of the matter." *Ienco*, 429 F.3d at 684. With the Court's straightforward holdings, it is improper to relitigate the question of innocent infringement. Discussion of the innocent infringement defense would serve only to confuse or mislead the jury to infer that Defendants' liability for either the copyright infringement or DMCA violation claims could or should be mitigated by the chance that the actions may have been unintentional.

Allowing testimony, documents, or evidence related to the innocent infringement defense will only serve to prejudice Plaintiff by confusing the issues, misleading the jury, and wasting

time on an issue which has already been decided in this matter by this Court, in violation of Fed. R. Evid. Rule 403.

This evidence would not be admissible for any purpose. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *limine* #4 and exclude all documents, testimony, and other evidence regarding Defendants' affirmative defense / mitigating factor of innocent infringement.

**5. Plaintiff's Motion to Exclude any mention or evidence of Defendants' affirmative defense of laches.**

It is well established that "the equitable doctrine of laches is not an available defense in cases which are governed by statutes which contain a limitations period, such as the Copyright Act. 17 U.S.C. § 507(b) (three-year limitations period for civil copyright infringement actions). *Estate of Darger v. Lerner*, 665 F. Supp. 3d 931, 937 (N.D. Ill. 2023), *citing Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678-79, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014) (laches defense not available in copyright infringement cases).

Allowing testimony, documents, or evidence related to the laches defense will only serve to prejudice Plaintiff by confusing the issues, misleading the jury, and wasting time on an issue which is not an available remedy for the issues in this case, in violation of Fed. R. Evid. Rule 403.

This evidence would not be admissible for any purpose. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in *limine* #5 and exclude all documents, testimony, and other evidence regarding Defendants' affirmative defense of laches.

WHEREFORE, Plaintiff DOMINIC GWINN prays this Honorable Court grant the foregoing Motions in *limine*, and for such other and further relief as to this Court deems just and proper in the premises.

Dated: August 4, 2025						Respectfully submitted,

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN
GA Bar Number: 377422
evan.andersen@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

YANLING JIANG
Bar Number: 6309336
yanling@jiangip.com
YI BU
ybu@jiangip.com

**JIANGIP LLC**
33 West Jackson Boulevard, #2W
Chicago, IL  60604
630.733.9483 - Telephone

and

JOEL B. ROTHMAN
FL Bar Number: 98220
joel@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road, Suite 100
Boca Raton, GA 33433
561.404.4335 – Telephone

*Counsel for Plaintiff Dominic Gwinn*