UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

CASE NO.: 1:23-CV-01823-JCD

DOMINIC GWINN,

       Plaintiff,

v.

CITY OF CHICAGO AND DAVID O'NEAL BROWN,

       Defendants.

_____

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO THE CITY'S MOTION TO VACATE AND AMEND THE COURT'S SUMMARY
JUDGMENT ORDER</u>**

Table of Contents

I. Introduction ................................................................................................................... 3

II. Legal Standard ............................................................................................................. 3

III. Argument ..................................................................................................................... 4

    a. The City knew about and possessed the evidence since even before this case was filed and well before the summary judgment was entered. ............................................... 5

    b. The City failed to exercise due diligence by delaying its request for deposit materials until after discovery closed and by failing to depose Gwinn to address alleged uncertainties... 7

    c. The deposit materials are merely cumulative and provide no new information beyond what was already disclosed by Gwinn. ...................................................................... 8

    d. The Court's summary judgment ruling did not rely upon the presence of CMI in the Work itself; therefore, the deposit materials are immaterial. ....................................... 9

    e. Even if the Court were to consider the deposit materials in ruling on the summary judgment motions, it would not change the outcome. ............................................... 11

IV. Conclusion ................................................................................................................. 13

Plaintiff DOMINIC GWINN files this memorandum in opposition to Defendant THE CITY OF CHICAGO's (the "City") Motion to Vacate and Amend the Court's Order on Summary Judgment for Count II. For the following reasons, The City's Motion should be denied in its entirety.

I. **Introduction**

Fact discovery closed in this matter on February 7, 2024, after being extended for 90 days beyond the initial deadline. [ECF 16]. On January 22, 2024, the City indicated to this Court that it had completed its own fact discovery after serving two rounds of discovery requests but not choosing to take Plaintiff's deposition. [ECF 25, p. 1]. Gwinn and the City filed cross motions for summary judgment on April 24, 2024, which were fully briefed by June 14, 2024. [ECF 33-34]. The Court ruled on those motions, finding in favor of Gwinn. [ECF 55]. The City filed its Motion to Vacate the Court's summary judgment Order pursuant to Rule 60(b)(2) on July 15, 2025. [ECF 63, the "Motion"].

II. **Legal Standard**

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. Rule 60(b). "Relief from judgment under Rule 60(b) "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Madero v. McGuinness*, No. 3:20 C 50062, 2025 U.S. Dist. LEXIS 60492, at *5 (N.D. Ill. Mar. 31, 2025) (*citing Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010)).

The Seventh Circuit has articulated five prerequisites that new evidence must satisfy for a movant to obtain relief from judgment under Rule 60(b)(2): (1) the movant only discovered the evidence following the judgment; (2) the movant exercised due diligence to discover the evidence before the judgment; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *Fields v. City of Chicago*, 981 F.3d 534, 554 (7th Cir. 2020) (*citing Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999)).

If any one of these prerequisites is not satisfied, the movant's Rule 60(b)(2) motion must fail. *Jones*, 188 F.3d at 732, *citing In re Wildman*, 859 F.2d 553, 558 (7th Cir. 1988).

**III.     Argument**

The City's Motion fails to mention the prerequisites for a Rule 60(b)(2) motion, instead stating merely that these motions are "addressed to the sound discretion of the district court." Motion, at 6-7, citing *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir. 1983). The City failed to either review each of the prerequisites or make a substantive argument as to why each of them has been met. The City cannot do so; even a cursory review of each of the prerequisites shows that the City has not and cannot meet its burden under Rule 60(b)(2), and so the Motion must fail. Plaintiff reviews each of the prerequisites in turn below.

a. The City knew about and possessed the evidence since even before this case was filed and well before the summary judgment was entered.

A motion under Rule 60(b)(2) seeks to overturn a judgment by the Court because of newly-discovered evidence. There is no newly-discovered evidence here. The evidence the City points to is evidence that existed before the summary judgment. The Motion must be denied.

The City points to the deposit copy of the Work as new evidence. The deposit copy is not new evidence. There is no difference between the deposit copy of the Work, the copy of the Work that the City infringed, and the copy of the Work that Gwinn produced in discovery. The copies are the same.

This information was not new at the time the City received the copy of the Work from the U.S. Copyright office on July 29, 2024. It was not new to the City, and it was not new to the Court. The same copy of the Work was before this court on the City's motion for summary judgment.

The City argues that the deposit material "shows that the Tweet is not part of the Work." Motion, at 1. The City appears to believe that the law requires that CMI be included in material deposited with the copyright office for a plaintiff to assert and succeed on a CMI claim. There is no such requirement.

