IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC GWINN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-1823 |
| | ) | |
| v. | ) | Hon. Jeremy C. Daniel |
| | ) | |
| CITY OF CHICAGO *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN *LIMINE*

Defendants, the City of Chicago and David O'Neal Brown, by and through their undersigned counsel, hereby respond to Plaintiff's Motions in *Limine* as follows.

### 1. **Defendants' Response to Plaintiff's Motion in *Limine* No. 1**

Plaintiff's Motion in *Limine* No. 1 seeks to "exclude all documents, testimony, and other evidence regarding whether Gwinn's Video included CMI on the deposit copy when it was registered with the U.S. Copyright Office." (Dkt. 70 ("Pl.'s Mot.") at 6). This motion effectively seeks to exclude the copyrighted work that is the subject of this entire dispute. This appears to be yet another tactic by Plaintiff and his counsel to confuse the issues in this case.[1]

Indeed, Plaintiff has consistently misrepresented to the Court what exactly constitutes the work at issue. Plaintiff did not attach "the Work" as an exhibit to his complaint. *See* (Dkt. 1 ("Compl.")). At first, Plaintiff told the Court the work was a video titled "VID_20200717_192612" and presented this "screenshot of the Work:"

---

[1] It's worth noting that, despite Plaintiff's contentions, there is no evidence that "Defendants accessed Plaintiff's copyrighted work *from his Twitter account,*" *see* (Pl.'s Mot. at 2) (emphasis added). In reality, "it is not known from which Twitter page the video was pulled because the video was posted all over social media." (Dkt. 34-6 at 5 (the City's response to Plaintiff's request for admission No. 5)).



(Compl. ¶ 14). But this isn't an accurate screenshot of the work, as supported by the certified records from the U.S. Copyright Office (the "Copyright Records") which Plaintiff refused to provide to Defendants in discovery. As shown by the Copyright Records, the "Work" does not include the text "VID_20200717_19612" on the video footage, nor is this the name of the video footage that was submitted for copyright registration. *See* (Dkt. 63-4 (title of the work is "CHICAGO POLICE ATTACK AT GRANT PARK COLUMBUS STATUTE, 07-17-2020"); Dkt. 63-5 (screenshots of the copyright deposit revealing no text on the video footage itself)).

Later in his complaint, Plaintiff then framed the work as the tweet through which Plaintiff published the video footage to Twitter:



(Compl. ¶ 16). The tweet, however, is also not part of the work itself and is only relevant with respect to the alleged DMCA violations. The Copyright Records are the only evidence in this case that actually constitutes the work at issue. Plaintiff did not attach a copy of the video to his complaint, and he also refused to provide the certified records in discovery. The certified copy of the "work" is plainly relevant—it is the center of this case. *See* Fed. R. Evid. 401. The certified records from the Copyright Office must be admitted at trial to evidence the work at issue and the scope of the copyright.

Beyond that, Plaintiff's arguments miss the mark. Defendants do not argue, despite Plaintiff's contentions otherwise, that "CMI is required to be included on registration deposit materials for a 1202(b) claim to be valid." *See* (Pl.'s Mot. at 5). This argument, if it was made (it wasn't), would go to liability, not damages. Instead, the point is that the video footage did not include any CMI directly on the work itself, and no other CMI is conveyed in connection with the work other than Plaintiff's Twitter handle and username (the "Twitter CMI"), which does not attach to the work upon download as a consequence of Twitter's functions. Nonetheless, Plaintiff claims "it is entirely irrelevant whether

Gwinn's deposit copy of the Video included any CMI when he registered it with the Copyright Office." (*Id.*). What's relevant is that, outside of the Twitter CMI, the video itself does not contain any other CMI. The best evidence of this is the certified Copyright Records.

