## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

### CASE NO.: 1:23-CV-01823-JD

DOMINIC GWINN,

             Plaintiff,

v.

CITY OF CHICAGO, and DAVID O'NEAL
BROWN,

             Defendants.

## PLAINTIFF DOMINIC GWINN'S RESPONSE IN OPPOSITION TO DEFENDANTS' CITY OF CHICAGO AND DAVID O'NEAL BROWN'S MOTIONS IN LIMINE

Plaintiff DOMINIC GWINN ("Gwinn") by and through his undersigned counsel, hereby respectfully submits this Response to Defendants City of Chicago and David O'Neal Brown's (the "City") Motions *in Limine*. For the following reasons, the Court should deny all of the City's motions.

### INTRODUCTION

On August 4, 2025, the City filed three Motions in *Limine* seeking to preclude Gwinn from introducing: (1) any evidence of damages not disclosed in Gwinn's Rule 26 initial disclosures; (2) any arguments suggesting the City acted "willfully" absent evidentiary support; and (3) any arguments or discussion concerning the number of recipients of the City's July 20, 2020 e-mail, in which the Work at issue was distributed. (DE 68).

Just days earlier, on August 1, 2025, the parties met and conferred to discuss whether they could narrow the issues for trial. During that conference, the City's attorney proposed stipulations limited to: (1) excluding documentary evidence that had not previously been exchanged; (2) a

1

stipulation that the City's use of the Work was non-commercial; and (3) a stipulation that only three Digital Millennium Copyright Act violations were at issue in the matter. Plaintiff did not agree to any of the proposed stipulations. At no point did the City's counsel indicate that it would seek to exclude virtually all damages evidence, bar arguments regarding willfulness, or preclude discussion of the City's mass distribution of the Work via its July 20, 2020, e-mail.

The City's Motions therefore raise issues never disclosed during the parties' required conferral and go far beyond the narrow stipulations actually discussed between the parties. In doing so, the City disregards both the spirit and letter of this Court's rules governing Motions in Limine, which exist to streamline – not ambush – the trial process.

However, even if the meet and confer requirement is set aside here, each of the City's motions should be denied on their own merits. Plaintiff examines each in turn below.

## ARGUMENT

### I. The Court Should Allow Gwinn to Present Evidence Related to His Damages.

The City first seeks to exclude any and all evidence related to Gwinn's calculation of damages that was not disclosed in his initial disclosures under Rule 26. (DE 68 at 1–3). Rule 26(a)(1)(A)(iii) provides that "a party must…provide to the other parties…a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material…on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). "The central aim of such rules is to minimize surprise at trial." *Doe v. Smith*, 470 F.3d 331, 347 (7th Cir. 2006) (quoting *Tyson v. Trigg*, 50 F.3d 436, 445 (7th Cir. 1995)).

Rule 26(e)(1)(A) further clarifies that "[a] party who has made a disclosure under Rule 26(a)…must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if*

*the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Thus, where additional information has already been made known during the discovery process or in writing, a party is not required to update its Rule 26(a) disclosures.

Gwinn's Complaint filed at DE 1 contained a demand for damages that reads "Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203." (DE 1 at 11). Gwinn's initial disclosures indicated "Plaintiff will make available for inspection a computation of any categories of damages. Plaintiff has not completed his computation of the damages his may claim in this action. Plaintiff requires additional discovery in order to determine the full extent of the infringement before Plaintiff can produce a computation of his damages. Damages are continuing. Plaintiff reserves the right to supplement this response in the future." (DE 68-1).

In Gwinn's notice of election filed at this Court's request at DE 56, plaintiff informed the Court and the parties that plaintiff would seek statutory damages pursuant to 17 U.S.C. §§ 504 and 1203. Plaintiff is entitled to a jury trial on statutory damages. *Feltner v. Columbia Pictures TV*, 523 U.S. 340, 355 (1998). Statutory damages do not require proof of actual harm. *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991) (explaining that "because [actual] damages are hard to prove, a copyright owner may elect instead to recover statutory damages" and that "district courts enjoy wide discretion in awarding fees and may consider various factors"). "[A]n award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." *Feltner,* 523 U.S. at 352.

