IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC GWINN, | ) | |
| | ) | |
| Plaintiff[1], | ) | Case No. 23-cv-1823 |
| | ) | |
| v. | ) | Hon. Jeremy C. Daniel |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

# FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Joel Rothman, SRIPLAW, 21301 Powerline Road Suite 100, Boca Raton, FL 33433, 561.404.4335, Evan Andersen and Anthony Underwood, SRIPLAW, 3355 Lenox Road NE, Suite 750, Atlanta, GA 30326, 470.598.0800, having appeared as counsel for Plaintiff, and Joseph Schmidt and Sophie Honeyman of Taft Stettinius & Hollister LLP, 111 E. Wacker Drive, Suite 2600, Chicago, Illinois 60601, 312.527.4000, having appeared as counsel for Defendants, the following actions were taken:

**(1)** This is an action for copyright infringement and copyright management information violations, and the jurisdiction of the court is invoked under 17 U.S.C. §§ 501 and 1202, and 28 U.S.C. §§ 1331, 1338. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a). Jurisdiction is not disputed.[2]

**(2)** The following stipulations and statements were submitted and are attached to and made a part of this Order:[3]

---

[1] Singular forms are used throughout this document. Plural forms should be used as appropriate. Where a third-party defendant is joined pursuant to Rule 14(a), the Order may be suitably modified. In such cases, the caption and the statement of parties and counsel shall be modified to reflect the joiner.

[2] In diversity cases or other cases requiring a jurisdictional amount in controversy, the Order shall contain either a stipulation that the required jurisdictional amount is involved or a brief written statement citing evidence supporting the claim that such sum could reasonably be awarded

[3] The asterisked (*) options shall not be required unless the court explicitly orders inclusion of one or more of them. On motion of any party or on the court's own motion, any other requirement of the Order may be waived

> **(a)** a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party);[4]

The following facts are stipulated to by the parties:

> a. There is only one copyrighted Work at issue.
>
> b. Gwinn is the owner of the copyright in the Work.
>
> c. The Work was registered under Certificate of Registration PA 2-255-761, with an effective date of July 28, 2020.
>
> d. Count II in the Complaint is only against Defendant City.

> **(b)** For jury trials, a short agreed description of the case to be read to prospective jurors.

This trial is about the amount of damages Plaintiff is entitled to because of Defendants' use of Plaintiff's video footage. Gwinn brought this lawsuit against Defendants alleging copyright infringement of a video he created on July 17, 2020 (the "Work") under 17 U.S.C. § 501 (Count I), and unauthorized removal of copyright management information ("CMI") under 17 U.S.C. § 1202 (Count II). (DE 1). After the parties filed cross-motions for summary judgment, the Court found that Defendants' use of the Work was not fair use. (DE 55). The Court granted summary judgment in Gwinn's favor and against Defendants as to Count I; granted summary judgment in Gwinn's favor against the City on Count II; and granted summary judgment in Brown's favor against Gwinn on Count II. *Id.* Liability has thus been decided, and this case is proceeding to a jury trial on damages only. Gwinn has elected to pursue statutory damages. (DE 56).

---

[4] Counsel for plaintiff has the responsibility to prepare the initial draft of a proposed stipulation dealing with allegations in the complaint. Counsel for any counter-, cross- or third-party complainant has the same responsibility to prepare a stipulation dealing with allegations in that party's complaints. If the admissibility of any uncontested fact is challenged, the party objecting and the grounds for objection must be stated.

**(c)** except for rebuttal exhibits, schedules in the form set out in the attached <u>Schedule (c)</u> of—
(1) all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and
(2) any demonstrative evidence and experiments to be offered during trial;[5]

The parties include a list of stipulated exhibits they may introduce at trial, other than exhibits solely for rebuttal, as **<u>Exhibit A</u>**. Gwinn includes a list of the exhibits that he may introduce at trial, other than exhibits that he may use solely in rebuttal, as **<u>Exhibit B</u>** to this Pretrial Order. Defendants' objections to Gwinn's proposed exhibits are included in **Exhibit B**. Defendants collectively include a list of the exhibits that they may introduce at trial, other than exhibits that they may use solely in rebuttal, as **<u>Exhibit C</u>** to this Pretrial Order. Gwinn's objections to Defendants' proposed exhibits are included in **Exhibit C**.

