UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Dominic Gwinn
                    Plaintiff,

v.                                          Case No.: 1:23−cv−01823
                                                Honorable Jeremy C. Daniel

City of Chicago, et al.
                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 25, 2025:

      MINUTE entry before the Honorable Jeremy C. Daniel: The defendant's motion to vacate and amend the Court's order granting the plaintiff summary judgment on Count II [62] is denied. Under Federal Rule of Civil Procedure 60(b)(2), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." See also Biesek v. Soo Line R.R. Co., 440 F.3d 410, 412 (7th Cir. 2006) (applying at summary judgment). The defendant argues that the Court should reconsider its order granting summary judgment for the plaintiff on Count II, where the Court found that the defendant removed copyright management information ("CMI") in a Twitter.com post ("tweet") containing the copyrighted work ("Work"), in violation of 17 U.S.C. § 1202(b). (R. 55 at 12, 16; R. 62.) According to the defendant, reconsideration is warranted because "newly−obtained evidence from the United States Copyright Office shows that [the p]laintiff did not copyright the tweet itself, and that the copyrighted Work does not contain [the p]laintiff's Twitter handle, name, nor any other CMI." (R. 62.) This evidence would make no difference. The Court's ruling on Count II did not depend on the tweet itself being the copyrighted work; it instead depended on the tweet being CMI. As the Court noted in its order, "Gwinn argue[d] that... he was posting the Work alongside CMI," and the issue was "[w]hether a tweet containing a work is CMI." (R. 55 at 13 (emphasis added).) The Court also noted that "[n]othing requires the CMI be affixed to as opposed to appearing near, a copy of a work," relying in part on the statute's language defining CMI as "information conveyed in connection with [... a work.]" (Id. at 14 (quoting § 1202(c)) (emphasis added)). In short, even if the defendant presented evidence showing that the tweet was not a part of the Work, it would not have made a difference. Mailed notice. (vcf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.