UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIC GWINN,<br>   Plaintiff,<br><br> v.<br><br>CITY OF CHICAGO and DAVID O'NEAL BROWN,<br>   Defendants | No. 23 CV 01823<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion in limine no. 1 is granted. The plaintiff cannot introduce damages evidence that he failed to disclose during discovery. Defendants' motions in limine nos. 2 and 3 are denied without prejudice. Plaintiff's motions in limine nos. 1 and 2 are granted; plaintiff's motions in limine nos. 3, 4, and 5 are denied without prejudice. With the exception of defendants' motion in limine no. 1, discussed in this signature order, the grant or denials of the motions in limine are based on the reasons stated during the August 27, 2025, final pretrial conference. Video status hearing set for September 9, 2025, at 4:30 p.m. The parties must file any objections, additions, or corrections to the Court's proposed jury instructions, preliminary instructions, and voir dire questions on or before September 8, 2025.

## STATEMENT

The defendant seeks to exclude damages evidence not previously disclosed by the plaintiff in compliance with Fed. R. Civ. P. 26(a)(1)(A)(iii). In his initial disclosures, the plaintiff deferred on the damages issue, stating "Plaintiff has not completed his computation of the damages [he] may claim in this action. Plaintiff requires additional discovery in order to determine the full extent of the infringement before Plaintiff can produce a computation of his damages." According to the defendants, the plaintiff never supplemented that disclosure. The plaintiff disagrees, arguing that the notice of election the plaintiff filed on April 18, 2025, (R. 56), and the "explicit written breakdown of his damages throughout pre-suit settlement communications and filings on the docket after the lawsuit was filed" were sufficient to satisfy Rule 26(a)(1)(A)(iii). The plaintiff further argues that the defendants must live with their decision not to depose the plaintiff or to seek additional discovery regarding damages.

Rule 26(a)(1)(A)(iii) requires the parties to provide "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). There is no

dispute that the plaintiff did not provide that computation in his initial disclosures. The plaintiff's claim that its notice of election filed on April 18, 2025, satisfied its disclosure obligations fails because fact discovery closed in February 2024. The notion that disclosure after the close of fact discovery and after the Court had ruled on the parties' motions for summary judgment satisfied a discovery obligation fails.

The same is true for the notion that discussions in furtherance of settlement in 2020 and 2021 provided "an explicit written breakdown" of damages for claims in a lawsuit filed in 2023. Setting aside any concerns implicated by Fed. R. Evid. 408, this argument contradicts what the plaintiff said in his initial disclosures. At the time the plaintiff filed suit, he knew about the pre-suit settlement discussions and could have pointed to them or disclosed them in support of his damages' computation. He did not do so, which suggests that his efforts to point to them now is an arguably disingenuous attempt to salvage his failure to supplement his initial disclosures with respect to damages. One cannot fault the defendants for disregarding pre-suit settlement discussions and waiting for the plaintiff to comply with his disclosure obligations once the plaintiff filed suit. *See*, *e.g.*, *Chi. Joe's Tea Room, LLC v. Village of Broadview*, 94 F.4th 588, 607 (7th Cir. 2024) ("The Village was never provided with a computation of damages or damage categories by Chicago Joe's. Because the Village had not been given timely explanations of any theories those documents might be used to support, it would not have known what additional discovery to pursue to address the documents.").

One need only look at the pre-suit settlement discussions to understand why. Docket No. 79-1 includes several screenshots where the plaintiff responded to inquiries from media outlets seeking to use the plaintiff's video on air and online for a "standard rate" of $250. These screenshots are actual evidence that provides some insight into what the plaintiff sought as compensation for use of his video (and appear to be among the 27 exhibits the parties have stipulated to in Dkt. No. 85-1). Beyond that, the discussions involve attorney communications untethered to any evidence. For instance, after telling Christina Chung, counsel for the City of Chicago, that the plaintiff "does not have a comparable license" for the defendants' unauthorized use of the plaintiff's video, Evan Andersen, counsel for the plaintiff, tells Ms. Chung that $50,000 would be a third of the amount of statutory damages. (R. 79-1 at 8-9.) This statement, and statements like it in the pre-suit settlement discussions, are nothing more than legal posturing. It is not for the defendants to tease out which statements were factual and which were puffery. Rather, Rule 26(a)(1)(A)(iii) required the plaintiff to set forth the damages the plaintiff seeks. The plaintiff did not do so and, therefore, has violated Rule 26(a)(1)(A)(iii).

At the final pretrial conference, the Court indicated that it didn't think that statutory damages required a computation as that term is used in Fed. R. Civ. P. 26(a)(1)(A)(iii). Upon further reflection, that assertion was incorrect. The rule requires a computation "of each category of damages." Statutory damages are a category of damages and therefore subject to the rule. As for the computation, while a jury must decide what

amount to award, several factors influence that amount. Thus, a party seeking statutory damages should disclose the amount sought and the evidence that supports that amount. *See, e.g., F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 230–31(1952) ("It might have been better practice to have received the evidence [of actual damages], even if it fell short of establishing the measure of liability; for when recovery may be awarded without any proof of injury, it cannot hurt and may aid the exercise of discretion to hear any evidence on the subject that has probative value."); *see also Sulaiman v. Biehl & Biehl, Inc.*, No. 15 C 04518, 2016 WL 5720476, at *8 (N.D. Ill. Sept. 30, 2016) ("Rather, [Rule 26(a)(1)(A)(iii)] requires 'a computation of each category of damages claimed by the disclosing party' as well as production of the evidentiary materials on which the damage claim is based.").

One potential sanction for failing to comply with Rule 26(a)(1)(A)(iii) is that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts should consider the following factors when deciding whether to impose sanctions under Rule 37(c)(1): "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019).

To evaluate statutory damages, the jury will consider: the expenses that the defendants saved and profits they earned because of the infringement; the revenues that the plaintiff lost because of the infringement; the difficulty of proving the plaintiff's actual damages; the circumstances of the infringement; whether the defendant intentionally infringed the plaintiff's copyright; and deterrence of future infringement. The Court finds that the plaintiff's failure to disclose substantially prejudiced the defendant with respect to the expenses the defendants saved (to the extent based on what the defendants would have paid the plaintiff), the revenues the plaintiff lost, and any reference to the plaintiff's actual damages. This information is of the sort that was in the plaintiff's control, and the plaintiff's failure to disclose it means that the defendants had no reason to seek it. With two weeks to trial, there is no time to cure the prejudice without delaying trial. While there is no evidence of bad faith or willfulness on the plaintiff's part, the plaintiff must nonetheless bear the brunt of its failure to disclose. Accordingly, the plaintiff's cannot introduce damages-related evidence that was in its control that the plaintiff failed to disclose during discovery. This includes the plaintiff's testimony on matters related to damages that the plaintiff failed to disclose. The defendants are correct; there was no reason to seek the plaintiff's deposition testimony concerning damages when the plaintiff failed to disclose any damages computations.

In addition, the Court limits the plaintiff to the three violations identified in its notice of election the plaintiff filed on April 18, 2025. (R. 56). While the disclosure was untimely, the defendants have had sufficient time to address and prepare to defend against the three violations identified in that notice.

Date: September 3, 2025

JEREMY C. DANIEL
United States District Judge