IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC GWINN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-1823 |
| | ) | |
| v. | ) | Hon. Jeremy C. Daniel |
| | ) | |
| CITY OF CHICAGO, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND PROPOSED CORRECTIONS
TO PROPOSED INSTRUCTIONS TO THE JURY AND VERDICT FORM**

Plaintiff DOMINIC GWINN responds to the Court's proposed Instructions to the Jury and the Court's proposed Jury Verdict Form and recommends certain language to be deleted from the text of those documents prior to the September 15, 2025 trial.

**I.    Neither the Instructions to the Jury nor the Verdict Form should reference limiting damages for the DMCA violations only to "extra harm" beyond damages for copyright infringement.**

The Court's proposed jury instructions include the following instruction:

> You may award damages to the plaintiff for the defendant's DMCA violations only to the extent you find that the violations harmed the plaintiff in a different way than the defendants' copyright infringement did. In determining the amount of damages to award the plaintiff for each DMCA violation, you should compensate him only for that extra harm, and not for whatever harm you have already compensated him for through your award for copyright infringement.

Proposed Jury Instructions, p. 21. Plaintiff objects to the inclusion of this paragraph, and it should be removed. Congress already determined that removal of CMI harms a plaintiff in a different way than copyright infringement. Requiring the jury to find that the "violations harmed the plaintiff in a different way than the defendants' copyright infringement did" places a burden on the Plaintiff that is unsupported by and not contained in the law.

1

The removal of CMI damages a plaintiff by the loss of his professional recognition. Congress protected this through the DMCA by prohibiting removal of the plaintiff's copyright management information, including attribution of the work to the copyright owner. The Copyright Act and DMCA have different elements and are intended to deter different conduct. Requiring the jury to seek out and find that different conduct when Congress already drew a clear distinction between the purpose of the statutory damage awards is both prejudicial and risks confusing the jury.

The Southern District of New York discussed this issue after trial in *Agence Fr. Presse v. Morel*, No. 10-cv-2730 (AJN), 2014 U.S. Dist. LEXIS 112436 (S.D.N.Y. Aug. 13, 2014), where the court considered the jury's awards for both copyright infringement and the alteration of Morel's CMI. There, Defendants asserted that "there was insufficient evidence for the jury to conclude that he suffered an injury separate and apart from the injuries attributable to Defendants' copyright violations." *Id*. at *28. But the Court explained that "in an appropriate case, separate DMCA and copyright awards might be permissible . . . because the Copyright Act and the DMCA protect different interests." *Id*. Finding that it was an appropriate case, the court upheld the jury's finding that the comparison of harms to the plaintiff for copyright infringement and 1202(b) violations supported separate awards of damages.

Subsequent holdings further supported separate recoveries for each of these claims. In *Reilly v. Plot Commerce*, for example, the Southern District of New York found that the plaintiff was injured in two separate and distinct ways for copyright infringement and DMCA violations:

> Defendant's use of her copyrighted Photograph without her permission deprived her of the ability to control when and where it would be displayed, as well as the licensing fee she would ordinarily charge for such display. Defendant's removal of her copyright notice and other CMI deprived her of professional recognition for the display on the Charged.fm Website, and — arguably — made it easier for other potential infringers to compound that injury.

*Reilly v. Plot Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *22 (S.D.N.Y. Oct. 31, 2016).

The court then underscored this idea, explaining that "[s]o long as the Court properly distinguishes among these injuries when it sets the amount of the award under each statute, no duplication will occur." *Id*. *See also Dermansky v. Tel. Media, LLC*, No. 19-CV-1149, 2020 U.S. Dist. LEXIS 44475, 2020 WL 1233943, at *6 n.6 (E.D.N.Y. Mar. 13, 2020) ("[B]ecause the DMCA and Copyright Act have different elements and are intended to deter somewhat different conduct, the [c]ourt should undertake a separate damages analysis for each claim"), and *Stelzer v. Wang L. Office, PLLC*, No. 23-cv-4264 (DLI)(TAM), 2024 U.S. Dist. LEXIS 211226, at *22 (E.D.N.Y. Nov. 20, 2024) (Finding distribution without a gutter credit to support separate copyright infringement and DMCA violation claims, noting that "DMCA claims are independent from copyright infringement claims, as they address different injuries").

Such is the case here, where the Court previously held Defendants liable for copyright infringement for the unauthorized reproduction, display, and distribution of Plaintiff Gwinn's copyrighted work, as well as the removal of his CMI from the work prior to City's display and distributions. As in *Reilly*, Gwinn faces separate injuries for each of the claims – damages for the loss of his exclusive right or ability to control when and where the Work was displayed, and additional and distinct damages for the loss of professional recognition that came with the wide distribution and downstream displays of his Work. So long as the jury instructions properly distinguish what injuries those damages are meant to reconcile, separate damage awards are proper, necessary, and in line with how Congress and other courts compared these two damage awards.

Ultimately, any description of overlapping damage awards would only confuse the jury, and prejudice Gwinn, allowing a reduction of the overall compensation when the statutory damages available for both copyright infringement and 1202(b) violations have been distinguished as separate and distinct. Congress drafted the statutes separately, using differing language for each. Courts further analyzed these statutes, and found both a rationale and a need for both sets of statutory damages. The jury should not be presented with instructions allowing them to confuse what Congress and courts clearly distinguished. The paragraph and any instructions relating to overlapping damages should be stricken from the Instructions to the Jury in their entirety.

