UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIC GWINN,<br>   Plaintiff<br><br> v.<br><br>CITY OF CHICAGO and DAVID O'NEAL BROWN,<br>   Defendants | No. 23 CV 1823<br><br>Judge Jeremy C. Daniel |

## ORDER

The plaintiff's objections to the proposed jury instructions [90] are overruled.

## STATEMENT

The Court presumes familiarity with this case's facts and procedural history. The plaintiff, Dominic Gwinn, raises two objections to the Court's proposed jury instructions. (R. 90.)[1] He objects to including the instruction on "extra harm," and to the instruction on whether the City of Chicago's ("the City") violation of the Digital Millenium Copyright Act (DMCA) was "innocent" under 17 U.S.C. § 1203(c)(5)(A) as well as the corresponding questions on the proposed verdict form.

The plaintiff first objects to the below proposed instruction:

> You may award damages to the plaintiff for the defendant's DMCA violations only to the extent you find that the violations harmed the plaintiff in a different way than the defendants' copyright infringement did. In determining the amount of damages to award the plaintiff for each DMCA violation, you should compensate him only for that extra harm, and not for whatever harm you have already compensated him for through your award for copyright infringement.

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

The plaintiff argues this instruction will likely confuse the jury because statutory damages for copyright infringement are distinct from damages under the DMCA. (R. 90 at.1–4.) For the reasons stated on the record at the September 9, 2025, status hearing, the plaintiff's objection is overruled. To address the plaintiff's concerns, the Court amends the proposed instruction as follows:

> You may award damages to the plaintiff for the defendant's DMCA violations only to the extent you find that the violations harmed the plaintiff in a different way than the defendants' copyright infringement did. In determining the amount of damages to award the plaintiff for each DMCA violation, you should compensate him only for the separate harm caused by the DMCA violation, independent of whatever harm you have already compensated him for through your award for copyright infringement.

The plaintiff's second objection is to the inclusion of the below proposed instruction and the corresponding verdict questions:

> If the defendants prove that they innocently violated the DMCA, then you may, but are not required to, reduce the statutory damage award below $2,500 per violation. A violation is considered innocent if the defendants prove that they did not know, and had no reason to know, that their acts constituted a violation.

First, the plaintiff argues the Court's previous finding that the City of Chicago violated 17 U.S.C. § 1202(b) forecloses a finding that the DMCA violation was "innocent" under § 1203(c)(5)(A). (R. 90 at 4–6.) In particular, the plaintiff relies on the Court's findings that the City "intentionally" "stripped the Work of CMI" and "had reasonable grounds to know its action would" "have induced, enabled, or facilitated further infringements." (*Id.* at 5 (quoting R. 55 at 16).)

These findings do not foreclose a finding that the DMCA violation was "innocent" under § 1203(c)(5)(A). As the Court explained in its summary judgment ruling, § 1202(b) "contains two separate 'knowing' (or intent) provisions—one for the removal or modification of CMI . . . , and one for the inducement, etc., of infringement." (R. 55 at 15.) A finding that a violation was "innocent" under § 1203(c)(5)(A), on the other hand, concerns the violator's knowledge of whether "its acts constituted a violation." In other words, the intent required for a violation concerns intentional removal, with knowledge of that removal's real-world consequences; the intent required for that violation to be "innocent" concerns the removal's legal consequences. The intent requirements are different. Therefore, the Court's finding a DMCA violation does not preclude also finding the violation was "innocent." A contrary reading would mean that a violation of § 1202(b) could never be "innocent" under § 1203(c)(5)(A), and

2

"courts interpret statutes to avoid rendering portions of them 'superfluous' or 'pointless.'" *United States v. Sanders*, 708 F.3d 976, 993 (7th Cir. 2013) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113 (2001)).

Second, the plaintiff argues the City cannot assert that its DMCA violation was innocent because that is an affirmative defense the City needed to raise earlier. (R. 90 at 5–6.) In its answer, the City pled "[i]nnocent infringement in mitigation of actual or statutory damages." (R. 13 at 12.) According to the plaintiff, this "may only be read to assert innocent infringement for copyright infringement, and not apply to the DMCA claims." (R. 90 at 5.) Assuming that an innocent DMCA violation is an affirmative defense, the City sufficiently pled it. "Whether courts apply waiver or forfeiture in response to a failure to plead, the purpose of the pleading requirement for an affirmative defense 'is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail.'" *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019) (quoting *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997)). Here, the pleading makes the City's intended defense clear enough to put the plaintiff on notice of its innocence defense. *See id.* (quoting *Garofalo v. Village of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014) ("[T]he rule that forfeits an affirmative defense not pleaded in the answer (or by an earlier motion) is, we want to make clear, not to be applied rigidly.")). For these reasons, the plaintiff's objections to the jury instruction and verdict questions regarding whether the City's DMCA violation was innocent are overruled.

Date: September 10, 2025

JEREMY C. DANIEL
United States District Judge