FILED
9/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOMINIC GWINN,

    *Plaintiff,*

v.

CITY OF CHICAGO and DAVID
O'NEAL BROWN,

    *Defendants*

No. 23 CV 01823

Judge Jeremy C. Daniel

## <u>INSTRUCTIONS TO THE JURY</u>

Members of the jury, you have seen and heard all the evidence. I will now instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or struck any testimony from the record, such testimony is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what was said in opening statements or closing arguments, your memory is what counts.

Certain demonstrative exhibits have been shown to you. Those are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it was raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-  the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-  the witness's memory;

-  any interest, bias, or prejudice the witness may have;

-  the witness's intelligence;

-  the manner of the witness while testifying;

-  and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party, or by a witness who was under oath, before trial in deciding what weight to give his or her testimony.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say a particular party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, defendants are the City of Chicago and David O'Neal Brown, who was the Chicago Police Department Superintendent. Plaintiff Dominic Gwinn is a private citizen. All parties are equal before the law. The plaintiff and the defendants are entitled to the same fair consideration.

In this case, plaintiff Dominic Gwinn claimed that defendants David Brown and the City of Chicago infringed Mr. Gwinn's copyright in a 102-second cellphone video Mr. Gwinn took during a protest in Chicago on July 17, 2020. To succeed on a copyright infringement claim, Mr. Gwinn had to prove that the video footage is the subject of a valid copyright; that Mr. Gwinn owns the copyright; and that Mr. Brown and the City of Chicago copied protected expression in Mr. Gwinn's copyrighted work. I have already determined that Mr. Brown and the City of Chicago have each infringed Mr. Gwinn's copyright in the cellphone video. You must determine the amount of damages that Mr. Brown and the City of Chicago must pay for their copyright infringement.

The plaintiff must prove damages by a preponderance of the evidence. The plaintiff may recover an amount called "statutory damages." I will define this term in the following instructions.

You may award as statutory damages for copyright infringement an amount that you find to be fair under the circumstances. The amount must be between $750 and $30,000 for each copyrighted work infringed.

In determining the appropriate amount to award, you may consider the following factors:

-   the expenses that the defendants saved and profits they earned because of the infringement;

-   the revenues that the plaintiff lost because of the infringement;

-   the difficulty of proving the plaintiff's actual damages;

-   the circumstances of the infringement;

-   whether the defendant intentionally infringed the plaintiff's copyright; and

-   deterrence of future infringement.

If the plaintiff proves that the defendants willfully infringed the plaintiff's copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work. Infringement is considered willful if the plaintiff proves that the defendants knew that their actions constituted infringement of the plaintiff's copyright or acted with reckless disregard of the plaintiff's copyright.

If the defendants prove that they innocently infringed the plaintiff's copyright, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is considered innocent if the defendants prove that they did not know, and had no reason to know, that their acts constituted infringement.

In this case, plaintiff Dominic Gwinn also claimed that defendant the City of Chicago violated the Digital Millennium Copyright Act ("DMCA"). To succeed on a DMCA claim, Mr. Gwinn had to prove that the City of Chicago did any of the following, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of his copyright:

- intentionally remove or alter any copyright management information ("CMI");

- distribute or import for distribution CMI knowing that the CMI has been removed or altered without authority of the copyright owner or the law, or;

- distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that CMI has been removed or altered without authority of the copyright owner or the law.

CMI is information—including, among other things, information identifying the work, its author, the copyright owner, or numbers or symbols referring to such information—conveyed in connection with copies of a work, including in digital form. I have already determined that the City of Chicago violated the DMCA. You must determine the amount of damages that Mr. Brown and the City of Chicago must pay for each violation.

The plaintiff must prove damages by a preponderance of the evidence. The plaintiff may also recover "statutory damages" for each DMCA violation. I will define this term as it applies to the DMCA violations in the following instructions.

You may award damages to the plaintiff for the defendant's DMCA violations only to the extent you find that the violations harmed the plaintiff in a different way than the defendants' copyright infringement did. In determining the amount of damages to award the plaintiff for each DMCA violation, you should compensate him only for the separate harm caused by the DMCA violation, independent of whatever harm you have already compensated him for through your award for copyright infringement.

You may award as statutory damages for a DMCA violation an amount that you find to be fair under the circumstances. The amount must be between $2,500 and $25,000 for each violation.

In determining the appropriate amount to award, you may consider the following factors:

- the expenses that the defendants saved and profits they earned because of the violation;

- the revenues that the plaintiff lost because of the violation;

- the difficulty of proving the plaintiff's actual damages;

- the circumstances of the violation;

- whether the defendant committed the violation; and

- deterrence of future violations.

If the defendants prove that they innocently violated the DMCA, then you may, but are not required to, reduce the statutory damage award below $2,500 per violation. A violation is considered innocent if the defendants prove that they did not know, and had no reason to know, that their acts constituted a violation.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you. [Verdict form read].

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOMINIC GWINN,
    *Plaintiff,*

v.

CITY OF CHICAGO and DAVID
O'NEAL BROWN,
    *Defendants*

No. 23 CV 01823

Judge Jeremy C. Daniel

## JURY VERDICT FORM

1. Was the City of Chicago's infringement of Mr. Gwinn's copyright willful, innocent, or neither? Check only one of the options below.

   Willful _____      Innocent _____      Neither Willful Nor Innocent _____

2. Was David O'Neal Brown's infringement of Mr. Gwinn's copyright willful, innocent, or neither? Check only one of the options below.

   Willful _____      Innocent _____      Neither Willful Nor Innocent _____

3. Below, write the amount of statutory damages that you find to be fair under the circumstances to award Mr. Gwinn for the City of Chicago and Mr. Brown's infringement of Mr. Gwinn's copyright. The amount must be between $750 and $30,000. If you find Mr. Gwinn proved that either the City of Chicago or Mr. Brown willfully infringed Mr. Gwinn's copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000. If you find the City of Chicago and Mr. Brown both proved that they innocently infringed Mr. Gwinn's copyright, then you may, but are not required to, reduce the statutory damage award to as low as $200.

   Statutory Damages for Copyright Infringement:          $_____

4. Were the City of Chicago's violations of the DMCA innocent?

   Answer:  Yes _____      No _____

5. Below, write the amounts of statutory damages that you find to be fair under the circumstances to award Mr. Gwinn for each violation of the DMCA by the City of Chicago. The amount must be between $2,500 and $25,000 for each violation. If you find that the City of Chicago proved that it innocently violated the DMCA, then you may, but are not required to, reduce the statutory damage award below $2,500 per violation.

Statutory Damages for First DMCA Violation
(removal of CMI):                                                    $_____

Statutory Damages for Second DMCA Violation
(email to news outlets):                                          $_____

Statutory Damages for Third DMCA Violation
(upload to YouTube):                                             $_____


_____
Presiding Juror

_____                    _____


_____                    _____


_____                    _____


DATE: _____

2