UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.: 1:23-CV-01823-JD

DOMINIC GWINN,

        Plaintiff,

v.

CITY OF CHICAGO AND DAVID O'NEAL BROWN,

        Defendants.

**PLAINTIFF'S POST TRIAL MOTION FOR ENTRY OF A PERMANENT INJUNCTION AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to 17 U.S.C. §§ 502(a) and 1203(b)(1), Plaintiff DOMINIC GWINN ("Gwinn") respectfully submits this motion for a permanent injunction to enjoin the CITY OF CHICAGO and DAVID O'NEAL BROWN from infringing on Gwinn's works of authorship, removing Gwinn's CMI, or distributing Gwinn's copyrighted video without his CMI.

**I. INTRODUCTION**

On July 17, 2020, Dominic Gwinn documented a violent confrontation between protestors and the Chicago Police Department at Grant Park. Gwinn placed himself in harm's way to capture the events firsthand, ultimately producing his video and posting it on his Twitter account. The CPD downloaded the video, created a compilation video that included almost the entirety of Gwinn's work, showed the video at a press conference, and distributed the video to over 430 media contacts attributing the video to CPD instead of Gwinn. The video was posted to CPD's social media and to the Twitter account of former Police Superintendent David O'Neal Brown. The video remains on Brown's Twitter account to this day attributed falsely to the

Chicago Police Department at https://x.com/ChiefDavidBrown/status/1285263026304675840.

Brown's ongoing use of Gwinn's work with attribution to the CPD continues to violate Gwinn's exclusive rights. Brown should be enjoined from displaying Gwinn's work in the future so that Brown is forced to remove the work from X.

And while there is no indication that CPD will do it again, CPD's prior appropriation of Gwinn's work is enough to justify entry of an injunction against future appropriation and CMI removal by CPD of Gwinn's copyrighted works in the future.

## II. GWINN IS ENTITLED TO A PERMANENT INJUNCTION DUE TO BROWN'S REFUSAL TO CEASE INFRINGING.

The Copyright Act authorizes courts to issue injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). To obtain a permanent injunction, a prevailing plaintiff must show: (1) irreparable injury; (2) the inadequacy of legal remedies; (3) that the balance of hardships favors equitable relief; and (4) that the public interest would not be disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Gwinn's copyrighted video is still displayed on David O'Neal Brown's X account despite repeated actual notice of the infringement, Brown's deposition being taken, dispositive motions, the jury's finding of infringement, and the Court's prior summary judgment rulings. Brown's failure to remove the video despite Gwinn's protestations for the past five years demonstrates the need for a permanent injunction. Each of the *eBay* factors support injunctive relief.

### a. Gwinn Has Suffered Irreparable Harm, and Brown Cannot Rebut That Presumption.

Having prevailed on all claims, Gwinn benefits from a presumption of irreparable harm. See *Fashion Victim, Ltd. v. Sunrise Turquoise, Inc.*, 785 F. Supp. 1302, 1307 (N.D. Ill. 1992) (noting that irreparable injury "may normally be presumed from a showing of copyright infringement") (citing *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 620 (7th Cir. 1982)).

This Court determined that the City and Brown were liable for infringement and CMI violations. The jury found those violations were willful. While Brown failed to appear at trial, and is no longer employed by the City, one can presume that City officials are in contact with Brown since Brown was defended by the same counsel as City throughout this case.

Brown offered no defense for his actions. Gwinn testified to suffering harm from the appropriation of his video and that harm continues as Brown continues to display the video on Brown's Twitter. The continuing display of Gwinn's Work without authorization perpetuates the very injury the Copyright Act seeks to prevent – loss of control over one's creative work and dilution of its market and reputational value. The ongoing infringement ensures that Gwinn's harm is not only irreparable but continuous.

### b. Monetary Damages Are Inadequate to Compensate Gwinn.

Courts recognize that monetary relief alone cannot remedy the ongoing harm caused by infringement. "By its very nature, a claim of invasion of intellectual property... demands injunctive relief if the value of that property is not to be destroyed." *Fashion Victim*, 785 F. Supp. at 1307.

Brown's defiance confirms that damages have not – and will not – deter his misconduct or restore Gwinn's lost control over his Work. Without injunctive relief, the infringement will persist, and Gwinn's exclusive rights will remain out of his control. The law does not require a prevailing copyright holder to continually sue to stop an infringer who refuses to comply voluntarily. Equity therefore compels an injunction.

### c. The Balance of Hardships Strongly Favors Gwinn.

When weighing the equities, courts routinely find that an injunction is appropriate in copyright cases where infringement has been established. *See Concrete Mfg. Co. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600, 613 (1st Cir. 1988) (holding that when likelihood of success is

strong, injunction should issue even if defendant bears a greater burden).

The hardship to Gwinn is continuing: the unauthorized use of Gwinn's work by Brown undermines his rights and creative independence. The hardship to Brown to remove the work is minimal. Brown need only remove the infringing post and refrain from future violations. City need only refrain from future infringement and violations. The balance of hardships overwhelmingly favors Gwinn.

### d. The Public Interest Strongly Supports Injunctive Relief.

The public interest is best served by enforcing copyright protections and ensuring respect for intellectual property rights. "The public is generally interested in upholding intellectual property rights, encouraging creativity and innovation, and rewarding the investment of resources in these pursuits." *Computer Assocs. Int'l v. Quest Software, Inc.*, 333 F. Supp. 2d 688, 701 (N.D. Ill. 2004).

An injunction here advances those interests by reaffirming that even large municipal police departments and their former superintendents must respect the exclusive rights of creators under the Copyright Act. It sends a clear message that public officials cannot appropriate independent journalists' works for political or public-relations purposes without consequence. Beyond remedying Gwinn's individual harm, an injunction promotes public confidence in the copyright system and protects other creators from the same abuse.

Allowing infringement to persist would undermine the copyright system itself, discouraging creators from investing time and effort in original works. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir. 1983). For these reasons, the public interest weighs strongly in favor of granting injunctive relief.

## III. CONCLUSION

This Court should enter a permanent injunction against Brown and the City of Chicago, and all persons acting in concert with Brown and the City of Chicago, from reproducing, displaying, distributing and creating derivative works of Gwinn's copyrighted works without Gwinn's authorization, from knowingly removing Gwinn's copyright management information from Gwinn's copyrighted works without Gwinn's authorization, from distributing Gwinn's works without his CMI, and from applying the City of Chicago's copyright management information to Gwinn's copyrighted works without Gwinn's authorization.

DATED: October 8, 2025

Respectfully submitted,

/s/ *Evan A. Andersen*
EVAN A. ANDERSEN
Bar Number: GA 377422
evan.andersen@sriplaw.com
ANTHONY J. UNDERWOOD
Bar Number: (TN) 041350 (FL) 1056640
aj.underwood@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
Bar Number: FL 98220
joel@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road, Suite 100
Boca Raton, GA 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Dominic Gwinn*