**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINIC GWINN,<br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO *et al.*,<br>Defendants. | No. 23-cv-01823<br><br>Judge Jeremy C. Daniel |

## ORDER

The plaintiff's motion for attorneys' fees, costs, and pre-judgment interest [105] is granted in part and denied in part. The motion is denied as to attorneys' fees and granted as to costs in the amount of $4,801.02 and pre-judgment interest. The plaintiff filed his bill of costs as a motion. The Court grants that motion in the amount of $4,801.02. The plaintiff's motion for a permanent injunction [107] is granted.

## STATEMENT

**Attorneys' Fees**

"The Copyright Act authorizes prevailing parties to recover their costs and fees." *Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, 77 F.4th 630, 631 (7th Cir. 2023) (citing 17 U.S.C. § 505). "Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective unreasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence." *Id.* (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "None of those factors is determinative, each case is different, and a district court's analysis must be sensitive to the facts before it." *Id.* "[F]ee awards under § 505 should encourage the types of lawsuits that promote [the purposes of Copyright law]." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016); *see also Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 503 (7th Cir. 2021) ("a district court's discretion must be moored to sound legal principles that look to 'the large objectives of the relevant Act.'").

Here, the plaintiff's claims were not frivolous. The plaintiff alleged that the defendant infringed the plaintiff's copyright and removed copyright management information in violation of the Digital Millenium Copyright Act ("DMCA"). The defendants did not dispute that they used the plaintiff's copyrighted work without authorization. (R. 33

¶ 56.) Rather, the defendants claimed that their use of the work constituted fair use. The Court disagreed, granted summary judgment on infringement, and set the matter for trial as to damages. (*See* R. 55; R. 66.) At that trial, the jury determined that the defendants' copyright infringement was willful and that defendant City of Chicago's violation of the DMCA was not innocent. (R. 98.) The plaintiff's success at summary judgment and at trial show that his claims were not frivolous. This factor favors a fee award.

The Court understands the defendants' motivation for defending against the plaintiff's claims in the way they did. The defendant did not contest infringement, other than to argue fair use. While the jury's willfulness finding makes clear there was evidence that the defendants did not act in good faith, (*compare* R. 98 (finding willfulness) *with* R. 55 at 13 (noting there was no evidence to suggest bad faith)), that was not made clear at the summary judgment stage. The defendant advanced a novel argument concerning the DMCA claim.

As for damages, the maximum statutory damages for willful copyright infringement is $150,000. The defendant reduced that to $107,500. The Court understands that the plaintiff offered to settle for as little as $149,000. (R. 105-1 ¶ 8.) And the Court understands that the plaintiff ultimately recovered a total of $147,500. Given that the defendants faced potential damages of $225,000 ($150,000 for willful copyright infringement and $25,000 for each DMCA violation), and given that the jury awarded damages less than that, the Court does not question the defendants' motivation in defending the suit. This factor concerning the defendants' motivation for defending against the claims does not favor a fee award.

The defendants' defense at trial was not unreasonable. The crux of the defendants' defense concerning damages was that the plaintiff shopped his video around to various news outlets but they refused to pay the $250 the plaintiff asked for to license his work. Based on that, the defendants asked the jury to award the plaintiff treble damages based on the price the plaintiff set for his work. The case was not that straightforward, however, as the various news outlets simply used the infringing video put out by the defendants to obtain access to the plaintiff's work. The plaintiff argued, in effect, destroyed the market for his copyright. The jury sided with the plaintiff. And while the defendants' position may have ignored the overall market effect their actions had on the value of the plaintiff's copyright, their litigation position was not unreasonable. Accordingly, this factor does not favor a fee award.

The last factor is the need to advance considerations of compensation and deterrence. "[W]hen a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party." *Assessment Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). That is not the case here. The plaintiff recovered more than seventy percent of the maximum statutory damages for

willful copyright infringement. The plaintiff recovered more than half the maximum statutory damages allowed for his three DMCA claims. The plaintiff recovered $147,500 of $225,000 in statutory damages available to him. That was not a small amount. *See, e.g.*, *Gonzalez v. Transfer Tech., Inc.*, 301 F.3d 608, 609-10 (7th Cir. 2002) (explaining that willful infringements involving smaller amounts of money make a "stronger [ ] case for an award of attorneys' fees."). Given that the plaintiff had a few inquiries from news organizations for his footage and that the plaintiff offered to let the news organizations use his footage for $250 apiece, the plaintiff's recovery was lucrative. The damages award is sufficient to compensate. It is also sufficient to deter. This factor does not favor a fee award.

Three of the four *Fogerty* factors do not favor a fee award. The prospect (and subsequent award) of significant statutory damages was sufficient to encourage the plaintiff to litigate his meritorious claim. A different view of potential damages, and colorable claims and evidence to support that view, encouraged the defendant to defend this case through trial. There was no litigation misconduct by either party. There was no evidence of repeated instances of copyright infringement by the defendants. Here, a fee award is not necessary to advance the objectives of the Copyright Act.

**Costs**

The plaintiff seeks costs in the amount of $5,203.67. The defendants object to $402.65 of those costs because they relate to courtesy copies. According to the defendant, the Court does not require courtesy copies. While that is true of the undersigned, the parties filed dispositive motions in this case before the Executive Committee reassigned the case to the undersigned. (*Compare* R. 31, R. 34, R. 42, R. 47, R. 49, R. 51 *with* R. 53.) The defendant says nothing about whether the prior judge required courtesy copies. The defendant also argues that 28 U.S.C. § 1920 does not allow a party to collect delivery charges as costs. The plaintiff does not respond to this argument. The statute does not list "fee for service" charges. And the plaintiff has not itemized the disputed costs in a manner that lets the Court determine whether a portion of the costs were for printing and a portion for service. There, the Court will not award the plaintiff the disputed costs. Accordingly, the Court awards the plaintiff $4,801.02 in costs.

**Prejudgment Interest**

The plaintiff seeks prejudgment interest. The defendant has not opposed that request. The Court finds that prejudgment interest is appropriate here because it is necessary to make the plaintiff whole. The defendants infringed the plaintiff's copyright years ago and the plaintiff has waited years to recover. Because the defendants' infringement was willful, there is no reason they should benefit from their misconduct by obtaining free use of the plaintiff's intellectual property. The Court awards the plaintiff prejudgment interest in the amount of $47,012.09. The

Court further invites the parties to confer and file a motion to amend the judgment on or before October 8, 2026, to account for any prejudgment interest that accrued since the filing of the plaintiff's motion and entry of judgment.

**Permanent Injunction**

The plaintiff seeks a permanent injunction. The defendants have not opposed that motion. To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff suffered irreparable harm. The plaintiff sought to license his footage to news outlets and the news outlets were able to get the footage for free. That leaves one to speculate as to the extent of the harm suffered by the plaintiff. But what is clear is that the plaintiff lost the ability to control the manner in which his work was transferred or viewed by others. Monetary damages are not sufficient to compensate the plaintiff for that injury. The defendants experience no hardship from an injunction—they had no right to the footage in the first instance. And a permanent injunction serves the public interest by upholding and serving the purposes of the Copyright Act. Therefore, the Court will enter a permanent injunction against the defendants.

Date: September 24, 2026

JEREMY C. DANIEL
United States District Judge