**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**CASE NO.: 1:23-cv-01823-JD**

DOMINIC GWINN,

Plaintiff,

v.

CITY OF CHICAGO and DAVID O'NEAL BROWN

Defendants.

---

**NOTICE OF APPEAL**

Notice is hereby given that DOMINIC GWINN, the Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Judgment entered at ECF 123 on September 24, 2026 that, pursuant to the Order of the same date entered at ECF 122, denied Plaintiff's Motion for Attorneys' Fees filed at ECF 105. The Order entered at ECF 122 and the Judgment entered at ECF 123 are attached hereto.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Evan A. Andersen*

EVAN A. ANDERSEN
evan.andersen@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.598.0800 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Dominic Gwinn*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINIC GWINN,<br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO *et al.*,<br>Defendants. | No. 23-cv-01823<br><br>Judge Jeremy C. Daniel |

**ORDER**

The plaintiff's motion for attorneys' fees, costs, and pre-judgment interest [105] is granted in part and denied in part. The motion is denied as to attorneys' fees and granted as to costs in the amount of $4,801.02 and pre-judgment interest. The plaintiff filed his bill of costs as a motion. The Court grants that motion in the amount of $4,801.02. The plaintiff's motion for a permanent injunction [107] is granted.

**STATEMENT**

**<u>Attorneys' Fees</u>**

"The Copyright Act authorizes prevailing parties to recover their costs and fees." *Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, 77 F.4th 630, 631 (7th Cir. 2023) (citing 17 U.S.C. § 505). "Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective unreasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence." *Id.* (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). "None of those factors is determinative, each case is different, and a district court's analysis must be sensitive to the facts before it." *Id.* "[F]ee awards under § 505 should encourage the types of lawsuits that promote [the purposes of Copyright law]." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016); *see also Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 503 (7th Cir. 2021) ("a district court's discretion must be moored to sound legal principles that look to 'the large objectives of the relevant Act.'").

Here, the plaintiff's claims were not frivolous. The plaintiff alleged that the defendant infringed the plaintiff's copyright and removed copyright management information in violation of the Digital Millenium Copyright Act ("DMCA"). The defendants did not dispute that they used the plaintiff's copyrighted work without authorization. (R. 33

¶ 56.) Rather, the defendants claimed that their use of the work constituted fair use. The Court disagreed, granted summary judgment on infringement, and set the matter for trial as to damages. (*See* R. 55; R. 66.) At that trial, the jury determined that the defendants' copyright infringement was willful and that defendant City of Chicago's violation of the DMCA was not innocent. (R. 98.) The plaintiff's success at summary judgment and at trial show that his claims were not frivolous. This factor favors a fee award.

The Court understands the defendants' motivation for defending against the plaintiff's claims in the way they did. The defendant did not contest infringement, other than to argue fair use. While the jury's willfulness finding makes clear there was evidence that the defendants did not act in good faith, (*compare* R. 98 (finding willfulness) *with* R. 55 at 13 (noting there was no evidence to suggest bad faith)), that was not made clear at the summary judgment stage. The defendant advanced a novel argument concerning the DMCA claim.

As for damages, the maximum statutory damages for willful copyright infringement is $150,000. The defendant reduced that to $107,500. The Court understands that the plaintiff offered to settle for as little as $149,000. (R. 105-1 ¶ 8.) And the Court understands that the plaintiff ultimately recovered a total of $147,500. Given that the defendants faced potential damages of $225,000 ($150,000 for willful copyright infringement and $25,000 for each DMCA violation), and given that the jury awarded damages less than that, the Court does not question the defendants' motivation in defending the suit. This factor concerning the defendants' motivation for defending against the claims does not favor a fee award.

The defendants' defense at trial was not unreasonable. The crux of the defendants' defense concerning damages was that the plaintiff shopped his video around to various news outlets but they refused to pay the $250 the plaintiff asked for to license his work. Based on that, the defendants asked the jury to award the plaintiff treble damages based on the price the plaintiff set for his work. The case was not that straightforward, however, as the various news outlets simply used the infringing video put out by the defendants to obtain access to the plaintiff's work. The plaintiff argued, in effect, destroyed the market for his copyright. The jury sided with the plaintiff. And while the defendants' position may have ignored the overall market effect their actions had on the value of the plaintiff's copyright, their litigation position was not unreasonable. Accordingly, this factor does not favor a fee award.

The last factor is the need to advance considerations of compensation and deterrence. "[W]hen a meritorious claim or defense is not lucrative, an award of attorneys' fees may be necessary to enable the party possessing the meritorious claim or defense to press it to a successful conclusion rather than surrender it because the cost of vindication exceeds the private benefit to the party." *Assessment Tech. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). That is not the case here. The plaintiff recovered more than seventy percent of the maximum statutory damages for

willful copyright infringement. The plaintiff recovered more than half the maximum statutory damages allowed for his three DMCA claims. The plaintiff recovered $147,500 of $225,000 in statutory damages available to him. That was not a small amount. *See*, *e.g.*, *Gonzalez v. Transfer Tech., Inc.*, 301 F.3d 608, 609-10 (7th Cir. 2002) (explaining that willful infringements involving smaller amounts of money make a "stronger [ ] case for an award of attorneys' fees."). Given that the plaintiff had a few inquiries from news organizations for his footage and that the plaintiff offered to let the news organizations use his footage for $250 apiece, the plaintiff's recovery was lucrative. The damages award is sufficient to compensate. It is also sufficient to deter. This factor does not favor a fee award.

Three of the four *Fogerty* factors do not favor a fee award. The prospect (and subsequent award) of significant statutory damages was sufficient to encourage the plaintiff to litigate his meritorious claim. A different view of potential damages, and colorable claims and evidence to support that view, encouraged the defendant to defend this case through trial. There was no litigation misconduct by either party. There was no evidence of repeated instances of copyright infringement by the defendants. Here, a fee award is not necessary to advance the objectives of the Copyright Act.

**<u>Costs</u>**

The plaintiff seeks costs in the amount of $5,203.67. The defendants object to $402.65 of those costs because they relate to courtesy copies. According to the defendant, the Court does not require courtesy copies. While that is true of the undersigned, the parties filed dispositive motions in this case before the Executive Committee reassigned the case to the undersigned. (*Compare* R. 31, R. 34, R. 42, R. 47, R. 49, R. 51 *with* R. 53.) The defendant says nothing about whether the prior judge required courtesy copies. The defendant also argues that 28 U.S.C. § 1920 does not allow a party to collect delivery charges as costs. The plaintiff does not respond to this argument. The statute does not list "fee for service" charges. And the plaintiff has not itemized the disputed costs in a manner that lets the Court determine whether a portion of the costs were for printing and a portion for service. There, the Court will not award the plaintiff the disputed costs. Accordingly, the Court awards the plaintiff $4,801.02 in costs.