On August 16, 2023, the City served discovery requests to Gwinn, including Requests for Production, Requests for Admission, and Interrogatories. Gwinn responded to the City's discovery requests on September 15, 2023. [ECF 63-1]. The City's Request for Production #2, and Gwinn's response, read as follows:

> A copy of the "Work" that was filed with or deposited in the U.S. Copyright Office in connection with plaintiff's application for the "Work" that resulted in Copyright Reg. No. PA 2-255-761.
>
> RESPONSE: Plaintiff identifies file GWINN 0001 as responsive to this Request.

*Id*.

Along with his responses, Plaintiff produced a copy of the Work as GWINN 0001, which was and is a true and accurate copy of the Work deposited with the Copyright Office. The City did not object to this response, nor did it ever ask for any additional clarification. The City did not take Plaintiff's deposition. If it had taken plaintiff's deposition, it could have asked about the deposit copy, but it chose not to engage in discovery.

In any event, as of September 15, 2023, the City had actual knowledge that the copy of the Work that was uploaded to the U.S. Copyright Office did not have a visible watermark embedded within the Work. The City also had actual knowledge that no part of Gwinn's Twitter post was deposited with the Work. The City presented GWINN 0001 to the Court as an accurate copy of the Work multiple times in the summary judgment process. [ECF 33-3, 44-3]. However, the City never raised the issue in this Motion before which it could have at any time.

Here, the City had the evidence long before summary judgment. This Court previously denied Rule 60(b)(2) motions under similar fact patterns where parties already had access to the proposed evidence. *See, e.g. Madero*, 2025 U.S. Dist. LEXIS at *7-8 ("None of these exhibits can support a Rule 60(b)(2) motion, as they were available to Madero many months before entry of summary judgment").

The City's receipt of the deposit materials from the U.S. Copyright Office on July 29, 2024, served only to confirm that Gwinn's response to its Request for Production was accurate and true. In the Motion, the City does not describe any differences in the materials received from its request and GWINN 0001 because there are none. Confirmation of evidence already in the City's possession cannot be considered "new" evidence to support a motion under Rule

60(b)(2). Again, if the City wanted to confirm with Gwinn what was uploaded with his registration application, it could have questioned him in a deposition but chose not to do so.

The City discovered that Gwinn's Twitter post was not part of the Work, and that the Work did not have a visible watermark on it as uploaded to the U.S. Copyright Office on September 15, 2023, nearly a year before summary judgment motions were filed by the parties. This fact cannot support vacating this Court's summary judgment order under Rule 60(b)(2). The Motion must be denied.

> b. <u>The City failed to exercise due diligence by delaying its request for deposit materials until after discovery closed and by failing to depose Gwinn to address alleged uncertainties.</u>

As described above, Plaintiff notified the City that the Work, as uploaded to the Copyright Office, was the same as the file produced as GWINN 0001. The City was in possession of this evidence as of September 15, 2023. The City failed to exercise due diligence to discover any new evidence about the Work, failing to act on any doubts it may have had about the deposit materials for almost five months while the discovery period was active. The City sought no additional discovery requests on this topic. The City chose not to depose Gwinn. In fact, the City's request to the Copyright Office for a certified copy of the Work was made on February 8, 2024, one day after the close of an already-extended fact discovery period. [ECF 63-3].

Even if the certified copy of the Work that the City received from the Copyright Office differed in any way from the copy of the Work produced as GWINN 0001, the City's failure to act on obtaining that evidence does not meet the due diligence requirements of Rule 60(b)(2). The City's decisions not to pursue any further discovery on the issue, then wait five months until after the expiration of an already-extended discovery period for any further action do not meet

this burden. *See, e.g. Kough v. Teamsters' Local 301 Pension Plan*, No. 06 C 5235, 2008 U.S. Dist. LEXIS 10037, at *6 (N.D. Ill. Feb. 8, 2008) (denying Rule 60(b)(2) motion where "it seems as though the information would have been eminently discoverable by Plaintiff, had he diligently sought it").

Summary judgment briefing concluded on June 15, 2024, and the City received the certified copy of the Work on July 29, 2024. Only the City's five-month delay in requesting information caused the "new evidence" to be returned after the briefing. The City makes no argument that the information would not have been available if it had sought it earlier, or that there was some reason for a delayed request to the U.S. Copyright Office. The City could have accessed the certified copy of the Work at any time, and there is no excuse for its delay. The bottom line is that the City was not diligent in seeking additional information about the Work; this "new evidence" could have been available for discussion in the summary judgment motions had it simply acted in a timely fashion.