Plaintiff argues these facts "would only serve to confuse or mislead the jury to infer that Gwinn had not taken some necessary step to protect his Video." (*Id.*). Plaintiff is wrong. At no point have Defendants argued that Plaintiff failed to take "some necessary step." Plaintiff did, however, make a choice not to include a watermark or any other CMI on the video itself when posting it on Twitter. This is a factual consideration of which the jury must be made aware. Indeed, in assessing statutory damages, a jury may consider, among other factors, "the circumstances of the infringement," *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991); "the conduct and attitude of the parties," *Hebenstreit Trustee of Estate for Bell v. Merchants Bank of Ind.*, 2021 WL 3810342, at *2 (S.D. Ind. Aug. 26, 2021) (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)); and "evidence that the defendant ignored the plaintiff's notices about copyright protection," *Ali v. Final Call, Inc.*, 289 F. Supp. 3d 863, 868 (N.D. Ill. 2017) (quoting *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 512 (7th Cir. 1994)). The Copyright Records are implicated by each of these factors. Indeed, the Copyright Records—showing the scope of the copyright and the fact that the video footage does not contain CMI when viewed outside of the tweet—give the jury important insight into the circumstances of the infringement, Plaintiff's conduct when choosing to publicly post the video, and the lack of a copyright notice at the time of Defendants' use. Moreover, Plaintiff is seeking maximum statutory damages for willful violations. Defendants are entitled to present evidence to refute Plaintiff's willfulness arguments, which includes the Copyright Records. Excluding the Copyright Records and any discussion of the fact that the work does not contain CMI outside of the tweet would unduly prejudice Defendants.

Plaintiff's unsupported assertion that "[t]his evidence would not be admissible for any purpose," (Pl.'s Mot. at 6), is simply wrong. The Copyright Records are admissible as

4

uncontestable proof of the work at issue and the scope of the copyright underlying this case. This is relevant and appropriate evidence for the jury to consider. Fed. R. Evid. 401. For these reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion in *Limine* No. 1.

### 2. **Defendants' Response to Plaintiff's Motion in *Limine* No. 2**

Plaintiff's Motion in *Limine* No. 2 seeks to "exclude all documents, testimony, and other evidence regarding whether Gwinn included watermarks on other works he posted to Twitter." (Pl.'s Mot. at 7). Plaintiff's motion should be denied. The fact that Plaintiff chose not to add a watermark to the video footage posted to Twitter is highly relevant to the jury's determination of damages, especially when considering that Plaintiff has, in fact, utilized watermarks on content he posted to Twitter in the past. *See* (**Exhibit A**) (true and accurate copies of documents produced as CITY000065-69, showing Plaintiff's prior use of watermarks on content posted to Twitter). Fed. R. Evid. 401.

There is no rigid formula to follow when awarding statutory damages. *Kinsey v. Jambow, Ltd.*, 76 F. Supp. 3d 708, 711 (N.D. Ill. 2014) (citing *Chi-Boy*, 930 F.2d 1224, 1229-30 (7th Cir. 1991)). Instead, the jury "may consider various factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Id.* (citing *Chi-Boy*, 930 F.2d at 1229-30). The jury may also consider "a variety of other factors when evaluating willfulness, including 'evidence that the defendant ignored the plaintiff's notices about copyright protection.'" *Ali*, 289 F. Supp. 3d at 868 (quoting *Wildlife*, 18 F.3d at 512); *see also McDermott v. Kalita Mukul Creative Inc.*, 757 F. Supp. 3d 301, 312 (E.D.N.Y. 2024) (when determining whether to award enhanced statutory damages for willful copyright infringement, the jury may also consider "whether the infringer was on notice that the copyrighted work was protected," and "whether the infringer had received warnings of the infringements"). The permissible range of statutory damages may be reduced to as little as $200 where the infringer proves

it "was not aware and had no reason to believe that [its] acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2).