The City wants this Court to prohibit Gwinn from presenting any evidence related to damages at the trial. There is no basis to enter such an order. Statutory damages are the province of the fact finder to consider based on numerous factors that cannot be disclosed in advance. *See e.g. CME Grp. Inc. v. Nagovskiy*, No. 1:19-cv-01621, 2019 U.S. Dist. LEXIS 248196, at *7–8 (N.D. Ill. Sept. 27, 2019) (to determine the amount of statutory damages, courts "generally consider the following factors in determining the amount of statutory damages: (1) the difficulty or impossibility of proving actual damages; (2) the circumstances of the infringement (e.g., whether it was willful and the harm caused to the public)").

Providing the City in advance with a precise computation of statutory damages is neither feasible nor necessary. Moreover, Gwinn provided clear written notice of his intent to seek statutory damages pursuant to 17 U.S.C. §§ 504 and 1203 throughout this litigation, beginning with the requests for relief in the Complaint and continuing through his Notice of Election of Statutory Damages ("Notice") filed on April 18, 2025. Gwinn laid out in detail the statutory basis for the damages he seeks, identified supporting evidence in the record, and cited substantial caselaw addressing statutory damages for copyright infringement and violations of the Digital Millennium Copyright Act. (DE 56). Notably, despite Gwinn's reliance on specific findings by this Court and publicly available facts in his Notice, the City failed to raise any issue regarding alleged disclosure deficiencies in its response. (DE 57).

Moreover, Gwinn consistently provided an explicit written breakdown of his damages throughout pre-suit settlement communications and filings on the docket after the lawsuit was filed. *See, Declaration of Evan Andersen,* attached hereto as **Exhibit 1**, at ¶ 4. As such, Gwinn was under no obligation to supplement or update his Rule 26(a) disclosures, since the City received written notice on multiple occasions of both the legal and factual bases underlying his damages

claims. *See* Fed. R. Civ. P. 26(e)(1). Despite this repeated notice, the City chose not to depose Gwinn or otherwise pursue additional discovery on damages. It now improperly seeks to prevent him from presenting evidence in support of his claims due an alleged ignorance of Gwinn's asserted damages, which are mainly due to its own failure to diligently investigate. This Court should not allow the City to obtain, in effect, a second bite at the apple simply because it claims at this late stage to not have any information supporting Gwinn's damages. Accordingly, the City's Motion must be denied. *See Wilber v. City of Milwaukee*, Case No. 23-CV-951-JPS, 2025 U.S. Dist. LEXIS 11880, at *11 (E.D. Wis. Jan. 23, 2025) ("Because discovery in this case…demonstrates that [the witnesses sought to be excluded] have been 'otherwise…made known' to Plaintiff, the Court will conclude that Defendants were not obligated to supplement their initial disclosures to identify them").

Even assuming *arguendo* that Gwinn was required to update his Rule 26(a) disclosures, Rule 37(c)(1) makes clear that exclusion is not automatic. The rule provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information…at trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). In determining whether a failure is harmless, the Seventh Circuit considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Sailsbery v. Vill. of Sauk Vill.*, Case No. 15-cv-10564, 2020 U.S. Dist. LEXIS 170439, at *7–8 (N.D. Ill. Sept. 17, 2020) (quoting *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019)). The City cannot satisfy any of these factors.

First, there is no prejudice or surprise. The City has had, at this point, over four and a half *years'* notice of Gwinn's damages theory, his computation, and the evidence supporting it. *See* Exhibit 1, ¶ 4. Gwinn has not hidden the ball at any point of the pre-litigation or litigation process, instead providing a consistent and supported theory of damages. The City had every opportunity to investigate these bases and even depose Gwinn but chose not to. It cannot now invoke its own lack of diligence to seek the drastic sanction of exclusion. This factor weighs in Gwinn's favor.

Second, any purported prejudice could only be "cured" by amending Rule 26(a) disclosures – an empty formality, as the City already knows the evidence Gwinn intends to use. Because no prejudice exists, this factor weighs in Gwinn's favor.