**(d)** a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;[6]

Gwinn's witness list is attached hereto as **<u>Exhibit D</u>**. Defendants' witness list is attached hereto as **<u>Exhibit E</u>**.

---

[5] Items not listed will not be admitted unless good cause is shown. Cumulative documents, particularly x-rays and photos, shall be omitted. Duplicate exhibits shall not be scheduled by different parties, but may be offered as joint exhibits. All parties shall stipulate to the authenticity of exhibits whenever possible, and this Order shall identify any exhibits whose authenticity has not been stipulated to and specific reasons for the party's failure so to stipulate. As the attached Schedule (c) form indicates, non-objected-to exhibits which have been explicitly referred to in testimony or stipulation or published to the jury are received in evidence by operation of this Order, without any need for further foundation testimony. Copies of exhibits shall be made available to opposing counsel and a bench book of exhibits shall be prepared and delivered to the court at the start of the trial unless excused by the court. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, sufficient copies of such exhibits must be made available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used.

[6] Each party shall indicate which witnesses will be called in the absence of reasonable notice to opposing counsel to the contrary, and which may be called as a possibility only. Any witness not listed will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party.

    **(e)**    stipulations or statements setting forth the qualifications of each Fed. R. Evid. 702 witness in such form that the statement can be read to the jury at the time the F.R. Evid.702 witness takes the stand;[7]

Neither party will call a witness pursuant to FRCP 702.

    **(f)**    a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;[8]

The parties requested additional time to submit deposition designations, filing a joint motion for relief. (DE. 78). Should this motion not be granted, the parties will submit their designations as soon as is possible.

    **(g)**    an itemized statement of damages;

**Plaintiff's Position:** The Court previously held that Defendants' actions were not fair use under 17 U.S.C. § 107. (DE 55, at 12). Further, the Court held that City's actions were intentional and with knowledge of the repercussions of its actions. *Id*. at 16. The Defendants' infringement of Gwinn's copyrights were willful, and City's removal of copyright management information and distribution of the Work was willful. Maximum statutory damages should be awarded for each violation of both Counts from the Complaint.

---

[7] Only one F.R. Evid. 702 witness on each subject for each party will be permitted to testify absent good cause shown. If more than one F.R. Evid. 702 witness is listed, the subject matter of each expert's testimony shall be specified.

[8] If any party objects to the admissibility of any portion, both the name of the party objecting and the grounds shall be stated. Additionally, the parties shall be prepared to present to the court, at such time as directed to do so, a copy of all relevant portions of the deposition transcript to assist the court in ruling in limine on the objection. All irrelevant and redundant material including all colloquy between counsel shall be eliminated when the deposition is read at trial. If a video deposition is proposed to be used, opposing counsel must be so advised sufficiently before trial to permit any objections to be made and ruled on by the court, to allow objectionable material to be edited out of the film before trial.

Gwinn seeks statutory damages in the amount of $150,000 for the Defendants' willful infringement of his copyrighted video pursuant to 17 U.S.C. § 504(c)(2), and statutory damages in the amount of $25,000 for each violation of 17 U.S.C. § 1202, totaling $75,000.

**Defendants' Position:** Defendants' infringement was not willful, as evidenced by Defendants' fair use defense and the undisputed evidence of record. The Court did not hold that Defendants' infringement was willful. The City also maintains it did not intentionally remove or alter CMI from the Work in violation of the DMCA, on the grounds that a Twitter user's handle and username do not attach when video footage is downloaded from a tweet. This contention is the subject of the City's Rule 60(b)(2) Motion to Vacate and Amend, (Dkts. 62-63), which will be fully briefed on August 20, 2025. *See* (Dkt. 67). In any case, maximum statutory damages are not appropriate for either Count. *See* (Dkt. 57).