## II.  The Instructions to the Jury should not reference innocent violation of the DMCA.

The Court's proposed jury instructions include the following instruction:

> If the defendants prove that they innocently violated the DMCA, then you may, but are not required to, reduce the statutory damage award below $2,500 per violation. A violation is considered innocent if the defendants prove that they did not know, and had no reason to know, that their acts constituted a violation.

Proposed Jury Instructions, p. 22. Plaintiff objects to the inclusion of this paragraph, and it should be removed. The Court's holdings as of the date of this filing preclude a finding of innocent violation of the DMCA by Defendant City, and inclusion of this instruction would confuse the jury to believe that the reduction of damages could be supported by law or consistent with the Court's prior holdings.

Section 1202(c)(5)(A) allows for the following: "[t]he court, in its discretion may reduce or remit the total award of damages in any case in which the violator sustains the burden of proving, and the court finds, that the violator was not aware and had no reason to believe that its acts constituted a violation." 17 U.S.C. § 1203(c)(5)(A). Defendant City carries the burden to prove both of these elements. But the Court has already ruled on these issues:

4

> there is no material dispute that the City stripped the Work of CMI when its employees inserted the Work into the Compilation, **and intentionally performed these actions** . . . Therefore, there is no material dispute that the City's actions have induced, enabled, or facilitated further infringements of Gwinn's copyright in his Work. And the Court has no trouble concluding that the City, the third largest city in the country, **had reasonable grounds to know its actions would lead to this result**.

[DE 55, at p. 16] (emphasis added). Put simply, the Court already held that City intentionally stripped the Work of CMI, and had reason to believe that its acts constituted a violation of section 1202. The only way for the court to reduce or remit damages under section 1202(c)(5)(A) is to allow for contradictory findings by the Court and the jury.

Further, Defendant City failed to assert a defense of innocent violation of the DMCA at any point in this litigation. In its Answer, City asserted a general affirmative defense of "[i]nnocent infringement in mitigation of actual or statutory damages," but the only court to have considered the question to date found that "[m]itigation does not apply to DMCA statutory damages." *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 276 (5th Cir. 2020). The affirmative defense presented by Defendant City in its answer may only be read to assert innocent infringement for copyright infringement, and not apply to the DMCA claims.

In fact, no mention of an innocent DMCA violation statute appeared as late as Defendants' Response to Plaintiff's Notice of Election of Statutory Damages. [DE 57]. There, while Defendant City describes its issues with the CMI on the Work, it concludes that such argument "justifies limiting statutory damages on Count II to the minimum award of $2,500 per violation," and makes no reference to innocent violations or reducing the damages below $2,500. [DE 57, p. 4]. Instead, this is an argument that appeared for the first time in Defendants' proposed jury instructions, and should not be given any weight or consideration. Defendant City

5

should not be allowed to add a possible defense to its claims at this stage of the litigation, a mere week before trial.

Finally, the relief Defendant City seeks by including this language in the Proposed Instructions to the Jury is relief that the Court may instead provide by reducing or remitting the award after the jury's decisions have been made, as deemed appropriate. See *Propet USA, Inc. v. Shugart*, No. C06-0186-MAT, 2007 U.S. Dist. LEXIS 69222, at *9 (W.D. Wash. Sep. 19, 2007) ("Therefore, to the extent defendant proves a DMCA violation at trial, he will be entitled to an award of statutory damages as provided for in 17 U.S.C. § 1203(c)(3) and the Court will, as noted by plaintiff, retain the discretion to reduce or remit such an award as deemed appropriate").

Inclusion of a discussion of innocent violation of the DMCA will only confuse the jury that an opportunity for this result is possible when the Court has already ruled on the issue, Defendant City never sought this relief at any prior time in this litigation, and the reduction of damages is an issue for the Court to consider after the jury's awards are decided. The paragraph should be stricken from the Instructions to the Jury in its entirety.

**III.   The Verdict Form should be amended to remove any references to innocent DMCA violations, and not include instruction as to overlapping damages or "extra harm."**

As described above in Section II, references to innocent DMCA violations are improper for the jury to consider at this stage of the litigation. Plaintiff seeks the following corrections to the Verdict Form:

- Verdict Form Question #4 should be removed in its entirety.

- Verdict Form Question #5 should be amended to remove the sentence "If you find that the City of Chicago proved that it innocently violated the DMCA, then you

may, but are not required to, reduce the statutory damage award below $2,500 per violation." Proposed Verdict Form, p. 2.

These amendments to the language of the Verdict Form will focus the potential awards on the statutory range that the jury must consider.

The proposed Verdict Form does not include any reference to overlapping damages or "extra harm" as discussed in Section I, *supra*. No additional language should be added along those lines.

This 8th day of September, 2025.

/s/ Evan A. Andersen
EVAN A. ANDERSEN
Bar Number: GA 377422
evan.andersen@sriplaw.com
ANTHONY J. UNDERWOOD
Bar Number: FL 1056640
Aj.underwood@sriplaw.com

SRIPLAW, P. A.
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Bar Number: FL 98220
Joel.rothman@sriplaw.com

SRIPLAW, P. A.
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Dominic Gwinn*