**<u>Prejudgment Interest</u>**

The plaintiff seeks prejudgment interest. The defendant has not opposed that request. The Court finds that prejudgment interest is appropriate here because it is necessary to make the plaintiff whole. The defendants infringed the plaintiff's copyright years ago and the plaintiff has waited years to recover. Because the defendants' infringement was willful, there is no reason they should benefit from their misconduct by obtaining free use of the plaintiff's intellectual property. The Court awards the plaintiff prejudgment interest in the amount of $47,012.09. The

Court further invites the parties to confer and file a motion to amend the judgment on or before October 8, 2026, to account for any prejudgment interest that accrued since the filing of the plaintiff's motion and entry of judgment.

**Permanent Injunction**

The plaintiff seeks a permanent injunction. The defendants have not opposed that motion. To obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff suffered irreparable harm. The plaintiff sought to license his footage to news outlets and the news outlets were able to get the footage for free. That leaves one to speculate as to the extent of the harm suffered by the plaintiff. But what is clear is that the plaintiff lost the ability to control the manner in which his work was transferred or viewed by others. Monetary damages are not sufficient to compensate the plaintiff for that injury. The defendants experience no hardship from an injunction—they had no right to the footage in the first instance. And a permanent injunction serves the public interest by upholding and serving the purposes of the Copyright Act. Therefore, the Court will enter a permanent injunction against the defendants.

Date: September 24, 2026

JEREMY C. DANIEL
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

DOMINIC GWINN ,

Plaintiff,

v.

CITY OF CHICAGO and DAVID O'NEAL BROWN,

Defendants.

Case No. 23-cv-01823
Judge Jeremy C. Daniel

**JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☒ in favor of plaintiff Dominic Gwinn and against defendants City of Chicago and David Brown in the amount of $107,500 as to Count I; and in favor of plaintiff Dominic Gwinn and against defendant City of Chicago in the amount of $40,000 as to Count II.

The Court further awards the plaintiff pre-judgment interest in the amount of $47,012.09.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff shall recover $4,801.02 in costs from defendants.

---

☒ in favor of defendant David Brown and against plaintiff Dominic Gwinn as to Count II.

---

☐ other:

---

This action was *(check one)*:

☒ tried by a jury with Judge Jeremy C. Daniel presiding, and the jury has rendered a verdict as to damages only.
☐ tried by Judge without a jury and the above decision was reached.
☒ decided by Judge Jeremy C. Daniel on a motion for summary judgment (R. 55.)

Date: 9/24/2026

Thomas G. Bruton, Clerk of Court

Vettina Franklin, Deputy Clerk

AO279,APPEAL,COX,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)
# CIVIL DOCKET FOR CASE #: 1:23-cv-01823
# Internal Use Only

Gwinn v. City of Chicago et al
Assigned to: Honorable Jeremy C. Daniel
Cause: 17:501 Copyright Infringement

Date Filed: 03/23/2023
Date Terminated: 09/24/2026
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Dominic Gwinn** represented by

**Evan A. Andersen**
SRIPLAW, P.A.
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470-598-0800
Fax: 561-404-4353
Email: Evan.andersen@sriplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony James Underwood**
Gordon Rees Scully Mansukhani, LLP
55 Ivan Allen Jr. Blvd. NW
Suite 750
Atlanta, GA 30308
404-869-9054
Email: ajunderwood@grsm.com
*ATTORNEY TO BE NOTICED*

**Yanling Jiang**
33 West Jackson Boulevard
Ste 200
60604
Chicago, IL 60604
630-733-9483
Email: yanling@jiangip.com
*ATTORNEY TO BE NOTICED*

**Yi Bu**
JiangIP LLC
33 West Jackson Boulevard
Unit #2W
Chicago, IL 60604
262.729.3628
Fax: Not a member
Email: ybu@jiangip.com

*ATTORNEY TO BE NOTICED*

**Joel Benjamin Rothman**
SRIPLAW, P.A.
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561-404-4350
Fax: Active
Email: joel.rothman@sriplaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Chicago** represented by **Joseph F. Schmidt**
Taft Stettinius & Hollister LLP
111 East Wacker Dr.
Suite 2800
Chicago, IL 60601
(312)836-4178
Fax: Active
Email: jschmidt@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Sophie E.H. Rayzor**
Taft Stettinius & Hollister, LLP
Litigation
111 E. Wacker Drive
Ste 2600
Chicago, IL 60601
312-836-4120
Fax: 312-527-4011
Email: srayzor@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Stephanie Patrice Addison**
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 836-4021
Fax: Not a member
Email: saddison@taftlaw.com
*TERMINATED: 04/12/2024*

**Defendant**

**David O'Neal Brown** represented by **Joseph F. Schmidt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sophie E.H. Rayzor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Patrice Addison**
(See above for address)
*TERMINATED: 04/12/2024*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2023 | 1 | COMPLAINT filed by Dominic Gwinn; JURY DEMAND. Filing fee $ 402, receipt number AILNDC-20470250. (Attachments: # 1 Exhibit 1 - Certificate of Registration, # 2 Exhibit 2 - Infringement, # 3 Civil Cover Sheet)(Rothman, Joel) (Entered: 03/23/2023) |
| 03/23/2023 | | CASE ASSIGNED to the Honorable Nancy L. Maldonado. Designated as Magistrate Judge the Honorable Susan E. Cox. Case assignment: Random assignment. (ak, ) (Entered: 03/23/2023) |
| 03/23/2023 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (ak, ) (Entered: 03/23/2023) |
| 03/23/2023 | | SUMMONS Issued as to Defendants David O'Neal Brown, City of Chicago (emc, ) (Entered: 03/23/2023) |
| 03/24/2023 | 2 | ATTORNEY Appearance for Plaintiff Dominic Gwinn by Yanling Jiang (Jiang, Yanling) (Entered: 03/24/2023) |
| 03/24/2023 | 3 | ATTORNEY Appearance for Plaintiff Dominic Gwinn by Joel Benjamin Rothman (Rothman, Joel) (Entered: 03/24/2023) |
| 03/24/2023 | 4 | MAILED copyright report to Registrar, Washington DC (rp, ) (Entered: 03/24/2023) |
| 03/27/2023 | 5 | MINUTE entry before the Honorable Nancy L. Maldonado: A Rule 16 initial status hearing is set for 6/6/2023 at 10:00 a.m. by WebEx video conference. The dial-in number for the public is: 650-479-3207; access code is: 23092240260. The parties will receive a WebEx invitation by email. By 5/30/2023, the parties shall file a joint Initial Status Report that complies with the Court's standing order, which can be found on the Court's website. During the video hearing, the parties should turn off their cameras and mute their microphones until their case is called. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in court-imposed sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. (ca, ) (Entered: 03/27/2023) |
| 04/10/2023 | 6 | ATTORNEY Appearance for Defendants David O'Neal Brown, City of Chicago by Joseph F. Schmidt (Schmidt, Joseph) (Entered: 04/10/2023) |
| 04/10/2023 | 7 | WAIVER OF SERVICE returned executed by Dominic Gwinn. City of Chicago waiver sent on 4/6/2023, answer due 6/5/2023. (Rothman, Joel) (Entered: |