The City's delayed actions did not reveal any "new evidence." But even if it had, there is simply no excuse for the City's failure to seek it sooner. The Motion must be denied.

    c. <u>The deposit materials are merely cumulative and provide no new information beyond what was already disclosed by Gwinn.</u>

The certified copy of the Work received by the City from the Copyright Office provided no new details about the Work that were not already in possession of the City through Gwinn's discovery responses. The City is silent as to any differences between the Work as received from the Copyright Office and the Work as produced as GWINN 0001. There are none – the Copyright Office merely confirmed what Gwinn produced to the City on September 15, 2023.

Even if evidence is discovered after an order or judgment from a court, this Court has not been willing to grant a Rule 60(b)(2) motion where similar statements or evidence were already

on the record. *See, e.g. FTC v. QT, Inc.*, 249 F.R.D. 305, 310 (N.D. Ill. 2008) ("Given the similar statements made in the Defendants' Brief, at oral argument, and in the Second Supplemental Order, the Court finds the statements in the QSF regarding the interest from the frozen accounts are cumulative of record evidence, and cannot qualify as newly discovered under Rule 60(b)(2)"). Such is the case here, where the City specifically asked Gwinn for a copy of what was uploaded "in connection with plaintiff's application for the 'Work' that resulted in Copyright Reg. No. PA 2-255-761," and Gwinn produced GWINN 0001. [ECF 63-1]. Any conclusions drawn by the City related to the copy of the Work received from the Copyright Office were cumulative as to what should have been determined by Gwinn's production of GWINN 0001.

The alleged "new evidence" is cumulative of record evidence. The evidence the City points to in the Motion is not new and cannot support a Rule 60(b)(2) motion. The Motion must be denied.

    d. <u>The Court's summary judgment ruling did not rely upon the presence of CMI in the Work itself; therefore, the deposit materials are immaterial.</u>

The City argues that this "new evidence" showing that the Work did not include CMI as deposited with the Copyright Office "shows that the copyrighted Work does not include any CMI, and thus the City could not have removed CMI in violation of 17 U.S.C. § 1202(b)." Motion, p. 7. But neither Gwinn's legal argument nor the Court's Order on summary judgment rely on the fact that CMI appears on the Work itself. The "new evidence" that the City points to is not material to the claims in this case.

Gwinn's Complaint states that "Gwinn's reproduction and display on the Gwinn Twitter Page included an attribution to him in the form of his name directly adjacent to the Work as it appeared on his Twitter page," and "[t]he Work at issue in this case contains copyright

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

management information ("CMI") in the form of Plaintiff's name conveyed in connection with Plaintiff Gwinn's posting of the Work on the Gwinn Twitter Page." [ECF 1, at ¶¶ 16 and 51]. Gwinn's motion for summary judgement further asserted that "[w]hen Gwinn posted his Work on his Twitter page, it was displayed directly next to his name. Gwinn's name, conveyed next to the Work as displayed online, constitutes CMI," and that "Defendants failed to provide any evidence of the Work available without Gwwinn's [sic] name next to it." [ECF 34-1, at 10-11]. Finally, the Court's Order also focused on Gwinn's username next to the Work on the Twitter post:

> Nothing requires the CMI be affixed to, as opposed to appearing near, a copy of a work. And courts considering the issue have held that photo credits printed near a photograph (known as "gutter credits") qualify as CMI. *See Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 305 (3d Cir. 2011); Mango v. BuzzFeed, Inc., 970 F.3d 167, 172 (2d Cir. 2020). **This Court is persuaded that Gwinn's username and actual name appearing at the top of the tweet containing the Work is "information conveyed in connection with" the Work**, analogous to a gutter credit. Therefore, the tweet qualifies as CMI.

[ECF 55] (emphasis added). In other words, Gwinn asserted that the Twitter username, not any CMI appearing on the Work itself, was the CMI at issue in his 1202(b) claims. And the Court agreed that the Twitter username, not any CMI appearing on the Work itself, was the CMI at issue in Gwinn's 1202(b) claims. Accordingly, whether the Work had any CMI embedded on or within the Work itself when it was uploaded to the Copyright Office is simply not material to either the assertions by Gwinn or the ruling of the Court in this matter.