The fact that Plaintiff chose not to include a watermark on the video footage posted to Twitter is highly relevant to the statutory damages calculation, especially in light of the fact that Plaintiff chose to include watermarks on other content he posted to Twitter. Fed. R. Evid. 401. Indeed, use of a watermark signals the content is copyrighted. *See Bartels*, 2024 WL 1363579, at *4. Plaintiff's Twitter account demonstrates Plaintiff's frequent use of watermarks. Plaintiff's choice not to use a watermark on the video footage at issue is relevant to the jury's calculation of damages, since it shows that Plaintiff could have, but did not, put the world on notice that his video was copyrighted. The fact that Plaintiff did not use a watermark on the video footage supports Defendants' arguments that they had no reason to know the video was copyrighted. *See* 17 U.S.C. § 504(c)(2); *Ali*, 289 F. Supp. 3d at 868 (quoting *Wildlife*, 18 F.3d at 512); *McDermott*, 757 F. Supp. 3d at 312. This evidence is clearly admissible, relevant, and appropriate for the jury to consider when determining the amount of statutory damages to award. Indeed, Plaintiff is seeking maximum statutory damages for willful violations, and Defendants are entitled to present evidence to refute Plaintiff's willfulness arguments. This includes evidence of Plaintiff's use of watermarks. Excluding any discussion of Plaintiff's use of watermarks would unduly prejudice Defendants. For these reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion in *Limine* No. 2.

### 3. **Defendants' Response to Plaintiff's Motion in *Limine* No. 3**

Plaintiff's Motion in *Limine* No. 3 seeks to "exclude all documents, testimony, and other evidence regarding Defendants' affirmative defense of fair use." (Pl.'s Mot. at 8). The Court should reject this motion.

Plaintiff quotes from the Court's summary judgment Order in an attempt to argue "it is improper to relitigate the question of fair use." (*Id.* at 7-8 (quoting Dkt. 55 at 16)). But the language Plaintiff quotes is from the Court's holding as to the DMCA, *not* copyright infringement. Plaintiff's inaccurate attributions and attempts to misguide the

Court should be rejected. And, despite Plaintiff's attempted rewriting of history, the Court's fair use holding was not a wash for Plaintiff. Instead, the Court found that Defendants' "use of the Work was non-commercial, and there is no evidence to suggest the defendants were not acting in good faith at the June 20 press conference," and that these factors weighed in favor of fair use. (Dkt. 55 at 8). The Court also found that "the Work by its nature is more factual than creative," and thus "the nature of the Work weighs in favor of fair use." (*Id.* at 9). Evidence of Defendants' fair use defense is relevant and should not be excluded. Fed. R. Evid. 401.

Defendants do not seek to "relitigate the question of fair use," but Defendants are entitled to demonstrate that they had good faith beliefs they were permitted to use the video found on Twitter pursuant to the fair use defense. The fact that Defendants believed their use was fair is highly relevant to the jury's assessment of damages, since this goes to "the circumstances of the infringement," *Chi-Boy*, 930 F.2d at 1229-30, and "the conduct and attitude of the parties," *Hebenstreit*, 2021 WL 3810342, at *2 (citing *Bryant*, 603 F.3d at 144). Defendants' fair use defense is also highly relevant to whether the infringement was innocent or willful, since it evidences that Defendants did not believe their conduct constituted copyright infringement. 17 U.S.C. § 504(c)(2). Simply put, Defendants' fair use defense goes to their state of mind at the time of the infringement, and "state of mind is relevant to the determination of damages." *Microsoft Corp. v. V3 Solutions, Inc.*, 2003 WL 22038593, at *9 (N.D. Ill. Aug. 28, 2003) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986)); *see also Columbia Pictures Indust., Inc. v. Zakarian*, 1991 WL 93889, at *5 (N.D. Ill. May 28, 1991) (infringer's state of mind "crucial to the willfulness determination"); *Flava Works, Inc. v. Means*, 2016 WL 11943008, at *1 (N.D. Ill. Dec. 9, 2016).

In fact, at least one court in a similar situation denied a plaintiff's motion to exclude evidence of fair use, explaining as follows:

> Because the court . . . found Rushton to be liable for copyright infringement, evidence that the elements copied from Nunes's novel constituted fair use cannot be offered for the purpose of avoiding liability. But evidence of fair

> use may be relevant to another issue: whether the infringement was willful. If Rushton reasonably believed that she did not infringe Nunes's copyright because her actions fell within the fair use exception, her infringement would not be willful. Evidence of fair use would be highly probative of Rushton's willfulness under this scenario.