Third, allowing this evidence will not disrupt trial. The City has long possessed the documents Gwinn will rely upon, and their admission will not alter the trial's progression. If any disruption exists, it would be in Gwinn's inability to provide evidence to prove damages in a trial solely about damages, when that evidence was produced throughout the discovery period. This factor weighs in Gwinn's favor.

Fourth, there is no evidence of bad faith or willfulness. At all times, Gwinn reasonably believed supplementation was unnecessary given that much of the information was revealed during discovery and that statutory damages inherently require fact-intensive findings. *See Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, No. 03 C 4986, 2004 U.S. Dist. LEXIS 22563, at *11 (N.D. Ill. Nov. 8, 2004) (citing *Chi-Boy Music*, 930 F.2d at 1229) ("[A] court awarding statutory damages is 'not required to follow any rigid formula but instead enjoys wide discretion.'")). Since statutory damages were requested in the Complaint, it was clear from the outset that discovery would be necessary to determine scope and computation. Gwinn did not withhold information in bad faith. His argument regarding damages relies on documents and legal bases that have been

6

clearly and consistently communicated to Defendants throughout the pre-litigation and litigation process.

Supplementation of Gwinn's initial disclosures was not required, as the information was made available to Defendants through the discovery process. But even if supplementation were required, Gwinn's conduct was substantially justified and harmless. The City's Motion should therefore be denied.

## II.  The Court Should Allow Gwinn to Argue Willful Infringement.

Under the Copyright Act, willful infringement can be shown "if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991). "Knowledge may be inferred from the infringer's conduct." *Amorepacific Corp. v. Juanhe Co.*, No. 24 CV 12417, 2025 U.S. Dist. LEXIS 134349, at *8 (N.D. Ill. July 15, 2025). Moreover, "[w]illful blindness is knowledge enough" to establish willfulness. *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989). As with statutory damages, determining willfulness requires a fact-intensive inquiry: "[t]he determination of willfulness…requires an assessment of the defendant's intent and, therefore, is inherently an issue of fact." *Columbia Pictures Indus., Inc. v. Zakarian*, No. 90 C 4057, 1991 U.S. Dist. LEXIS 6975, at *17 (N.D. Ill. May 22, 1991) (citing *Video Views, Inc.*, 925 F.2d at 1020).

The City mischaracterizes this Court's dicta addressing its conduct at the June 20, 2020, press conference as a binding holding that precludes Gwinn from arguing willfulness. (DE 68 at 4). It can only do so by taking pieces of the Court's fair use analysis and placing comments out of context, including ignoring the final ruling that the use was not fair. (DE 55 at 12). These small pieces of the matter, narrowly focused on the actions at the press conference and presented out of

full legal context, cannot support denying Gwinn an opportunity to point to the rest of the evidentiary record to establish willfulness.

The City also contends that because it removed the infringing video upon receiving notice from Gwinn, it could not have acted willfully and instead acted in good faith. *Id.* This argument conflates "good faith" with "lack of willfulness." Simply removing the infringing video after notice does not negate the willfulness of the City's initial conduct. *See Amorepacific Corp.*, 2025 U.S. Dist. LEXIS 134349, at *10 (quoting *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 609 (7th Cir. 2002) ("The fact that a criminal does not persist in committing crimes after he's indicted doesn't argue strongly in his favor")). But the Court should not decide the issue of willfulness through these pretrial motions. After all, as the Court found in its Order granting Gwinn summary judgment, a significant part of the record supports the finding of willfulness through actual notice, willful blindness, or reckless disregard for Gwinn's rights.

Indeed, as the Seventh Circuit has explained, infringement undertaken despite notice of copyright protections "is perhaps the most persuasive evidence of willfulness." *Chi-Boy Music*, 930 F.2d at 1227. Here, the Court has already found that Gwinn's Twitter username constituted copyright management information that identified him as the owner of the Work. (DE 55 at 16). The Court further established that the City should have known its conduct would facilitate infringement given its failure to comply with its own policy on respecting intellectual property rights when posting on social media. *Id.* Despite this policy and the public notice inherent in Gwinn's username, the City downloaded his Work and incorporated it into a compilation video without attribution.