> **(h)** *for a jury trial, each party shall provide the following:
> (i) trial briefs except as otherwise ordered by the court;[9]
> (ii) one set of marked proposed jury instructions, verdict forms and special interrogatories, if any;[10] and

---

[9] (Note: The use of the asterisk (*) is explained in Footnote 3.) No party's trial brief shall exceed 15 pages without prior approval of the court. Trial briefs are intended to provide full and complete disclosure of the parties' respective theories of the case. Accordingly, each trial brief shall include statements of—
  (a) the nature of the case,
  (b) the contested facts the party expects the evidence will establish,
  (c) the party's theory of liability or defense based on those facts and the uncontested facts,
  (d) the party's theory of damages or other relief in the event liability is established, and
  (e) the party's theory of any anticipated motion for directed verdict.
The brief shall also include citations of authorities in support of each theory stated in the brief. Any theory of liability or defense that is not expressed in a party's trial brief will be deemed waived.

[10] *Agreed* instructions shall be presented by the parties whenever possible. Whether agreed or unagreed, each marked copy of an instruction shall indicate the proponent and supporting authority and shall be numbered. All objections to tendered instructions shall be in writing and include citations of authorities. Failure to object may constitute a waiver of any objection.
  In diversity and other cases where Illinois law provides the rules of decision, use of Illinois Pattern Instructions ("IPI") as to all issues of substantive law is required. As to all other issues, and as to all issues of substantive law where Illinois law does not control, the following pattern jury instructions shall be used in the order listed, e.g., an instruction from (b) shall be used only if no such instruction exists in (a):
  (a) the Seventh Circuit pattern jury instructions; or,
  (b) any pattern jury instructions published by a federal court. (Care should be taken to make certain substantive instructions on federal questions conform to Seventh Circuit case law.)

>     (iii)    a list of the questions the party requests the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a);

The Court did not request optional trial briefs in its Order, and so none are included. The parties requested additional time to submit voir dire questions, filing a joint motion for relief. (DE 78). Should this motion not be granted, the parties will submit their questions as soon as is possible.

The parties are actively discussing the creation of proposed and stipulated jury instructions. As this case involves claims which are not present in the Seventh Circuit pattern jury instructions, the parties are working to draft jury instructions from other federal Circuit Courts and relevant matters. The parties jointly moved this Court for an additional week to prepare and submit these proposed jury instructions to the Court, which was granted. The parties shall submit their proposed jury instructions by August 25, 2025. (DE 76).

> **(i)**    a statement that each party has completed discovery, including the depositions of F.R. Evid. 702 witnesses (unless the court has previously ordered otherwise). Absent good cause shown, no further discovery shall be permitted;[11] and

Plaintiff and Defendants stipulate that each party has completed discovery.

> **(j)**    subject to full compliance with all the procedural requirements of Rule 37(a)(1), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court.

On August 4, 2025, Plaintiff submitted the following motions in limine (DE 70):

---

At the time of trial, an unmarked original set of instructions and any special interrogatories (on 8 ½" x 11" sheets) shall be submitted to the court; to be sent to the jury room after being read to the jury. Supplemental requests for instructions during the course of the trial or at the conclusion of the evidence will be granted solely as to those matters that cannot be reasonably anticipated at the time of presentation of the initial set of instructions.

[11] If this is a case in which (contrary to the normal requirements) discovery has not been completed, this Order shall state what discovery remains to be completed by each party

- Plaintiff's Motion in *Limine* No. 1: to exclude any mention or evidence of whether the Video at issue included copyright management information when it was deposited with the Copyright Office;

- Plaintiff's Motion in *Limine* No. 2: to exclude any mention or evidence of Plaintiff Gwinn's prior use of watermarks in other works;

- Plaintiff's Motion in *Limine* No. 3: to exclude any mention or evidence of Defendants' affirmative defense of fair use;

- Plaintiff's Motion in *Limine* No. 4: to exclude any mention or evidence of Defendants' affirmative defense/mitigating factor of innocent infringement; and

- Plaintiff's Motion in *Limine* No. 5: to exclude any mention or evidence of Defendants' affirmative defense of laches.