| | | |
|---|---|---|
| | | 04/10/2023) |
| 04/10/2023 | 8 | WAIVER OF SERVICE returned executed by Dominic Gwinn. David O'Neal Brown waiver sent on 4/6/2023, answer due 6/5/2023. (Rothman, Joel) (Entered: 04/10/2023) |
| 05/25/2023 | 9 | ATTORNEY Appearance for Plaintiff Dominic Gwinn by Yi Bu (Bu, Yi) (Entered: 05/25/2023) |
| 05/26/2023 | 10 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC-20678260.<br><br>(Attachments: # 1 Exhibit A - List of Courts Admitted)(Andersen, Evan) (Entered: 05/26/2023) |
| 05/30/2023 | 11 | MINUTE entry before the Honorable Nancy L. Maldonado: Motion for leave to appear pro hac vice by Evan A. Andersen 10 is granted. (ca, ) (Entered: 05/30/2023) |
| 05/30/2023 | 12 | STATUS Report *(FILED JOINTLY)* by Dominic Gwinn<br><br>(Rothman, Joel) (Entered: 05/30/2023) |
| 06/05/2023 | 13 | ANSWER to Complaint by David O'Neal Brown, City of Chicago(Schmidt, Joseph) (Entered: 06/05/2023) |
| 06/06/2023 | 14 | MINUTE entry before the Honorable Nancy L. Maldonado: Status hearing held on 6/6/23 via WebEx video conference. Rule 26(a)(1) initial disclosures are to be exchanged by 6/27/23; the first date to issue written discovery is 7/7/23; fact discovery will close on 11/10/23. The Court will defer entering an expert discovery schedule at this time. A joint status report is due by 8/31/23 to update the Court on: (1) the progress of discovery; (2) the state of settlement discussions, if any; (3) whether the parties anticipate the need for expert witnesses; and (4) any other matters the parties wish to bring to the Court's attention. If the parties would like a referral to the Magistrate Judge for a settlement conference, they may email the courtroom deputy at any time to request one. (ca, ) (Entered: 06/06/2023) |
| 08/22/2023 | 18 | DOCUMENT Removed pursuant to Order dated 9/13/23 by Judge Nancy L. Maldonado. Modified on 9/13/2023 (gcy, ). (Entered: 09/12/2023) |
| 08/31/2023 | 15 | STATUS Report *(Joint)* by Dominic Gwinn<br><br>(Andersen, Evan) (Entered: 08/31/2023) |
| 09/01/2023 | 16 | MINUTE entry before the Honorable Nancy L. Maldonado: The Court has reviewed the parties' joint status report on discovery 15 . The Court grants the parties' request to extend the discovery cutoff to February 7, 2024. The Court notes that any future requests for extensions should be made in a separate motion and must demonstrate good cause. The Court further notes that it expects the parties to work diligently to meet the new deadline, given that there are now nearly 5 months to complete all fact discovery. Further joint status report due 10/31/2023 to update the Court on the progress of oral and written discovery, as well as any further updates on the parties' settlement discussions, if any. The Court notes that if the parties would like a referral to a magistrate judge for a settlement conference, they may email the Court's courtroom deputy at any time. Emailed notice (axc). (Entered: 09/01/2023) |

| | | |
|---|---|---|
| 09/08/2023 | 17 | NOTICE by Evan A. Andersen of Change of Address (Andersen, Evan) (Entered: 09/08/2023) |
| 09/13/2023 | 19 | MINUTE entry before the Honorable Nancy L. Maldonado: The Court is in receipt of a filing from a Joel Rivas at docket entry 18 . It appears this filing was mistakenly docketed on this case number, as there is no Rivas involved in this case, but there is a USA v. Rivas case with the similar number of 22-cv-01823. The Clerk is directed to remove the filing at docket entry 18 . (ca, ) (Entered: 09/13/2023) |
| 10/30/2023 | 20 | STATUS Report *(Joint)* by Dominic Gwinn<br><br>(Andersen, Evan) (Entered: 10/30/2023) |
| 10/31/2023 | 21 | MINUTE entry before the Honorable Nancy L. Maldonado: The Court has reviewed the parties' joint status report 20 . A further joint status report is due 12/20/2023 to update the Court on the parties' progress in discovery. The Court notes that it has already extended the discovery cut-off once, and therefore it expects the parties' next status report to demonstrate meaningful progress in discovery, including oral discovery, and that the parties are on track to complete all outstanding fact discovery by the 02/7/2024 cut-off. (ca, ) (Entered: 10/31/2023) |
| 12/20/2023 | 22 | STATUS Report *(Joint)* by Dominic Gwinn<br><br>(Andersen, Evan) (Entered: 12/20/2023) |
| 12/21/2023 | 23 | MINUTE entry before the Honorable Nancy L. Maldonado:The Court has reviewed the parties' joint status report on discovery 22 . A further joint status report is due 01/22/2024 to update the Court on: (1) the parties' progress in discovery, including a description of what discovery remains to be completed and confirmation that the parties are on track to meet the 02/07/2024 cut-off; (2) a proposed dispositive motion schedule; and (3) the state of settlement discussions, including whether the parties would like a referral to a magistrate judge for a settlement conference prior to dispositive motion practice. (ca, ) (Entered: 12/21/2023) |
| 12/28/2023 | 24 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/22/2024 | 25 | STATUS Report *(Joint)* by Dominic Gwinn<br><br>(Andersen, Evan) (Entered: 01/22/2024) |