The City's Motion is merely a strawman argument, taking issue with facts and an argument which were not at issue at any point in these proceedings. It simply does not matter whether the Work had CMI embedded on or within the file itself. This "new evidence" asserted by the City is not material to any of the claims asserted in this matter and cannot support vacating the Court's summary judgment Order under Rule 60(b)(2). The Motion must be denied.

e. <u>Even if the Court were to consider the deposit materials in ruling on the summary judgment motions, it would not change the outcome.</u>

As noted in section (d), *supra*, the alleged "new evidence" asserted by the City would not, even if admitted to the matter now, have any effect on the Court's summary judgment Order. The Court based its ruling on the removal of Gwinn's Twitter username appearing next to the Work, not any other CMI conveyed in connection with the Work. This "new evidence" does not change the fact that Gwinn's username appeared in connection with the Work, or that the City removed that attribution from the Work when it reproduced, displayed, and distributed it without authorization to do so.

The City appears to simply not understand that its removal of Gwinn's username with knowledge and intent, as the Court held, subjects it to liability under 17 U.S.C. 1202(b). This misunderstanding permeates the City's arguments. The City is misguided in thinking that CMI needs to be included with deposit materials upon registration for protections under section 1202(b); it does not. The City is misguided in thinking that Plaintiff's Tweet including the Work needed to be registered with the Copyright Office for protection under section 1202(b); it did not. The City is misguided in its understanding of basic facts related to CMI such as its purpose or when a copyright owner may or may not choose to include CMI with the display or publication of a copyrighted work. In fact, the arguments made in the City's Motion fail to establish any reason that introduction of this "new evidence" to the Court's Order would produce a new result. In fact, the Court's Order is thorough, well-reasoned, and aligns with other courts around the country in holding parties liable for violating section 1202(b) when CMI is intentionally removed from a work.

Finally, the City is misguided in finding this matter analogous to cases where works are embedded on third party websites, converted into thumbnails, or otherwise automatically

processed. For example, embedding is the technical process where "[t]he 'embed' code directs the [third-party] browser to the [host's] servers to retrieve the photo or video, allowing the external website to display the photo or video hosted on [host's] servers." *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1055 (N.D. Cal. 2022). This is very different than what happened here, where the City downloaded a copy of the Work, incorporated it into a separate compilation by combining it with other video footage, then intentionally displayed and distributed that new combined work with the public. These actions by the City have been found to be intentional and knowing, and not part of an automated process. As the Court explained, "there is no material dispute that the City stripped the Work of CMI when its employees inserted the Work into the Compilation, and intentionally performed these actions," that "there is no material dispute that the City's actions have induced, enabled, or facilitated further infringements of Gwinn's copyright in his Work," and that "the City, the third largest city in the country, had reasonable grounds to know its actions would lead to this result." [ECF 55, at 16].

The City's focus on these other cases serves as an inappropriate attempt to re-litigate the holdings of the Court's summary judgment Order. Nothing about whether Gwinn included CMI on the Work when it was uploaded to the Copyright Office change any of the rationale or holdings by the Court.

Even assuming a new trial was allowed because of the certified copy of the Work received from the Copyright Office, the outcome of that trial would still be that the City removed Gwinn's username from next to the Work when it downloaded, displayed, and distributed the Work without authorization to do so, and that such actions were intentional and knowing. The City seeks to relitigate the Court's Order under the guise of some "new evidence" that they believe would affect the outcome. But even if the evidence was new, as the City asserts, it does

nothing to affect the claims at issue and would not produce a new result given a new trial or briefing. The Motion must be denied.

## IV. Conclusion

The Seventh Circuit clearly states five prerequisites for a party to support a motion to vacate a judgment under Rule 60(b)(2). If any one of these prerequisites is not satisfied, the movant's Rule 60(b)(2) motion must fail.

Here, the City fails to establish any of the five prerequisites for a Rule 60(b)(2) motion. The Motion would be denied due to the failure of any of them independently but must be denied in its entirety as the City has wasted this Court's and Plaintiff's time and efforts in needing to respond to a motion that fails on each and every level to establish a rationale for the requested relief.

For the reasons stated above, the City's Motion to Vacate the Court's summary judgment Order fails and should be denied in its entirety.

Dated: August 06, 2025   Respectfully submitted,

/s/ Evan A. Andersen
EVAN A. ANDERSEN
Bar Number: GA 377422
evan.andersen@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Bar Number: FL 98220
joel@sriplaw.com

**SRIPLAW, P. A.**

13
**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

21301 Powerline Road, Suite 100
Boca Raton, GA 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Dominic Gwinn*

Case: 1:23-cv-01823 Document #: 73 Filed: 08/06/25 Page 14 of 14 PageID #:1167