*Nunes v. Rushton*, 2018 WL 2214593, at *4 (D. Utah May 14, 2018); *see also Enterprise Mgmt. Ltd., Inc. v. Construx Software Builders, Inc.*, 2021 WL 12256389, at *8 (W.D. Wash. Nov. 19, 2021) (requested exclusion of entire fair use defense and any reference to fair use "not properly raised in a motion in limine"). The same reasoning applies here. Defendants' fair use defense is admissible, relevant, and appropriate for the jury to consider when determining the amount of statutory damages to award, especially when considering whether Defendants' infringement was innocent or willful. Fed. R. Evid. 401. Excluding evidence and discussion at trial of Defendants' fair use defense would only result in undue prejudice to Defendants.

Plaintiff's sole reliance on *Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005), is misplaced. *Ienco* was a § 1983 case involving malicious prosecution and alleged violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* The court's statement that "once an issue is litigated and decided that should be the end of the matter" has no applicability to whether Defendants may present their fair use defense to the jury. Rather, the court explained that "[t]he issue of whether [the plaintiff's] false arrest was time-barred was never litigated before the district court or this court. As a result, this is a situation where the law of the case doctrine does not apply." *Id.* As the Seventh Circuit later explained, *Ienco* is merely "grounded in traditional notions of what is required for a fair trial, including the *Brady* right to be given exculpatory material." *Wallace v. City of Chi.*, 440 F.3d 421, 429 (7th Cir. 2006). *Ienco* has no applicability here.

Defendants do not seek to have the jury "relitigate" fair use. However, the fact that Defendants relied on their belief that their use of Plaintiff's video was fair is an exceedingly critical consideration for the jury. For these reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion in *Limine* No. 3.

**4. Defendants' Response to Plaintiff's Motion in *Limine* No. 4**

Plaintiff's Motion in *Limine* No. 4 seeks to "exclude all documents, testimony, and other evidence regarding Defendants' affirmative defenses / mitigating factor of innocent infringement." (Pl.'s Mot. at 10). The Court should deny this motion.

As an initial point, Plaintiff tries to support his arguments by citing from the Court's summary judgment Order but, again, cites language regarding the DMCA, not copyright infringement. (*Id.* at 9 (citing Dkt. 55 at 14-16)). Plaintiff's repeated attempts to misguide the Court should be rejected. Along the same lines, Plaintiff's reliance on *Ienco*, 429 F.3d at 684, is again misplaced and inapplicable.

Moreover, Plaintiff does not identify the specific evidence he seeks to exclude, and the Court should deny Plaintiff's Motion in *Limine* No. 4 on this ground alone. *See Nunes*, 2018 WL 2214593, at *4 (where, in copyright case, plaintiff sought to exclude evidence supporting defendant's affirmative defenses but did not identify "precisely what evidence []he wishes to exclude," court was unable to evaluate the motion and thus denied it); *see also Enterprise*, 2021 WL 12256389, at *8 (motions in limine appropriate with respect to "specific pieces of evidence," not categorical exclusions); *Unicolors, Inc. v. H & M Hennes & Mauritz, L.P.*, 2017 WL 11489792, at *4 (C.D. Cal. Nov. 15, 2017) (same); *Classical Silk, Inc. v. Dolan Grp., Inc.*, 2016 WL 7638112, at *6 (C.D. Cal. Mar. 21, 2016) ("Motions in limine to exclude broad categories of evidence are usually improper."); *see also, e.g.*, *Loop LLC v. CDK Global, LLC*, 2025 WL 71870, at *3 (W.D. Wis. Jan. 10, 2025) ("A common problem with many motions in limine . . . is that they do not identify specific exhibits or testimony."); *F.E.L. Publications, Ltd. v. Catholic Bishop of Chi.*, 1987 WL 15409, at *3 (N.D. Ill. Aug. 3, 1987) (court unable to rule on motion in limine where only general category of evidence identified instead of specific items of evidence).