The City has never presented evidence that it sought Gwinn's permission or investigated his rights before using the Work. At minimum, this shows reckless disregard for his rights,

8

sufficient to support a finding of willfulness. *See Entm't One UK Ltd. v. 2012shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) (finding willful infringement where the defendant exhibited "reckless indifference to the [intellectual property] owner's rights" and undertook no due diligence); *River Light V, L.P. v. Zhangyali*, No. 15 CV 5918, 2016 U.S. Dist. LEXIS 111301, at *10 (N.D. Ill. Aug. 22, 2016) ("Performing no due diligence of its own…shows a reckless indifference to the [intellectual property] owner's rights.").

This Court already made findings consistent with willfulness, and the record provides ample evidence of the City's reckless disregard of Gwinn's rights. The City's motion to preclude Gwinn from arguing willfulness for purposes of enhanced statutory damages is an improper attempt to determine willfulness through these pretrial motions, and must be denied.

### III. The Court Should Allow Gwinn to Present Evidence Concerning the Number of Recipients of the City's July 20, 2020, E-mail.

To determine an award of statutory damages under 17 U.S.C. § 504(c)(2), the factfinder must assess "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum]. Within these limitations the court's discretion and sense of justice are controlling." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)).

The number of recipients of Gwinn's Work is directly relevant to determining damages. As the City itself has previously cited, "the statutory award should bear 'some relation to actual damages suffered.'" *Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *25 (S.D.N.Y. Oct. 31, 2016) (citation omitted). Gwinn produced substantial evidence that he offered licenses to the Work to third parties for a one-time broadcast use at $250

per license. (DE 57-1). By sending the July 20, 2020 e-mail, the City deprived Gwinn of more than 430 such licensing opportunities, reflecting actual losses caused by its infringement.

Moreover, the July 20, 2020 e-mail demonstrates that the City treated the Work as its own, freely distributing it to a mass audience without attribution. This not only eliminated Gwinn's ability to license the Work but also illustrates the City's reckless indifference to his rights. Accordingly, the lost license fees by Gwinn can be calculated either from each of the distributions by the City, or City's treatment of the Work as though it owned all rights to the Work. Either way, this evidence is part of the statutory damage analysis, and should be included in the trial.

While Gwinn does not seek actual damages, the scope of the City's distribution and its disregard for his ownership are highly relevant considerations for the jury in determining an appropriate statutory damages award. At minimum, these lost license fees must be considered in relation to the amount of statutory damages which are ultimately awarded by the jury. In fact, in a case repeatedly cited by Defendants in their argument here, the Southern District of New York took into account the actual damages as part of its analysis of what amount of statutory damages were proper. *Reilly v. Plot Commerce*, No. 15-CV-05118, 2016 U.S. Dist. LEXIS 152154, at *26 (S.D.N.Y. Oct. 31, 2016). Ultimately, Defendants' claim that the "number of recipients of the July 20, 2020 email is irrelevant to the damages calculation" is demonstrably false. (DE 68 at 5).

Accordingly, the City's motion must be denied, and Gwinn must be permitted to present evidence concerning the number of recipients of the July 20, 2020 e-mail.

## CONCLUSION

For the foregoing reasons, the Court must deny the City's motions in *limine*.

Dated:  August 18, 2025                    Respectfully submitted,


                                           */s/  Evan A. Andersen*
                                           EVAN A. ANDERSEN
                                           Bar Number: GA 377422
                                           evan.andersen@sriplaw.com
                                           ANTHONY J. UNDERWOOD
                                           Bar Number: FL 1056640
                                           aj.underwood@sriplaw.com

                                           **SRIPLAW, P. A.**
                                           3355 Lenox Road NE, Suite 750
                                           Atlanta, GA 30326
                                           470.598.0800 – Telephone
                                           561.404.4353 – Facsimile

                                           and

                                           JOEL B. ROTHMAN
                                           Bar Number: FL 98220
                                           joel@sriplaw.com

                                           **SRIPLAW, P. A.**
                                           21301 Powerline Road, Suite 100
                                           Boca Raton, GA 33433
                                           561.404.4335 – Telephone
                                           561.404.4353 – Facsimile

                                           *Counsel for Plaintiff Dominic Gwinn*