On August 4, 2025, Defendants submitted the following motions in limine (DE 68):

- Defendants' Motion in *Limine* No. 1: to exclude damages evidence not previously disclosed pursuant to Rule 26;

- Defendants' Motion in *Limine* No. 2: to preclude Plaintiff from arguing willful infringement without evidentiary support; and

- Defendants' Motion in *Limine* No. 3: to exclude arguments concerning the number of recipients of Defendants' July 20, 2020 email.

The Parties' responses to each of these motions are to be filed at the same time as this proposed Pretrial Order.

**(2.1)** The following *optional* stipulations and statements were submitted and are attached to and made a part of this Order:

**(k)** an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

**(l)** waivers of any claims or defenses that have been abandoned by any party;

**(m)** for a non-jury trial, each party shall provide proposed *Findings of Fact and Conclusions of Law* in duplicate (see guidelines available from the court's minute clerk or secretary);[12]

None of these optional items were requested by the Court and so are not included here.

**(3)** Trial of this case is expected to take approximately **two days, beginning September 15, 2025**. It will be listed on the trial calendar, to be tried when reached.

**(4)** [*Indicate the type of trial by placing an X in the appropriate box*]
　　　　X　　　Jury　　　　　　　　　　　Non-jury

**(5)** The parties recommend that **eight**[13] jurors be selected at the commencement of the trial.

**(6)** The parties agree that this trial is **solely regarding the issue of damages**, as Defendants' liability has been established through this Court's summary judgment Order filed on March 31, 2025. However, Defendants' Motion to Vacate and Amend, (DE 62-63) is currently pending and will be fully briefed on August 20, 20205.

**(7)** The parties **have not consented** to this case being reassigned to a magistrate judge for trial.

**(8)** This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

**(9)** Possibility of settlement of this case was considered by the parties.

Date:_____　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JEREMY C. DANIEL
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE[14]

---

[12] These shall be separately stated in separately numbered paragraphs. Findings of Fact should contain a detailed listing of the relevant material facts the party intends to prove. They should not be in formal language, but should be in simple narrative form. Conclusions of Law should contain concise statements of the meaning or intent of the legal theories set forth by counsel

[13] Rule 48 specifies that a civil jury shall consist of not fewer than six nor more than twelve jurors

[14] Where the case has been reassigned on consent of parties to a magistrate judge for all purposes, the magistrate judge will, of course, sign the final pretrial order

This 18th day of August, 2025.

| | |
|---|---|
| */s/ Evan A. Andersen* <br> EVAN A. ANDERSEN <br> Bar Number: GA 377422 <br> evan.andersen@sriplaw.com <br> ANTHONY J. UNDERWOOD <br> Bar Number: FL 1056640 <br> Aj.underwood@sriplaw.com <br><br> **SRIPLAW, P. A.** <br> 3355 Lenox Road NE <br> Suite 750 <br> Atlanta, GA 30326 <br> 470.598.0800 – Telephone <br> 561.404.4353 – Facsimile <br><br> and <br><br> JOEL B. ROTHMAN <br> Bar Number: FL 98220 <br> Joel.rothman@sriplaw.com <br><br> **SRIPLAW, P. A.** <br> 21301 Powerline Road <br> Suite 100 <br> Boca Raton, FL 33433 <br> 561.404.4335 – Telephone <br> 561.404.4353 – Facsimile <br><br> *Counsel for Plaintiff Dominic Gwinn* | /s/ *Sophie E. Honeyman (with permission)* <br><br> JOSEPH F. SCHMIDT (ARDC # 2492180) <br> SOPHIE E. HONEYMAN (ARDC # 6343417) <br><br> **TAFT STETTINIUS & HOLLISTER LLP** <br> 111 E. Wacker Dr., Ste. 2600 <br> Chicago, Illinois 60601 <br> (312) 527-4000 <br> jschmidt@taftlaw.com <br> shoneyman@taftlaw.com <br><br> *Counsel for Defendants City of Chicago and David O'Neal Brown* |