| | | |
|---|---|---|
| 01/23/2024 | 26 | MINUTE entry before the Honorable Nancy L. Maldonado: The Court has reviewed the parties' joint status report 25 which indicates they are on track to complete discovery by the 2/7/2024 cut-off. The Court adopts the parties' proposed dispositive motion schedule as follows: dispositive motions due April 24, 2024; responses to motions due May 23, 2024; replies due June 14, 2024. The Court notes that, while Plaintiff requests a settlement conference, the Court will not order the parties to participate in a conference unless both sides are in agreement that it would be productive. Given the amount of time in the schedule between the close of fact discovery and dispositive motion briefing, the Court strongly encourages the parties to pursue settlement discussions before the costly exercise of summary judgment briefing. The parties may email the Court's courtroom deputy at any time to request a referral to a magistrate judge for a settlement conference should both sides be in agreement that a conference would be productive. The Court directs the parties to familiarize themselves with the undersigned's standing order for summary judgment practice, available on the Court's website, as it includes a meet and confer requirement prior to the filing of any motion. (ca, ) (Entered: 01/23/2024) |
| 04/03/2024 | 27 | ATTORNEY Appearance for Defendants David O'Neal Brown, City of Chicago by Stephanie Patrice Addison (Addison, Stephanie) (Entered: 04/03/2024) |
| 04/11/2024 | 28 | MOTION by Attorney Stephanie P. Addison to withdraw as attorney for David O'Neal Brown, City of Chicago. No party information provided<br><br>(Addison, Stephanie) (Entered: 04/11/2024) |
| 04/12/2024 | 29 | MINUTE entry before the Honorable Nancy L. Maldonado: Motion to withdraw Stephanie Addison as attorney 28 is granted. (ca, ) (Entered: 04/12/2024) |
| 04/16/2024 | 30 | ATTORNEY Appearance for Defendants David O'Neal Brown, City of Chicago by Sophie Honeyman (Honeyman, Sophie) (Entered: 04/16/2024) |
| 04/24/2024 | 31 | MOTION by Defendants David O'Neal Brown, City of Chicago for summary judgment<br><br>(Schmidt, Joseph) (Entered: 04/24/2024) |
| 04/24/2024 | 32 | MEMORANDUM by David O'Neal Brown, City of Chicago in support of motion for summary judgment 31 (Schmidt, Joseph) (Entered: 04/24/2024) |
| 04/24/2024 | 33 | RULE 56 1 Statement by David O'Neal Brown, City of Chicago regarding motion for summary judgment 31 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Errata 11, # 12 Errata 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18) (Schmidt, Joseph) (Entered: 04/24/2024) |
| 04/24/2024 | 34 | MOTION by Plaintiff Dominic Gwinn for summary judgment<br><br>(Attachments: # 1 MEMORANDUM, # 2 RULE 56.1 Statement, # 3 Fact 1, # 4 Fact 2, # 5 Fact 3, # 6 Fact 4, # 7 Fact 5, # 8 Fact 6, # 9 Fact 7, # 10 Fact 8, # 11 Fact 9, # 12 Fact 10, # 13 Fact 11, # 14 Fact 12, # 15 Fact 13, # 16 Fact 14, # 17 Fact 15, # 18 Fact 16, # 19 Fact 17, # 20 Fact 18)(Andersen, Evan) (Entered: 04/24/2024) |
| 04/25/2024 | 35 | DIGITAL EXHIBIT submitted by David O'Neal Brown, City of Chicago regarding 33 |

| | | | |
|---|---|---|---|
| | | | For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (jmv, ) (Entered: 04/25/2024) |
| 04/25/2024 | | 36 | (Court only) DIGITAL EXHIBIT submitted by David O'Neal Brown, City of Chicago regarding 33 (jmv, ) (Entered: 04/25/2024) |
| 04/26/2024 | | 37 | MINUTE entry before the Honorable Nancy L. Maldonado:The Court approves the parties' proposed briefing schedule; responses to the motions for summary judgment 31 34 are due by 5/24/24; replies are due by 6/7/24. (ca, ) (Entered: 04/26/2024) |
| 04/26/2024 | | 38 | DIGITAL EXHIBIT submitted by Dominic Gwinn<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (jmv, ) (Entered: 04/26/2024) |
| 04/26/2024 | | 39 | (Court only) DIGITAL EXHIBIT submitted by Dominic Gwinn (jmv, ) (Entered: 04/26/2024) |
| 05/22/2024 | | 40 | MOTION by Defendants David O'Neal Brown, City of Chicago Agreed Motion to Extend Briefing Schedule<br><br>(Schmidt, Joseph) (Entered: 05/22/2024) |
| 05/23/2024 | | 41 | MINUTE entry before the Honorable Nancy L. Maldonado: Agreed motion to extend the briefing schedule 40 is granted. Responses to the motions for summary judgment 31 34 are due by 5/31/24; replies are due by 6/14/24. (ca, ) (Entered: 05/23/2024) |
| 05/31/2024 | | 42 | RESPONSE by David O'Neal Brown, City of Chicagoin Opposition to MOTION by Plaintiff Dominic Gwinn for summary judgment<br><br>34 (Schmidt, Joseph) (Entered: 05/31/2024) |
| 05/31/2024 | | 43 | RESPONSE by Defendants David O'Neal Brown, City of Chicago *to Plaintiff's L.R. 56.1(a)(2) Statement of Materials Facts [DKT 34-2]* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Schmidt, Joseph) (Entered: 05/31/2024) |
| 05/31/2024 | | 44 | RULE 56.1(b)(3) Statement *of Additional Material Facts of Defendants City of Chicago and David O'Neal Brown* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Schmidt, Joseph) (Entered: 05/31/2024) |
| 05/31/2024 | | 45 | DIGITAL EXHIBIT submitted by David O'Neal Brown, City of Chicago regarding 44 |

| | | |
|---|---|---|
| | | For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (jxm, ) (Entered: 05/31/2024) |
| 05/31/2024 | 46 | (Court only) DIGITAL EXHIBIT submitted by David O'Neal Brown, City of Chicago regarding 44 (jxm, ) (Entered: 05/31/2024) |
| 05/31/2024 | 47 | RESPONSE by Dominic Gwinnin Opposition to MOTION by Defendants David O'Neal Brown, City of Chicago for summary judgment<br><br>31 (Attachments: # 1 Rule 56.1(b)(3) Statement, # 2 Exhibit 1 -- Gwinn Declaration)(Andersen, Evan) (Entered: 05/31/2024) |
| 05/31/2024 | 48 | RESPONSE by Plaintiff Dominic Gwinn to Rule 56 statement, 33 (Andersen, Evan) (Entered: 05/31/2024) |
| 06/14/2024 | 49 | REPLY by Defendants David O'Neal Brown, City of Chicago to motion for summary judgment 31 (Schmidt, Joseph) (Entered: 06/14/2024) |
| 06/14/2024 | 50 | RESPONSE by Defendants David O'Neal Brown, City of Chicago *to Plaintiff's Rule 56.1(b)(3) Statement of Additional Material Facts* (Schmidt, Joseph) (Entered: 06/14/2024) |
| 06/14/2024 | 51 | REPLY by Dominic Gwinn to response in opposition to motion 42 , MOTION by Plaintiff Dominic Gwinn for summary judgment<br><br>34 (Andersen, Evan) (Entered: 06/14/2024) |
| 06/14/2024 | 52 | RESPONSE by Plaintiff Dominic Gwinn to Rule 56 statement, 44 *Defendant's Statement of Additional Material Facts* (Andersen, Evan) (Entered: 06/14/2024) |
| 07/10/2024 | 53 | EXECUTIVE COMMITTEE ORDER: The Honorable Nancy L. Maldonado has been confirmed for a seat on the Court of Appeals for the Seventh Circuit. It is hereby ordered that the cases on the attached list are to be reassigned to the other judges of this Court as indicated, pursuant to Local Rule 40.1(f). Case reassigned to the Honorable Jeremy C. Daniel for all further proceedings. Honorable Nancy L. Maldonado no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 7/10/2024.(tg, ) (Entered: 07/12/2024) |
| 12/27/2024 | 54 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/27/2024: Mailed notice. (tg, ) (Entered: 12/27/2024) |