Beyond that, evidence that Defendants' infringement was innocent is plainly relevant to the jury's calculation of statutory damages, especially considering that Plaintiff is seeking maximum statutory damages for willful violations. Fed. R. Evid. 401. In fact, innocence is explicitly recognized as a statutory consideration. 17 U.S.C. § 504(c)(2); *see*

*also Agence France Presse v. Morel*, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014) (jury permitted to consider whether violations committed innocently or intentionally). Defendants are entitled to present evidence to refute Plaintiff's willfulness arguments and to support Defendants' innocence arguments. For these reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion in *Limine* No. 4.

### 5. **Defendants' Response to Plaintiff's Motion in *Limine* No. 5**

Finally, Plaintiff seeks to "exclude all documents, testimony, and other evidence regarding Defendants' affirmative defense of laches." (Pl.'s Mot. at 10). Again, Plaintiff does not identify the specific evidence he seeks to exclude, and the Court should deny Plaintiff's Motion in *Limine* No. 5 on this ground alone. *See Nunes*, 2018 WL 2214593, at *4 (where, in copyright case, plaintiff sought to exclude evidence supporting defendant's affirmative defenses, including laches, but did not identify "precisely what evidence []he wishes to exclude," court was unable to evaluate the motion and thus denied it); *see also Enterprise*, 2021 WL 12256389, at *8 (motions in limine appropriate with respect to "specific pieces of evidence," not categorical exclusions); *Unicolors*, 2017 WL 11489792, at *4 (same); *Classical*, 2016 WL 7638112, at *6 ("Motions in limine to exclude broad categories of evidence are usually improper."); *see also, e.g.*, *Loop*, 2025 WL 71870, at *3 ("A common problem with many motions in limine . . . is that they do not identify specific exhibits or testimony."); *F.E.L.*, 1987 WL 15409, at *3 (court unable to rule on motion in limine where only general category of evidence identified instead of specific items of evidence).

To be clear, Defendants do not intend to argue laches, specifically, at trial. That said, Defendants are entitled to inform the jury that Plaintiff learned of Defendants' use of the video on July 20, 2020, the same day the use occurred. However, Plaintiff waited to alert Defendants of any potential infringement until September 22, 2020. (Dkt. 33 ¶¶ 48, 51). These facts go toward "the conduct and attitude of the parties," which is a relevant and appropriate consideration for the jury when determining statutory damages. *Hebenstreit*, 2021 WL 3810342, at *2 (citing *Bryant*, 603 F.3d at 144). Along the same

lines, Defendants are entitled to inform that jury that, as soon as Plaintiff notified Defendants of the infringement, Defendants removed the video from its YouTube page. (Compl. ¶ 24 n.1). These circumstances show that Defendants did not "ignore[] the plaintiff's notices about copyright protection," which is also a relevant and appropriate consideration for the jury. *Ali*, 289 F. Supp. 3d at 868 (quoting *Wildlife*, 18 F.3d at 512); *see also McDermott*, 757 F. Supp. 3d at 312 (jury may consider "whether the infringer was on notice that the copyrighted work was protected," and "whether the infringer had received warnings of the infringements"). This evidence is admissible, relevant, and appropriate for the jury to consider when determining the amount of statutory damages to award. Fed. R. Evid. 401. Plaintiff's unsupported assertion that "[t]his evidence would not be admissible for any purpose," (Pl.'s Mot. at 10), is plainly wrong. For these reasons, Defendants respectfully ask the Court to deny Plaintiff's Motion in *Limine* No. 5.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motions in *Limine* Nos. 1 through 5, and grant Defendants all further relief the Court deems just.

DATED: August 18, 2025

Respectfully submitted,

**CITY OF CHICAGO and DAVID O'NEAL BROWN**

By: */s/ Sophie E. Honeyman*
One of Their Attorneys

Joseph F. Schmidt (ARDC # 2492180)
Sophie E. Honeyman (ARDC # 6343417)
**TAFT STETTINIUS & HOLLISTER LLP**
111 E. Wacker Dr., Ste. 2600
Chicago, Illinois 606061
(312) 527-4000
jschmidt@taftlaw.com
shoneyman@taftlaw.com

*Counsel for Defendants City of Chicago and David O'Neal Brown*

175164039v1