| | | |
|---|---|---|
| 03/31/2025 | 55 | MEMORANDUM Opinion and Order. The plaintiff's Motion for Summary Judgment 34 is granted as to Count I, and granted as to Count II against the City of Chicago. The defendants' Motion for Summary Judgment 31 is denied as to Count I, granted as to Count II for Brown, and denied as to Count II for the City of Chicago. The Court orders supplemental briefing on the issue of damages. The plaintiff's brief is due on or before April 18, 2025. The defendants' response is due on or before May 9, 2025. Supplemental briefing is limited to five (5) pages per side. Signed by the Honorable Jeremy C. Daniel on 3/31/2025. Mailed notice. (vcf, ) (Entered: 03/31/2025) |
| 04/18/2025 | 56 | Notice of Election of Statutory Damages and Memorandum of Law in Support of Requested Damages by Dominic Gwinn (Andersen, Evan) (Entered: 04/18/2025) |
| 05/09/2025 | 57 | RESPONSE by Defendants David O'Neal Brown, City of Chicago to other 56 *Plaintiff's Notice of Election of Statutory Damages* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Honeyman, Sophie) (Entered: 05/09/2025) |
| 05/09/2025 | 58 | DIGITAL EXHIBIT submitted by David O'Neal Brown, City of Chicago regarding 50<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (pjj, ) (Entered: 05/12/2025) |
| 05/09/2025 | 59 | (Court only) DIGITAL EXHIBIT submitted by David O'Neal Brown, City of Chicago regarding 50 (pjj, ) (Entered: 05/12/2025) |
| 05/16/2025 | 60 | REPLY by Plaintiff Dominic Gwinn to other 56 *Plaintiff's Notice of Election of Statutory Damages* (Andersen, Evan) (Entered: 05/16/2025) |
| 07/09/2025 | 61 | MINUTE entry before the Honorable Jeremy C. Daniel: The Court previously granted summary judgment as to liability for copyright infringement and ordered supplemental briefing on damages. (R. 55.) The plaintiff elected statutory damages, is seeking the maximum statutory damages allowed, and requests a trial by jury. (R. 56.) The defendants argue for the minimum damages permitted by statute. (R. 57.) Because the parties dispute the appropriate damages award and the plaintiff requests a trial by jury, the Court will set this matter for a jury trial on damages. On or before July 16, 2025, the parties shall submit a joint status report that includes the anticipated length of trial and any trial conflicts with a trial starting either July 28, 2025, or October 6, 2025. Mailed notice. (vcf, ) (Entered: 07/09/2025) |
| 07/15/2025 | 62 | MOTION by Defendant City of Chicago to vacate order on motion for summary judgment,,,,,, memorandum opinion and order,, 55<br><br>(Honeyman, Sophie) (Entered: 07/15/2025) |
| 07/15/2025 | 63 | MEMORANDUM by City of Chicago in support of motion to vacate 62 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Honeyman, Sophie) (Entered: 07/15/2025) |
| 07/15/2025 | 64 | NOTICE of Motion by Sophie Honeyman for presentment of motion to vacate 62 before Honorable Jeremy C. Daniel on 7/23/2025 at 09:30 AM. (Honeyman, Sophie) (Entered: 07/15/2025) |

| | | |
|---|---|---|
| 07/16/2025 | 65 | STATUS Report *(Joint)* by David O'Neal Brown, City of Chicago<br><br>(Honeyman, Sophie) (Entered: 07/16/2025) |
| 07/17/2025 | 66 | MINUTE entry before the Honorable Jeremy C. Daniel: Jury Trial set for 9/15/2025 at 10:00 a.m. Motions in limine are due by 8/4/2025; Responses and the final pretrial order are due by 8/18/2025. Final Pretrial Conference set for 8/27/2025 at 10:00 a.m. Mailed notice. (vcf, ) (Entered: 07/17/2025) |
| 07/23/2025 | 67 | MINUTE entry before the Honorable Jeremy C. Daniel: Motion hearing held. Plaintiff did not appear before the Court or contact Chambers regarding any scheduling conflicts. The Defendant's motion to vacate and amend the Court's order granting Plaintiff Summary Judgment on Count II 62 is entered and briefed as follows: response is due on or before 8/6/2025; any reply is due on or before 8/20/2025. Mailed notice. (vcf, ) (Entered: 07/24/2025) |
| 08/04/2025 | 68 | MOTION by Defendants David O'Neal Brown, City of Chicagoin limine<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B)(Honeyman, Sophie) (Entered: 08/04/2025) |
| 08/04/2025 | 69 | NOTICE of Motion by Sophie Honeyman for presentment of motion in limine 68 before Honorable Jeremy C. Daniel on 8/12/2025 at 09:30 AM. (Honeyman, Sophie) (Entered: 08/04/2025) |
| 08/04/2025 | 70 | MOTION by Plaintiff Dominic Gwinnin limine<br><br>(Andersen, Evan) (Entered: 08/04/2025) |
| 08/05/2025 | 71 | TRANSCRIPT OF PROCEEDINGS held on 07-23-2025 before the Honorable Jeremy C. Daniel. Order Number: 52531. Court Reporter Contact Information: Krista Burgeson, krista_burgeson@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/26/2025. Redacted Transcript Deadline set for 9/5/2025. Release of Transcript Restriction set for 11/3/2025. (Burgeson, Krista) (Entered: 08/05/2025) |
| 08/05/2025 | 72 | MINUTE entry before the Honorable Jeremy C. Daniel: The motion hearing set for 8/12/2025 is stricken. Mailed notice. (vcf, ) (Entered: 08/05/2025) |
| 08/06/2025 | 73 | MEMORANDUM by Dominic Gwinn in Opposition to motion to vacate 62 (Andersen, Evan) (Entered: 08/06/2025) |
| 08/13/2025 | 74 | ATTORNEY Appearance for Plaintiff Dominic Gwinn by Anthony James Underwood (Underwood, Anthony) (Entered: 08/13/2025) |
| 08/14/2025 | 75 | *Joint Motion For Extension of Time To Submit Proposed Jury Instructions* by David O'Neal Brown, City of Chicago (Honeyman, Sophie) (Entered: 08/14/2025) |
| 08/15/2025 | 76 | MINUTE entry before the Honorable Jeremy C. Daniel: The parties' motion for an extension of time to submit proposed jury instructions 75 is granted. The parties |

| | | |
|---|---|---|
| | | shall submit their proposed jury instructions on or before August 25, 2025. Mailed notice. (jg, ) (Entered: 08/15/2025) |
| 08/18/2025 | 77 | RESPONSE by David O'Neal Brown, City of Chicago to MOTION by Plaintiff Dominic Gwinnin limine<br><br>70 (Attachments: # 1 Exhibit A)(Honeyman, Sophie) (Entered: 08/18/2025) |
| 08/18/2025 | 78 | MOTION by Plaintiff Dominic Gwinn for extension of time to file *Deposition Designations and Voir Dire Questions (Joint)*<br><br>(Andersen, Evan) (Entered: 08/18/2025) |
| 08/18/2025 | 79 | RESPONSE by Dominic Gwinnin Opposition to MOTION by Defendants David O'Neal Brown, City of Chicagoin limine<br><br>68 (Attachments: # 1 Exhibit 1 -- Declaration of Evan Andersen)(Andersen, Evan) (Entered: 08/18/2025) |
| 08/18/2025 | 80 | PROPOSED Pretrial Order *(Joint)* (Attachments: # 1 Exhibit A -- Stipulated Exhibit List, # 2 Exhibit B -- Plaintiff's Exhibit List, # 3 Exhibit C -- Defendants' Exhibit List, # 4 Exhibit D -- Plaintiff's Witness List, # 5 Exhibit E -- Defendants' Witness List)(Andersen, Evan) (Entered: 08/18/2025) |
| 08/20/2025 | 81 | MINUTE entry before the Honorable Jeremy C. Daniel: The motion for an extension of time to file deposition designations and voir dire questions 78 is granted. Mailed notice. (vcf, ) (Entered: 08/20/2025) |
| 08/20/2025 | 82 | REPLY by Defendants David O'Neal Brown, City of Chicago to motion to vacate 62 *and amend* (Attachments: # 1 Exhibit A)(Honeyman, Sophie) (Entered: 08/20/2025) |
| 08/25/2025 | 83 | MINUTE entry before the Honorable Jeremy C. Daniel: The defendant's motion to vacate and amend the Court's order granting the plaintiff summary judgment on Count II 62 is denied. Under Federal Rule of Civil Procedure 60(b)(2), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." See also Biesek v. Soo Line R.R. Co., 440 F.3d 410, 412 (7th Cir. 2006) (applying at summary judgment). The defendant argues that the Court should reconsider its order granting summary judgment for the plaintiff on Count II, where the Court found that the defendant removed copyright management information ("CMI") in a Twitter.com post ("tweet") containing the copyrighted work ("Work"), in violation of 17 U.S.C. § 1202(b). (R. 55 at 12, 16; R. 62.) According to the defendant, reconsideration is warranted because "newly-obtained evidence from the United States Copyright Office shows that [the p]laintiff did not copyright the tweet itself, and that the copyrighted Work does not contain [the p]laintiff's Twitter handle, name, nor any other CMI." (R. 62.) This evidence would make no difference. The Court's ruling on Count II did not depend on the tweet itself being the copyrighted work; it instead depended on the tweet being CMI. As the Court noted in its order, "Gwinn argue[d] that... he was posting the Work alongside CMI," and the issue was "[w]hether a tweet containing a work is CMI." (R. 55 at 13 (emphasis added).) The Court also noted that "[n]othing requires the CMI be affixed to as opposed to appearing near, a copy of a work," relying in part on the statute's language defining CMI as "information conveyed in connection with [... a work.]" (Id. at 14 (quoting § 1202(c)) (emphasis added)). In short, even if the defendant presented evidence |

| | | |
|---|---|---|
| | | showing that the tweet was not a part of the Work, it would not have made a difference. Mailed notice. (vcf, ) (Entered: 08/25/2025) |
| 08/25/2025 | 84 | MOTION by Plaintiff Dominic GwinnFor a Member of Plaintiff's Counsel to be Excused from the Final Pretrial Conference<br><br>(Andersen, Evan) (Entered: 08/25/2025) |
| 08/25/2025 | 85 | PROPOSED Pretrial Order *(Supplemental)* (Attachments: # 1 Exhibit A -- Stipulated Exhibit List, # 2 Exhibit B -- Plaintiff's Exhibit List, # 3 Exhibit C -- Defendants' Exhibit List, # 4 Exhibit D -- Plaintiff's Witness List, # 5 Exhibit E -- Defendants' Witness List, # 6 Exhibit F -- Plaintiff's Deposition Designations, # 7 Exhibit G -- Defendants' Deposition Designations, # 8 Exhibit H -- Plaintiff's Proposed Jury Instructions, # 9 Exhibit I -- Defendants' Proposed Jury Instructions, # 10 Exhibit J -- Plaintiff's Proposed VerdictForm, # 11 Exhibit K -- Defendants' Proposed Verdict Form, # 12 Exhibit L -- Plaintiff's Proposed Voir Dire Questions, # 13 Exhibit M -- Defendants' Proposed Voir Dire Questions)(Andersen, Evan) (Entered: 08/25/2025) |
| 08/26/2025 | 86 | MINUTE entry before the Honorable Jeremy C. Daniel: The plaintiff's motion to excuse Anthony Underwood from the final pretrial conference 84 is granted. Mailed notice. (vcf, ) (Entered: 08/26/2025) |
| 08/27/2025 | 87 | MINUTE entry before the Honorable Jeremy C. Daniel: Pretrial conference held. The parties are advised that Judge Daniel's courtroom is equipped with an integrated electronic evidence presentation system. Parties will no longer be permitted to bring their own projection or audio visual equipment to display evidence electronically during trial. Any party desiring to use the Court's electronic evidence presentation system must confirm by emailing Judge Daniel's courtroom deputy that the person who will be operating the equipment either (1) has participated in a training session with the Systems Department, or (2) does not require training because they have used the system for a trial in this courthouse previously. Parties may arrange for training by contacting the Systems Department at (312) 435-5555. Mailed notice. (vcf, ) (Entered: 08/27/2025) |
| 09/03/2025 | 88 | ORDER. The defendants' motion in limine no. 1 is granted. The plaintiff cannot introduce damages evidence that he failed to disclose during discovery. Defendants' motions in limine nos. 2 and 3 are denied without prejudice. Plaintiff's motions in limine nos. 1 and 2 are granted; plaintiff's motions in limine nos. 3, 4, and 5 are denied without prejudice. With the exception of defendants' motion in limine no. 1, discussed in this signature order, the grant or denials of the motions in limine are based on the reasons stated during the August 27, 2025, final pretrial conference. Video status hearing set for September 9, 2025, at 4:30 p.m. The parties must file any objections, additions, or corrections to the Court's proposed jury instructions, preliminary instructions, and voir dire questions on or before September 8, 2025. Signed by the Honorable Jeremy C. Daniel on 9/3/2025. At least 10 mins prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us-courts.webex.com/meet/Judge_Daniel. ALL PARTICIPANTS MUST TYPE IN THEIR NAME WHEN JOINING THE VIDEO CONFERENCE AND YOUR CAMERA MUST BE ON WHEN YOUR CASE IS CALLED. You can use the dial in option ONLY if you do not have access to a device with video capability: (650)-479-3207, the access code is: 2315 750 8728. All participants must be in a quiet area while on the line and must be muted until your case is called. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, |

| | | |
|---|---|---|
| | | including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (vcf, ) (Entered: 09/03/2025) |
| 09/05/2025 | 89 | Exhibit List *(Plaintiff's Amended)* by Dominic Gwinn. (Andersen, Evan) (Entered: 09/05/2025) |
| 09/08/2025 | 90 | Plaintiff's Objections and Proposed Corrections to Proposed Instructions to the Jury and Verdict Form by Dominic Gwinn (Andersen, Evan) (Entered: 09/08/2025) |
| 09/09/2025 | 91 | MINUTE entry before the Honorable Jeremy C. Daniel: Instruction conference held. Jury trial set for 9/15/2025 is reset to 9/16/2025 at 10:00 a.m. Mailed notice. (vcf, ) (Entered: 09/10/2025) |
| 09/10/2025 | 92 | ORDER. The plaintiff's objections to the proposed jury instructions 90 are overruled. Signed by the Honorable Jeremy C. Daniel on 9/10/2025. Mailed notice. (vcf, ) (Entered: 09/10/2025) |
| 09/15/2025 | | (Court only) Set/Reset Hearings: Jury Trial set for 9/16/2025 at 10:00 AM. (vcf, ) (Entered: 09/15/2025) |
| 09/15/2025 | 93 | TRANSCRIPT OF PROCEEDINGS held on 08-27-2025 before the Honorable Jeremy C. Daniel. Pre-Trial Conference I. Order Number: 52996. Court Reporter Contact Information: Krista Burgeson, krista_burgeson@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/6/2025. Redacted Transcript Deadline set for 10/16/2025. Release of Transcript Restriction set for 12/15/2025. (Burgeson, Krista) (Entered: 09/15/2025) |
| 09/15/2025 | 94 | TRANSCRIPT OF PROCEEDINGS held on 09-09-2025 before the Honorable Jeremy C. Daniel. Pre-Trial Conference II. Order Number: 52996. Court Reporter Contact Information: Krista Burgeson, krista_burgeson@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/6/2025. Redacted Transcript Deadline set for 10/16/2025. Release of Transcript Restriction set for 12/15/2025. (Burgeson, Krista) (Entered: 09/15/2025) |
| 09/16/2025 | 95 | MINUTE entry before the Honorable Jeremy C. Daniel: Jury selection began and completed on 9/16/2025. Jury trial held and continued to 9/17/2025 at 10:00 a.m. Mailed notice. (vcf, ) (Entered: 09/16/2025) |
| 09/17/2025 | 96 | MINUTE entry before the Honorable Jeremy C. Daniel: Jury trial held and completed on 9/17/2025. Jury verdict entered in favor of Plaintiff Domonic Gwinn. |

| | | |
|---|---|---|
| | | Enter Jury Verdict. Post trial motions are due on 10/8/2025; response is due by 10/22/2025. Mailed notice. (vcf, ) (Entered: 09/17/2025) |
| 09/17/2025 | 97 | JURY Notes (gmm) (Entered: 09/19/2025) |
| 09/17/2025 | 98 | JURY Notes (gmm) (Entered: 09/19/2025) |
| 09/17/2025 | 99 | INSTRUCTIONS TO THE JURY(gmm) (Entered: 09/19/2025) |
| 09/24/2025 | 100 | Exhibit List *AO 187* by Dominic Gwinn. (Attachments: # 1 Exhibit P1 - The Work (Digital Exhibit), # 2 Exhibit Map of Grant Park 8/9/20, # 3 Exhibit S14 - Screenshot of Gwinns tweet including the video footage, # 4 Exhibit S2 - Screenshot of Twitter messages between Fox 32 News and Gwinn, # 5 Exhibit S4 - Screenshot of Twitter messages between Janhvi Bhojwani of NBC News New York and Gwinn, # 6 Exhibit S11 - Screenshot of Twitter messages between Ryan Saavedra of the Daily Wire and Gwinn, # 7 Exhibit S3 - Screenshot of Twitter messages between Marco Stendardo of NBC Chicago and Gwinn, # 8 Exhibit S5 - Screenshot of Twitter messages between Marie Sakellariou of Ruptly (Berlin) and Gwinn, # 9 Exhibit S6 - Screenshot of Twitter messages between Sam Unger of WGN-TV and Gwinn, # 10 Exhibit S7 - Screenshot of Twitter messages between AJPlus producer and Gwinn, # 11 Exhibit S8 - Screenshot of Twitter messages between Kayman Whaley of CBS News and Gwinn, # 12 Exhibit S9 - Screenshot of Twitter messages between CNN and Gwinn, # 13 Exhibit S10 - Screenshot of Twitter messages between Esther Faciane of the Daily Mail and Gwinn, # 14 Exhibit S13 - Digital Exhibit: Grant Parkv2 1 (the Compilation), # 15 Exhibit P4 - Screenshot of Breitbart YouTube display of Work, # 16 Exhibit P5 - Screenshot of CPD YouTube display of Work, # 17 Exhibit P6 - Screenshot of Fox32 display of Work, # 18 Exhibit P7 - Screenshot of Commissioner David Brown Twitter display of Work, # 19 Exhibit P9 - Screenshot of Fox News display of Work, # 20 Exhibit P10 - Screenshot of Daily Wire display of Work, # 21 Exhibit P29 - 7.20.2020 Email Distribution of Work from City to Distribution Lists MajorMedia1, MajorMedia2, MajorMedia3, MajorMedia4, ChicagoAldermanicWards, IllinoisStateReps, and IllinoisStateSenators, # 22 Exhibit P25 - List of email recipients in Distribution List, # 23 Exhibit P26 - List of email recipients in Distribution List, # 24 Exhibit P27 - List of email recipients in Distribution List, # 25 Exhibit P28 - List of email recipients in Distribution List, # 26 Exhibit P11 - Twitter Terms of Service, active in July 2020, # 27 Exhibit P13 - General Order -- Use of the Internet, # 28 Exhibit P15 - General Order -- Use of Social Media Outlets (06))(Andersen, Evan) (Entered: 09/24/2025) |
| 09/26/2025 | 101 | DIGITAL EXHIBIT submitted by Dominic Gwinn<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (lj, ) (Entered: 09/26/2025) |
| 09/26/2025 | 102 | (Court only) DIGITAL EXHIBIT submitted by Dominic Gwinn (lj, ) (Entered: 09/26/2025) |
| 10/07/2025 | 103 | DOCUMENT REMOVED PER COURT ORDER 104 . (Entered: 10/07/2025) |
| 10/08/2025 | 104 | MINUTE entry before the Honorable Jeremy C. Daniel: Docket 103 is stricken as an improper filing. Mailed notice. (vcf, ) (Entered: 10/08/2025) |

| | | |
|---|---|---|
| 10/08/2025 | 105 | MOTION by Plaintiff Dominic Gwinn for attorney fees *, costs, and pre-judgment interest*<br><br>(Attachments: # 1 Declaration of Evan A. Andersen in Support of Motion) (Andersen, Evan) (Entered: 10/08/2025) |
| 10/08/2025 | 106 | MOTION by Plaintiff Dominic Gwinn for bill of costs<br><br>(Andersen, Evan) (Entered: 10/08/2025) |
| 10/08/2025 | 107 | MOTION by Plaintiff Dominic Gwinn for permanent injunction<br><br>(Andersen, Evan) (Entered: 10/08/2025) |
| 10/21/2025 | 108 | MOTION by Defendants David O'Neal Brown, City of Chicago for extension of time *to respond to plaintiff's post-trial motions (unopposed)*<br><br>(Honeyman, Sophie) (Entered: 10/21/2025) |
| 10/21/2025 | 109 | NOTICE of Motion by Sophie Honeyman for presentment of extension of time 108 before Honorable Jeremy C. Daniel on 10/28/2025 at 09:30 AM. (Honeyman, Sophie) (Entered: 10/21/2025) |
| 10/22/2025 | 110 | MINUTE entry before the Honorable Jeremy C. Daniel: The defendants' motion for an extension of time 108 is granted. The defendants' response is now due October 29, 2025. Mailed notice. (kp, ) (Entered: 10/22/2025) |
| 10/29/2025 | 111 | RESPONSE by David O'Neal Brown, City of Chicago to MOTION by Plaintiff Dominic Gwinn for attorney fees *, costs, and pre-judgment interest*<br><br>105 (Attachments: # 1 Exhibit A)(Honeyman, Sophie) (Entered: 10/29/2025) |
| 11/04/2025 | 112 | MOTION by Plaintiff Dominic Gwinn for extension of time to file response/reply as to response to motion 111 *(unopposed)*<br><br>(Underwood, Anthony) (Entered: 11/04/2025) |
| 11/05/2025 | 113 | MINUTE entry before the Honorable Jeremy C. Daniel: The plaintiff's motion for an extension of time 112 is granted. The plaintiff's reply is now due on or before November 12, 2025. Mailed notice. (vcf, ) (Entered: 11/05/2025) |
| 11/12/2025 | 114 | MOTION by Plaintiff Dominic Gwinn for leave to file *Supplemental Evidence In Support Of Plaintiff's Post-Trial Motion For Attorneys Fees And Costs*<br><br>(Underwood, Anthony) (Entered: 11/12/2025) |
| 11/12/2025 | 115 | REPLY by Dominic Gwinn to MOTION by Plaintiff Dominic Gwinn for attorney fees *, costs, and pre-judgment interest*<br><br>105 (Attachments: # 1 Declaration of Joel B. Rothman in Support of Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Attorneys' Fees and Costs, # 2 Declaration of Dominic Gwinn in Support of Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Attorneys' Fees and Costs)(Andersen, Evan) (Entered: 11/12/2025) |
| 11/12/2025 | 116 | NOTICE of Motion by Evan Andrew Andersen for presentment of motion for leave to file 114 before Honorable Jeremy C. Daniel on 11/18/2025 at 09:30 AM. (Andersen, Evan) (Entered: 11/12/2025) |

| | | |
|---|---|---|
| 11/14/2025 | 117 | MINUTE entry before the Honorable Jeremy C. Daniel: The motion hearing set for 11/18/2025 at 9:30 a.m., will be held by Webex. At least 10 mins prior to the hearing, you are directed to cut and paste this hyper link into a browser: https://us-courts.webex.com/meet/Judge_Daniel. ALL PARTICIPANTS MUST TYPE IN THEIR NAME WHEN JOINING THE VIDEO CONFERENCE AND YOUR CAMERA MUST BE ON WHEN YOUR CASE IS CALLED. You can use the dial in option ONLY if you do not have access to a device with video capability: (650)-479-3207, the access code is: 2315 750 8728. All participants must be in a quiet area while on the line and must be muted until your case is called. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (vcf, ) (Entered: 11/14/2025) |
| 11/18/2025 | 118 | MINUTE entry before the Honorable Jeremy C. Daniel: Telephone motion hearing held. Motion for leave to file supplemental evidence 114 is granted. Mailed notice. (vcf, ) (Entered: 11/18/2025) |
| 12/31/2025 | 119 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Honorable Virginia M. Kendall on 12/31/2025: Mailed notice. (tg, ) (Entered: 01/05/2026) |
| 02/13/2026 | 120 | NOTICE by Joel Benjamin Rothman of Change of Address (Rothman, Joel) (Entered: 02/13/2026) |
| 09/24/2026 | 121 | PERMANENT INJUNCTION. Signed by the Honorable Jeremy C. Daniel on 9/24/2026. Mailed notice. (vcf, ) (Entered: 09/24/2026) |
| 09/24/2026 | 122 | ORDER. The plaintiff's motion for attorneys' fees, costs, and pre-judgment interest 105 is granted in part and denied in part. The motion is denied as to attorneys' fees and granted as to costs in the amount of $4,801.02 and pre-judgment interest. The plaintiff filed his bill of costs as a motion. The Court grants that motion in the amount of $4,801.02. The plaintiff's motion for a permanent injunction 107 is granted. Signed by the Honorable Jeremy C. Daniel on 9/24/2026. Mailed notice. (vcf, ) (Entered: 09/24/2026) |
| 09/24/2026 | 123 | ENTERED JUDGMENT. Mailed notice. (vcf, ) (Entered: 09/24/2026) |
| 10/20/2026 | 124 | NOTICE of appeal by Dominic Gwinn regarding orders 123 , 122 Filing fee $ 605, receipt number AILNDC-25834296. Receipt number: n (Attachments: # 1 Exhibit ECF 122 - Order, # 2 Exhibit ECF 123 - Judgment)(Andersen, Evan) (Entered: 10/20/2026) |

| | | |
|---|---|---|
| 10/21/2026 | 125 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 124 . (rp, ) (Entered: 10/21/2026) |